UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MD HELICOPTERS, INC., | No. 2:16-cv-2249 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| AEROMETALS, INC., | |
| Defendant. | |

The parties in this action agree that a Protective Order is needed for information exchanged during discovery, but they cannot agree on the level of protection to afford certain of that information. Specifically, they cannot agree on whether there is a need for designating any materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," rather than as imply "CONFIDENTIAL."

I. MEET AND CONFER & JOINT STATEMENT

The parties have met and conferred, but have not reached agreement. They have agreed to proceed using the Joint Statement process of E.D. Cal. R. 251.[1]

II. THE DISPUTE

Plaintiff MD Helicopters, Inc. ("MDHI"), believes that no heightened designation is

---

[1] The court will therefore disregard the separately filed documents relating to the motion. See ECF Nos. 17 (defendant's Opposition), 23 (plaintiff's declaration).

1

necessary, but as a compromise, will agree to the heightened designation if:

- The covered materials are limited to "trade secret materials as defined by Cal. Civ. Code § 3426.1(d);"
- Identification and protection of the materials complies with Cal. Code Civ. Proc. §§ 2019.210 (identify materials with reasonable particularity), 3426.1(d)(2) (identify efforts taken to protect the material); and
- Counsel of Record – including in-house General Counsel – have access to the materials.

See Joint Statement (ECF No. 19) at 5-6 ¶ B(1).

Defendant Aerometals, Inc. believes the heightened designation is necessary, but will accept plaintiff's compromise, except that:

- The covered materials must include (in addition to trade secrets), "proprietary commercial or financial data as referenced in 14 CFR section 413.9;" and
- Only "outside" Counsel of Record can have access to the materials, thus no in-house counsel may see it, including in-house General Counsel.

See Joint Statement at 6-7 ¶ B(2).

### III.  ANALYSIS

Plaintiff is asking the court to impose a protective order on the parties that they would normally find a way to stipulate to, through compromise.  The court is extremely reluctant to intervene at this level in the discovery process, and in the absence of a concrete dispute – neither side has identified any materials it wants produced or that it will not produce without a protective order.  In addition, it is not clear that intervention at this stage will avoid future disputes, since either side will presumably be able to move to compel or for a protective order challenging the designation of particular materials once they are actually requested in discovery.

However, the court is amenable to addressing the matter informally, without oral argument and a full order to follow.[2]  Accordingly, the hearing on this matter will be vacated, and the parties will have an opportunity to discuss the matter in an informal telephone conference.

---

[2] The court notes the informal way in which this matter has been presented, devoid of any legal citations or references to other cases which have grappled with the issues the parties have raised.

IV.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The December 14, 2016 hearing on this matter is VACATED;
2. Plaintiff, the moving party, shall arrange for an informal telephonic conference on this matter, as described on the undersigned's court web page.[3]  The court acknowledges that the parties have already satisfied the "meet and confer" requirement.  In addition no further briefing shall be filed.

DATED: December 9, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] See http://www.caed.uscourts.gov/caednew/assets/File/Judge%20Claire%20Telephonic%20Discovery%20Conferences(2).pdf.