1   William D. Janicki (SBN 215960)
    wjanicki@schnader.com
2   Jennifer K. Thai (SBN 258612)
    jthai@schnader.com
3   Lilian M. Loh (SBN 296196)
    lloh@schnader.com
4   SCHNADER HARRISON SEGAL & LEWIS LLP
    650 California Street, 19th Floor
5   San Francisco, CA 94108-2736
    Telephone: 415-364-6700
6   Facsimile: 415-364-6785

7   William R. Black (CSBN 134048)
    william.black@mdhelicopters.com
8   MD Helicopters, Inc.
    4555 East McDowell Road
9   Mesa, Arizona 85215
    Telephone: 480-346-6410
10  Facsimile: 480-346-6410

11  Attorneys for Plaintiff
    MD HELICOPTERS, INC.

12

13              UNITED STATES DISTRICT COURT

14           EASTERN DISTRICT OF CALIFORNIA

15  MD HELICOPTERS, INC.,              Case No.  2:16-cv-02249-TLN-AC

16                   Plaintiff,        **JOINT STATEMENT RE DISCOVERY
                                       DISAGREEMENT**
17        vs.
                                       **AEROMETALS, INC.'S RESPONSES TO
18  AEROMETALS, INC.,                  MD HELICOPTERS, INC.'S FIRST SET
                                       OF REQUESTS FOR THE PRODUCTION
19                   Defendant.        OF DOCUMENTS**

20                                     **[L.R. 251]**

21                                     Date:       April 19, 2017
                                       Time:       10:00 a.m.
22                                     Judge:      Hon. Allison Claire
                                       Place:      Courtroom 26, 8th Floor
23

24

25

26

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

389191.3

MD Helicopters, Inc. ("MDHI") and Aerometals, Inc. ("Aerometals") submit this Joint Statement re Discovery Disagreement concerning Aerometals' responses to MDHI's First Set of Requests for the Production of Documents.  MDHI requests that the Court order Aerometals to fully and completely respond to MDHI's First Set of Requests for the Production of Documents pursuant to Federal Rule of Civil Procedure ("Rule") 34 and to produce responsive documents in a timely manner.  MDHI also requests an order for sanctions against Aerometals and its attorneys of record for MDHI's fees and expenses in bringing this motion pursuant to Federal Rule of Civil Procedure ("Rule") 26(g)(3) and Rule 37(a)(5)(A).

## I.   MEET AND CONFER EFFORTS BETWEEN THE PARTIES

Aerometals served written responses to MDHI's First Set of Requests for the Production of Documents by first class mail on March 6, 2017 which were received on March 9, 2017.  On March 10, 2017 Aerometals produced a limited set of documents responsive to one of MDHI's requests.  Counsel for the parties conducted a telephone conference on March 20, 2017 to discuss Aerometals document production where Aerometals agreed to produce additional responsive documents.  On March 21, 2017 counsel for MDHI emailed a letter to counsel for Aerometals detailing the numerous deficiencies in Aerometals' written responses and requested the prompt provision of proper discovery responses that comply with the Federal Rules of Civil Procedure.

On March 28, 2017 counsel for MDHI left a voicemail message and followed up with an email to counsel for Aerometals requesting that the parties conduct a meet and confer telephone conference to discuss Aerometals' written responses and document production, and that MDHI would be filing a motion to compel.  On April 4, 2017 counsel for MDHI left another voicemail message and followed up with an email requesting that the parties meet and confer prior to the hearing set for April 19, 2017.

The parties conducted a meet and confer telephone conference on April 10, 2017 to discuss the remaining disagreements regarding Aerometals' written responses and document production.  Later on April 10, Aerometals produced supplemental written responses and produced some responsive documents.  Based  upon  the conversation of April 10, and email communications, counsel for Aerometals expected there would be a further meet and confer

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

telephone discussion on April 11, 2017.  Aerometals intended to use the call to propose further measures to narrow discovery issues in dispute.  But MDHI counsel did not make himself available for such a call.  Late in the afternoon, he informed Aerometals counsel that he was having difficulty reviewing Aerometals' Supplemental Response to Interrogatories.  No conversation occurred despite the intent and effort on the part of Aerometals' counsel to have such a conversation. The parties could not resolve all of their disputes.

## II.      NATURE OF THE ACTION AND THE FACTUAL DISPUTES

MDHI is the original equipment manufacturer ("OEM) for a series of helicopters known as the MD 500 Series.  MDHI's design for the MD 500 Series helicopter is certified by the Federal Aviation Administration ("FAA") for sale to the civilian market though a Type Certificate owned by MDHI.   MDHI and Aerometals are competitors in the market for replacement and spare parts for the MD 500 Series helicopters.  Aerometals manufactures and sells replacement and spare parts for the MD 500 Series civilian market under approvals granted to it from the FAA.    Aerometals has been in competition with MDHI, to supply parts for the MD 500 helicopters, for more than thirty years.  Since the time of original design of the MD 500 helicopters, there have been multiple owners of MDHI and the aircraft type certificate that the FAA issued for the MD500.  Since 2005, MDHI has been owned by Patriarch Partners, LLC.

MDHI filed a complaint against Aerometals for copyright infringement, unfair competition, and unjust enrichment.  Among other things, MDHI alleges that Aerometals misappropriated its engineering drawings for MD 500 helicopter parts, placed Aerometals' markings on the drawings, and fraudulently submitted the drawings to the FAA in order to receive approval to manufacture and sell aviation parts to the civilian market.  MDHI also alleges that Aerometals provides installation instructions and other documents to its customers that incorporate materials from MDHI's technical publications in violation of the proprietary rights notice on these documents and MDHI's ownership of the copyright in these materials.  MDHI alleges that Aerometals competes fraudulently and unfairly in the market for MD 500 helicopter parts in violation of state and federal unfair competition laws as well as common law unfair competition.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

Aerometals denies that it is liable to MDHI on any theory, and has filed a motion to dismiss the unfair competition claims, which is pending.  Because the motion to dismiss is pending, Aerometals has not had an opportunity to answer or to plead affirmative defenses, or an obligation to file counterclaims.  Aerometals has multiple grounds to limit if not preclude this action and any liability.  Aerometals believes that  MDHI is using this action as a means to achieve a monopoly on the supply of aftermarket parts to support and maintain MD500 helicopters, and to suppress competition in the repair and maintenance of such helicopters, and intends to file an affirmative defense of copyright misuse, the effect of which would be to preclude MDHI from prevailing in this action.  In addition, Aerometals will plead an affirmative defense that many if not all of MDHI's claims are barred by the Statute of Limitations, since MDHI knew for many years that Aerometals was a vigorous and successful competitor who offered FAA-approved parts for the MD500 helicopters, and yet MDHI did nothing to assert copyright claims.  Aerometals further will assert, as an affirmative defense, that the claims of MDHI are barred by the "fair use" doctrine, in part because Aerometals sells parts for which it has performed necessary engineering, test and computational work, to receive required FAA approval, any use of potentially copyrighted MDHI materials is no more than incidental, and because the intended use of the belatedly asserted copyrights plainly would obstruct the FAA's process of approving competitive parts suppliers and restrain trade by preventing MD500 operators and service providers from having access to high quality, competitively priced, available parts as they have come to depend upon, for decades, from Aerometals.  These are examples but not a complete list of affirmative defenses available to Aerometals, which also may bring counterclaims to address actions by MDHI to constrict competition and restrain trade.

## III.     CONTESTED DOCUMENT REQUESTS

### A.     Aerometals' Improper "General Objections" to Each of MDHI's Definitions, Instructions, and Requests.

#### Aerometals' General Objections

Aerometals objects to each instruction, definition, and request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those

under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Aerometals objects to each instruction, definition, and request to the extent that it calls for responses above and beyond that proportional to the needs of the case, as stated in Rule 26 of the Federal Rules of Civil Procedure. Aerometals objects to each instruction, definition, and request to the extent that it seeks documents that are publicly-available and/or within the control of MDHI.

Aerometals objects to each instruction, definition, and request to the extent that it calls for a legal conclusion. Aerometals further objects to each request to the extent that it calls for information that is subject to the attorney-client, attorney work product, or any other privilege that is recognized under federal and/or applicable state law.

Aerometals objects to each instruction, definition, and request to the extent that it seeks information concerning or relating to events or actions taking place or documents generated prior to September 21, 2013, the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and referenced throughout MDHI's Complaint.

Aerometals objects to each instruction, definition, and request to the extent that it seeks information or documents beyond those referenced in the Complaint, namely Document Number AMC MI-03003, including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint; and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission referenced in paragraphs 55-56 of the Complaint.

Aerometals objects to each instruction, definition, and request to the extent that the court's ruling on Aerometals' Motion to Dismiss is pending, and thus MDHI's non-copyright causes of action are preempted and thus likely to be dismissed.

Aerometals incorporates by reference the general objection set forth above into each specific response set forth below.

## 1.     MDHI's Position

Aerometals provided written responses to MDHI's first set of document requests on March 6, 2017 in which every response incorporated the improper boilerplate objections identified as General Objections.  Janicki Decl. Ex. 1.  These boilerplate objections obscure

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1   whether Aerometals had fully responded to MDHI's requests because every response is made

2   "subject to" these improper objections.  Aerometals refused to remove these boilerplate

3   objections until after MDHI filed its motion to compel and just two days before this joint

4   statement was due.

5   Boilerplate objections are blatantly improper.  *Thompson v. Yates,* 2011 WL 5975469, at

6   *2-3 (E.D. Cal. Nov. 29, 2011) (boilerplate objections do not suffice as valid grounds to object to

7   discovery); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 255 (C.D. Cal. 2006).  This

8   Court has held that unsupported boilerplate objections to discovery are insufficient, and their use

9   waives any legitimate objection.

> General or boilerplate objections, i.e., those based on broad assertions of
> irrelevance, attorney-client privilege, overbreadth and burdensomeness, are
> improper and do not meet this standard, especially when a party fails to submit
> any evidentiary declarations supporting such objections.  See *Farber & Partners,
> Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).  Exclusive reliance on such
> boilerplate objections waives any legitimate objection that could have been raised.
> *Gorrel v. Sneath*, 292 F.R.D. 629, 634-635 (E.D. Cal. 2013).

14   *Cengage Learning, Inc. v. Davis Textbooks*, 2016 U.S. Dist. LEXIS 119393 *4 (E.D. Cal. Sep. 2,

15   2016).  Efforts to obstruct discovery through objections or evasive responses which lack any

16   good faith basis will not be condoned.  *Marchand v. Mercy Med. Cntr.*, 22 F.3d 933, 938 (9th

17   Cir. 1994); *Haney v. Saldana*, 2010 WL 3341939 at *3 (E.D. Cal. Aug. 24, 2010) ("hyper-

18   technical, quibbling, or evasive objections will not be viewed favorably by the court."); *see also*

19   *Duran v. Cisco Sys., Inc*., 258 F.R.D. 375, 379-80 (C.D. Cal. 2009) ("such unexplained and

20   unsupported boilerplate objections are improper"); *Walker v. Lakewood Condo. Owners Ass'n*.

21   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and

22   tantamount to not making any objection at all."); *El-Shaddai v. Wheeler*, 2009 WL 301824 at *2

23   (E.D. Cal. 2009) (a party must "clarify[], explain[], and support[] its objections."); *Josephs v.

24   Harris Corp*., 677 F.2d 985 (3d Cir 1982).  ("the mere statement by a party that the interrogatory

25   was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful

26   objection to an interrogatory.  On the contrary, the party resisting discovery must show

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

1  specifically how … each interrogatory is not relevant or how each question is overly broad,

2  burdensome or oppressive.").

3       Aerometals provided supplemental written responses removing these boilerplate

4  objections on April 10, 2017, two days before this Joint Statement was due to the Court and two

5  weeks after this motion to compel was filed (March 28, 2017).  Aerometals' persistence in

6  including boilerplate responses obscured whether complete answers were provided to MDHI and

7  obstructed discovery.  Therefore sanctions are warranted against Aerometals and its attorneys of

8  record under FRCP 37(a)(5)(A).

9       If the motion is granted—or if the disclosure or requested discovery is provided
10      after the motion was filed—the court must, after giving an opportunity to be
        heard, require the party or deponent whose conduct necessitated the motion, the
11      party or attorney advising that conduct, or both to pay the movant's reasonable
        expenses incurred in making the motion, including attorney's fees.

12      Moreover, discovery responses containing boilerplate objections fail to satisfy the

13  requirements under Rule 26(g) that an attorney reflect on the legitimacy of any objections they

14  make.  Rule 26(g)(3) specifically gives courts the power to sanction lawyers whose discovery

15  objections do not comport with Rule 26(g)(1).  Sanctions are warranted against Aerometals and

16  their attorneys of record for failure to comply with their discovery obligations.  *Advanced Visual*

17  *Image Design, LLC v. Exist Inc.*, 2015 U.S. Dist. LEXIS 109140 *23 (C.D. Cal., August 18,

18  2015) (sanctions are warranted for failure to provide complete, explicit discovery responses

19  without boilerplate, conclusory objections).  In addition, Rule 37(d) authorizes broad sanctions

20  for attorney misconduct in discovery.

21      MDHI therefore requests sanctions against Aerometals and its attorneys of record under

22  Rule 37 and 26 for the improper use of boilerplate objections and obstructing discovery, and

23  failing to remove these improper objections until well after this motion to compel was filed.

24           **2.      Aerometals' Position**

25      Aerometals agreed in meet and confer to reconsider its use of General Objections.

26  Aerometals also expressly informed MDHI during its meet and confer (including both the

27  telephone discussion as well as correspondence), that it had not withheld information on the

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1  basis of the General Objections.  Aerometals then supplied Supplemental Responses that

2  removed the General Objections.  Aerometals worked diligently to try to respond to MDHI's

3  discovery requests, including the interrogatories as well as two sets of document requests, all of

4  which are extensive and concern significant amounts of information, much of which is sensitive

5  proprietary and trade secret information.  MDHI did not inform Aerometals that it was planning

6  to file its motion to compel regarding the Requests for Production, or meet and confer as to the

7  timing of that motion.   Declaration of Merri A. Baldwin dated April 12, 2017 ("Baldwin decl.").

8          Sanctions are not appropriate because MDHI has failed to meet and confer in good faith

9  and Aerometals' objections are substantially justified.  *See* § IV (Sanctions); *Goodrich Corp. v.*

10  *Emhart Inds.*, Case No. EDCV 03-00079-VAP, 2005 U.S. Dist. LEXIS 17190, at *14 (C.D. Cal.

11  June 10, 2005) (denying motion for sanctions where "many of the disputes raised in the Joint

12  Stipulation could have been resolved by further meet and confers" and "Court intervention was

13  clearly unnecessary to resolve several of these disagreements."). As to Aerometals "General

14  Objections," sanctions are not warranted for the separate reason that Aerometals did not withhold

15  any documents on the basis of those objections and thus there is no harm to MDHI. *Singer v.*

16  *Covista, Inc.*, No. CIV.A. 10-6147, 2013 U.S. Dist. LEXIS 44474, 2013 WL 1314593, at *9

17  (D.N.J. Mar. 28, 2013) ("[L]ike Rule 37, the Court cannot impose sanctions pursuant to

18  Rule26(g) if it finds that the non-compliant party's failure was substantially justified or

19  harmless."). Further, general objections are not impermissible per se where, as here, the

20  discovery requests are overbroad on their face and are not limited at to time period. *Wellin v.*

21  *Wellin*, C.A. NO. 2:13-CV-1831-DCN, 2015 U.S. Dist. LEXIS 138682, *47-48 (D.S.C. July

22  5, 2015). *Aerometals' Response to Request No. 1*

23  **REQUEST FOR PRODUCTION NO. 1:**

24          All DOCUMENTS identified by YOU in response to MDHI's Interrogatories to

25  Defendant Aerometals Inc., Set One, Nos. 1 to 8.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

27          Aerometals objects to this request to the extent that Aerometals' response to MDHI's

28  Interrogatories, Set One is ongoing and subject to change and supplementation in response to the

1   Court's pending order on Aerometals' Motion to Dismiss and Aerometals' pending meet and

2   confer discussions with MDHI.  Aerometals objects to this request to the extent that it is

3   ambiguous, overly broad, unduly burdensome, and oppressive, with reference to Aerometals'

4   corresponding objections to MDHI's interrogatories. Aerometals objects to this request on the

5   basis that it is it is not proportional to the needs of the case, considering the importance of the

6   issues at stake in the action, the amount in controversy, the parties' relative access to relevant

7   information, the parties' resources, the importance of the discovery in resolving the issues, and

8   whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R.

9   Civ. P. 26(b)(1).  Aerometals objects to this request to the extent that many of the documents

10  referenced in Aerometals' interrogatory responses have been publicly available on its website for

11  many years, and have thus been available to MDHI for examination and analysis.

12      Aerometals objects to this request to the extent that it seeks information concerning or

13  relating to events or actions taking place or documents generated prior to September 21, 2013,

14  the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and

15  referenced throughout MDHI's Complaint.

16      Aerometals objects to this request to the extent that it seeks information or documents

17  beyond those referenced in the Complaint, namely Document Number AMC MI-03003,

18  including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint;

19  and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission

20  referenced in paragraphs 55-56 of the Complaint.

21      Subject to and without waiving any current or future objections, Aerometals responds as

22  follows:

23      Aerometals will produce responsive documents listed in its responses to Interrogatories

24  1-3. Aerometals is reviewing documents listed in its response to Interrogatory 4 and will produce

25  responsive excerpts of documents with appropriate markings under the protective order.

26  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

27      Aerometals will produce responsive documents listed in its responses to Interrogatories

28  1-3. Aerometals is reviewing documents listed in its response to Interrogatory 4 and will produce

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                    389191.3

1  responsive documents with appropriate designation pursuant to the protective order entered in

2  this matter. The documents produced in response to Interrogatory 4 are copies of reports

3  provided to the FAA in hard copy as part of PMA applications. The FAA has not returned the

4  hard copies of these documents to Aerometals, as it does upon approval of a PMA. In some

5  cases, Aerometals has maintained records of the specific excerpted pages from MDHI Technical

6  Manuals provided to the FAA as reference material. Where possible, Aerometals has reproduced

7  those excerpts and will produce those. Where Aerometals does not currently have records of the

8  specific pages excerpted and actually attached, Aerometals will produce the full source

9  document from which the excerpt is taken. When and if the FAA returns the original reports to

10 Aerometals for storage, Aerometals will be able to confirm the specific pages attached to those

11 applications as reference material. Aerometals will update this response at such time if

12 necessary.

### 3.  MDHI's Position

14     Aerometals' response is vague, evasive and incomplete. *Bryant v. Armstrong*, 285

15 F.R.D. 596, 612 (S.D. Cal. 2012) ("A party answering interrogatories has an affirmative duty to

16 furnish any and all information available to the party.").  Rule 37 provides that "an evasive or

17 incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or

18 respond." Fed. R. Civ. P. 37(a)(4).  Aerometals has agreed to produce some but not all

19 responsive documents as it has not fully responded to MDHI's interrogatories.  Moreover,

20 Aerometals refused to produce responsive documents until two weeks after MDHI filed this

21 motion to compel.  Some documents were only produced on the eve of filing this joint statement.

22     Responses that restrict or limit search for relevant documents are improper. *Tyler v. City*

23 *of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D. Cal.

24 April 29, 2015) ("The City is not excused from conducting a reasonable search for all non-

25 privileged responsive documents in City's custody and control, regardless of location.").

26 Aerometals identified revised Installation Instructions and Instructions for Continued

27 Airworthiness in its interrogatory responses, but these revised documents have not been

28 produced.  The documents produced improperly only go back three years prior to the complaint

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                389191.3

based on the copyright statute of limitations.  MDHI is entitled to a response to this request without undue limitations.

### a)   The copyright statute of limitations does not limit discovery in this case.

Aerometals may not limit its response to the three year statute of limitations for copyright infringement.  The three year statute of limitations in the copyright statute does not limit discovery in this case.  17 U.S.C. §507(b) provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."  Aerometals does not provide a single authority limiting *discovery* based upon this statute.  The statute may bar damages for certain specific instances of infringement, but it cannot limit discovery, particularly under that facts of this case.

Here, the copyright statute of limitations does not limit MDHI from obtaining discovery beyond three years prior to the date of the complaint for several reasons.  First, MDHI has unfair competition claims that are not subject to 17 U.S.C. §507(b).  Discovery on MDHI's non-copyright claims cannot be limited by the copyright statute.  MDHI's state law claims have a four-year statute of limitations subject to several equitable exceptions that apply to this case.

> California unfair competition claims are subject to a four-year statute of limitations, which begin to run on the date the cause of action accrued. *See Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal.4th 1185, 1196-97 (2013); see also Cal. Bus. & Prof. Code § 17208. The California Supreme Court has held, however, that the date of accrual of an unfair competition claim is subject to a number of equitable exceptions and modifications, such as the discovery rule, equitable tolling, fraudulent concealment, the continuing violation doctrine, and the theory of continuous accrual. *Aryeh*, 55 Cal. 4th at 1192, 1196 (holding common law accrual rules apply to unfair competition claims).

*Baja Ins. Servs. v. Shanze Enters.*, 2016 U.S. Dist. LEXIS 43994 *19 (E.D. Cal. Mar. 31, 2016)

The numerous equitable exceptions to accrual apply in this case.  As explained by Judge Nunley, the discovery rule postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. *Aoki v. Gilbert*, 2014 U.S. Dist. LEXIS 101151, 28-29 (E.D. Cal. July 22, 2014) *citing Aryeh*, 55 Cal. 4th at 1191-92.  The doctrine of fraudulent concealment tolls the statute of limitations where a defendant, through deceptive conduct, has

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

389191.3

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1    caused a claim to grow stale.  *Id.*  The continuing violation doctrine aggregates a series of

2    wrongs or injuries for purposes of the statute of limitations, treating the limitations period as

3    accruing for all of them upon commission or sufferance of the last of them. *Id.*  Finally, under the

4    theory of continuous accrual, a series of wrongs or injuries may be viewed as each triggering its

5    own limitations period, such that a suit for relief may be partially time-barred as to older events

6    but timely as to those within the applicable limitations period.  *Id.*  These common law accrual

7    rules apply to the facts of this case, so that discovery is not limited to three years prior to the

8    filing of the lawsuit.

9           Under the discovery rule, knowledge that defendant is infringing some elements of

10   plaintiff's intellectual property is not sufficient to start the statute of limitations period for

11   infringement of other elements of plaintiff's intellectual property when plaintiff did not know of

12   the specific infringement.  *V.V.V. & Sons Edible Oils, Ltd. v. Meenakshi Overseas LLC*, 2016

13   U.S. Dist. LEXIS 44197 * 28 (E.D. Cal. Mar. 31, 2016) (knowledge that defendant was

14   infringing one of plaintiff's trademarks did not put plaintiff on notice that defendant was

15   infringing plaintiff's other trademarks).  Here, Aerometals' submissions to the FAA are made

16   confidentially and not subject to disclosure. MDHI could not have discovered that Aerometals

17   was fraudulently and unfairly submitting MDHI's proprietary materials to the FAA in support of

18   its applications for approval to manufacture MD500 helicopter parts.  In fact, MDHI discovered

19   for the first time in response to Interrogatory No. 4 that Aerometals submitted excerpts from its

20   Technical Manuals to the FAA as part of its various applications.  See Black. Decl.  Aerometals

21   admitted on February 22, 2017 that materials from a number of MDHI Technical Manuals were

22   submitted to the FAA within three years from the filing of the complaint.  ==See Request to Seal.==

23   ==Ex. 1, Response No. 4.==

24          MDHI is still unaware of the specific version, page number, or illustration that was

25   copied by Aerometals because Aerometals refused to fully respond to Interrogatory No.4. MDHI

26   should be permitted to discover all FAA applications submitted by Aerometals that include

27   infringing material because MDHI was not aware that Aerometals had been confidentially

28   submitting MDHI's proprietary material to the FAA.  See Black Decl.

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                      389191.3

1    Moreover, Aerometals used MDHI's proprietary materials to improperly obtain approval

2    from the FAA to manufacture and sell MD 500 helicopter parts to the civilian public.  This is an

3    ongoing and continuing infringement of MDHI's intellectual property, warranting an equitable

4    tolling of the statute of limitations on MDHI's unfair competition claims.  As Aerometals

5    submitted its applications to the FAA confidentially, Aerometals fraudulently concealed its

6    infringing activity further warranting an equitable tolling.

7    Aerometals' use of MDHI's technical manuals in support its PMA applications to the

8    FAA (as admitted by Aerometals in response to Interrogatory No. 4) is not merely a copyright

9    infringement but also a violation of the restricted use provisions placed on MDHI's technical

10   manuals, shown below, and supports MDHI's unfair competition claims.

11                              **RESTRICTED USE**

12   **MDHI provides this manual for use by owners, operators and maintainers of MDHI
     products and authorized parts. Use by STC or PMA applicants or holders as
13   documentation to support their certificates is not an authorized use of this manual and is
     prohibited.**

14   Aerometals' violation of this provision supports MDHI's unfair competition claims

15   which are not restricted by the copyright laws.  Any approval granted to Aerometals for MD500

16   parts by the FAA based upon the submission of MDHI intellectual property is an ongoing

17   infringement of MDHI's intellectual property rights and subject to discovery by MDHI.

18   Aerometals fraudulently and unfairly obtained approval from the FAA by confidentially

19   submitting MDHI's proprietary materials in connection with its applications to manufacture

20   MD500 parts.  The FAA approvals based on this wrongful conduct are in force today and

21   provide the basis for Aerometals' sale of MD500 helicopter parts to the civilian public.

22   Aerometals wrongdoing is therefore ongoing and continuous as Aerometals continues to accrue

23   unjust profits and harm MDHI based on its wrongful conduct.  MDHI is therefore able to apply

24   the equitable principles of the discovery rule, fraudulent concealment, the continuing violation

25   doctrine, and the theory of continuous accrual to obtain discovery from Aerometals beyond three

26   years from date of the complaint.

27   Second, the three year statute of limitations does not apply to many of MDHI's direct

28   copyright infringement claims because the "delayed discovery rule" allows a copyright

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                389191.3

infringement claim beyond the three year window when the plaintiff did not know or reasonably could have known of the infringement.   *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004) ("the statute of limitations does not prohibit recovery of damages incurred more than three years prior to the filing of suit if the copyright plaintiff was unaware of the infringement, and that lack of knowledge was reasonable under the circumstances.).  A copyright cause of action accrues when the copyright owner knew or should have known of the alleged infringement. *Aoki*, 2014 U.S. Dist. LEXIS 101151 at 33 *citing Polar Bear Productions, Inc. v. Timex Corp*., 384 F.3d 700, 706 (9th Cir. 2004).

When a plaintiff knew or should have known that infringement had occurred is the point in time when the claim accrues and is a question of fact. See *Polar Bear Prods*., 384 F.3d at 707. "It is widely recognized that the separate-accrual rule attends the copyright statute of limitations. Under that rule, when a defendant commits successive violations, the statute of limitations runs separately from each violation." *Petrella v. Metro-Goldwyn-Mayer, Inc*., 134 S.Ct. 1962, 1969 (2014). "Each wrong gives rise to a discrete `claim' that `accrue[s]' at the time the wrong occurs," meaning that "each infringing act starts a new limitations period." *Id*.  Every infringement by Aerometals has a separate accrual.

Aerometals' argument that in order to invoke the "delayed discovery rule" MDHI must affirmatively plead the date of discovery for each infringing document and the due diligence to discover the infringement is without merit.  MDHI learned for the first time in response to Interrogatory No. 4 that Aerometals provided excerpts from several of MDHI's technical manuals to the FAA as part of Aerometals' confidential applications to manufacture certain MD500 parts. See Black Decl.   MDHI also learned for the first time through discovery in this case that Aircraft Manufacturing Company submitted MDHI's intellectual property to the FAA on behalf of Aerometals in confidential applications for approval to manufacture MD 500 Parts. See Black Decl.  These submissions involved direct and indirect copyright infringement that MDHI could not have reasonably known prior to this litigation.  MDHI could not have discovered these distinct acts of infringement, or any other previous acts of infringement involving material Aerometals provided confidentially to the FAA, because these applications

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1   are not made public and the FAA will not release such information pursuant to a Freedom of

2   Information Act Request.  There is simply no way for MDHI to have discovered Aerometals'

3   specific acts of infringing activity without conducting discovery under the Federal Rules of Civil

4   Procedure.  MDHI could not specifically plead the discovery of infringing documents when there

5   is no possible way for MDHI to learn that such documents exist without discovery.  MDHI is

6   therefore entitled to discover all infringing material that Aerometals provided to the FAA or its

7   customers, even if beyond the three year window.  The date that MDHI became aware of these

8   infringing materials cannot be addressed until MDHI discovers which documents are at issue.

9   Discovery should not be limited at this time.

10          Aerometals' authorities on the delayed discovery rule are inapposite.  *Vaccarino v.*

11  *Midland Nat'l Life Ins. Co.*, CY-1 1-05858-CAS, 2011 U.S. Dist. LEXIS 132982, * 10- 15 (C.D.

12  Cal. Nov. 14,201 1) applies to heightened pleading standards under Rule 9 for fraud claims in the

13  context of a motion to dismiss.  In *Vaccarino*, plaintiff specifically alleged that defendant

14  engaged in fraud that occurred outside the statute of limitations period, but failed to allege the

15  date of discovery of the fraud.  *Id*.  Because the date of discovery was not plead, plaintiff failed

16  to state a cause of action for fraud, and the claim was dismissed. *Id*.  *Vaccarino* does not limit

17  discovery, and it is not applicable here, as none of MDHI's claims have been dismissed.  MDHI

18  must first learn what infringing documents exist before the "delayed discovery rule" can be

19  analyzed in the context of MDHI's knowledge of such infringing activities.  Aerometals does not

20  offer a single authority where discovery is limited by the three year copyright statute of

21  limitations.

22          Aerometals is wrong that discovery is limited by the allegations in MDHI's complaint.

23  Courts in the Ninth Circuit have routinely held that discovery is quite broad and not limited by

24  the issues raised in the pleadings but covers materials that bear on the issues in the case.  *Vickers*

25  *v. Maldonado*, 2017 U.S. Dist. LEXIS 30577 *5 (E.D. Cal. Mar. 3, 2017) ("Discovery is not

26  limited to the issues raised in the pleadings but encompasses any matter that bears on or

27  reasonably could lead to other matter that bears on any issues that is or may be in the case."

28  *citing  Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1   (1978)); *Mora v. Zeta Interactive Corp.*, 2017 U.S. Dist. LEXIS 19413, *9-10 (E.D. Cal. Feb.

2   10, 2017) ("Relevancy to the subject matter of the litigation 'has been construed broadly to

3   encompass any matter that bears on, or that reasonably could lead to other matter that could bear

4   on, any issue that is or may be in the case.'" *quoting  Oppenheimer Fund, Inc.*, 437 U.S. at 351);

5   *Weldon v. Dyer*, 2015 U.S. Dist. LEXIS 27924 *10-11 (E.D. Cal. March 6, 2015) ("the scope of

6   discovery is quite broad" and "is not limited to issues raised by the pleadings, for discovery itself

7   is designed to help define and clarify issues."). Nothing in MDHI's complaint prevents MDHI

8   from discovering infringing documents that Aerometals provided confidentially to the FAA or to

9   its customers outside of the three year copyright statute of limitations as MDHI has specifically

10  plead that Aerometals provided infringing documents confidentially to the FAA.

11       Thirdly, MDHI has claims against Aerometals for contributory copyright infringement

12  and vicarious copyright infringement, which may involve acts by Aerometals outside the three

13  year window but did not accrue until later. In the Ninth Circuit, a copyright claim *accrues* when

14  a plaintiff knew or should have known that *infringement* had occurred.  *Roley v. New World

15  Pictures*, 19 F.3d 479, 481 (9th Cir. 1994) ("A cause of action for copyright infringement

16  accrues when one has knowledge of a violation or is chargeable with such knowledge."); *see

17  Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004). "One infringes

18  contributorily by intentionally inducing or encouraging direct infringement, and infringes

19  vicariously by profiting from direct infringement while declining to exercise a right to stop or

20  limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930, 125 S.Ct.

21  2764, 2776, 162 L.Ed.2d 781 (2005); *see also Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d

22  1146, 1175 (9th Cir.2007). "[A] defendant is a contributory infringer if it (1) has knowledge of a

23  third party's infringing activity, and (2) induces, causes, or materially contributes to the

24  infringing conduct." *Perfect 10 v. Visa Int'l Serv. Assoc.*, 494 F.3d 788, 795 (9th Cir. 2007).

25  Therefore, MDHI's claims for vicarious and contributory copyright infringement do not accrue

26  based upon the actions of Aerometals, but based upon the actions of third-party infringers.

27  These claims do not "accrue" until the direct infringement by a third-party, even if Aerometals'

28  actions occurred outside the three year window.

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

1    For example, Aerometals may provide infringing material to the FAA or to one of its

2    customers outside the three year window.  But, vicarious or contributory infringement does not

3    "accrue" when Aerometals provided the infringing material.  It accrues when the FAA or a

4    customer violates one of the exclusive copyright rights at some later time.  In order to prove

5    vicarious or contributory copyright infringement that occurred within the three year window,

6    MDHI may have to rely upon the actions of Aerometals outside of three years.  Therefore MDHI

7    is entitled to discover all infringing material that it provided confidentially to the FAA or its

8    customers, even outside of three years, in order to prove its indirect infringement claims.

9    Finally, the full extent of Aerometals' infringing activities, including infringements

10    outside the three year window, also bear on the issue of willfulness, and therefore the proper

11    measure of damages.  *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th

12    Cir.1985); *Cengage Learning, Inc. v. Davis Textbooks*, 2016 U.S. Dist. LEXIS 126686 *5 (E.D.

13    Cal. Sep. 16, 2016); *Oracle Am., Inc. v. Google Inc*., 131 F. Supp. 3d 946, 954 (N.D. Cal. 2015)

14    ("an infringer who has been shown by the copyright owner to have been a willful, conscious, and

15    deliberate plagiarist, in a sense of moral blame, of the copyrighted material may not deduct any

16    income taxes or excess profits taxes from its gross revenues in the calculation of its infringement

17    profits"). MDHI should be able to fully develop evidence to support its claim that Aerometals

18    willfully infringed on its intellectual property rights through discovery outside the three year

19    window.

20            **b)    Aerometals failed to obtain documents under its control from
               the FAA.**

22    Aerometals states that it cannot produce all responsive documents because the documents

23    are in the possession of the FAA.  This argument is without merit because the documents are

24    under Aerometals' control and therefore Aerometals is required to obtain them from the FAA.

25    *Tyler v. City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11

26    (S.D. Cal. April 29, 2015) ("The City is not excused from conducting a reasonable search for all

27    non-privileged responsive documents in City's custody and control, regardless of location.").

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

389191.3

Aerometals' recent position on this matter is directly opposed to the position it took with the FAA.  In response to MDHI's request for these documents to the FAA, Aerometals told the FAA that Aerometals was in possession of the documents pursuant to an agreement with the FAA and therefore the FAA need not undergo the burden of producing such documents.  Janicki Decl. Ex. 4. Excerpts from the FAA's response to MDHI are below.

*Id*.  Excerpts from the statements Aerometals made to the FAA are below.

On March 2, 2017, a messenger delivered to me the letter of Mr. Metzger of that date (Enclosed, **Attachment "B"**), referring to the December 29, 2016 letter of Mr. Mellody, which transmitted the documents provided by Mr. Janicki, described above.  More important, in that letter Mr. Metzger acknowledged that the documents requested by Mr. Janicki, containing "(1) Aerometals' proprietary secrets; (2) **are currently within Aerometals' possession, custody and control** pursuant to a data retention Memorandum of Agreement ("MOA") (Enclosed, **Attachment "C"**), dated September 12, 1999."

*Id*.  Either Aerometals must produce these documents from its own records or obtain them from the FAA.

**4.      Aerometals' Position**

MDHI's argument does not reflect Aerometals' supplemental responses, and should be

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1   rejected.  First, Aerometals does not assert a statute of limitations objection in response to this

2   request.  Aerometals has produced or is in the process of producing all documents identified in

3   response to MDHI's interrogatories.  In the event that Aerometals supplements its interrogatory

4   responses by identifying additional documents, it agrees to supplement its response to this

5   request.

6        Second, MDHI's argument that Aerometals has refused to produce documents in the

7   possession of the FAA is erroneous. Aerometals does not assert an objection on those grounds.

8   Aerometals will produce copies of these documents from its internal files.  As explained in the

9   FAA correspondence that MDHI references, once PMA and STC documents are released by the

10  FAA to Aerometals' facility, they are under Aerometals' custody and control.  However, as these

11  are official FAA approval documents, the FAA can demand that Aerometals send these

12  documents back to the FAA at any time.  Until the FAA sends the documents to Aerometals,

13  they are exclusively within the custody and control of the FAA.  Aerometals cannot request or

14  demand these documents from the FAA.   MDHI's argument is without factual basis and should

15  be denied.  *Aerometals' Response to Request No. 2*

16  **REQUEST FOR PRODUCTION NO.2:**

17        All versions of CSP-H-2 MDHI Model Helicopters Model 369H Basic Handbook of

18  Maintenance Instructions.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO.2:**

20        Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly

21  burdensome, and oppressive.  Aerometals objects to this interrogatory as not within the scope of

22  Rule 26(b)(1) in that the interrogatory is not relevant to any party's claims or defenses in this

23  action. Aerometals objects to this request on the basis that it is it is not proportional to the needs

24  of the case, considering the importance of the issues at stake in the action, the amount in

25  controversy, the parties' relative access to relevant information, the parties' resources, the

26  importance of the discovery in resolving the issues, and whether the burden or expense of the

27  proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  Aerometals objects to

28  this request to the extent that the documents are available and within the control of MDHI.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

1    Aerometals objects to this request to the extent that it seeks information concerning or

2    relating to events or actions taking place or documents generated prior to September 21, 2013,

3    the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and

4    referenced throughout MDHI's Complaint.

5    Aerometals objects to this request to the extent that it seeks information or documents

6    beyond those referenced in the Complaint, namely Document Number AMC MI-03003,

7    including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint;

8    and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission

9    referenced in paragraphs 55-56 of the Complaint.

10    Subject to and without waiving any current or future objections, Aerometals responds as

11    follows:

12    Aerometals will not produce documents in response to this request because copies of

13    these documents are equally available to and within MDHI's possession.

14    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.2:**

15    Aerometals objects to this request to the extent that it is ambiguous, overly broad,

16    unduly burdensome, and oppressive. Aerometals objects to this request as not within the scope of

17    Rule 26(b)(1) in that the request seeks documents not relevant to any party's claims or defenses

18    in this action. Aerometals objects to this request on the basis that it is it is not proportional to the

19    needs of the case, considering the importance of the issues at stake in the action, the amount in

20    controversy, the parties' relative access to relevant information, the parties' resources, the

21    importance of the discovery in resolving the issues, and whether the burden or expense of the

22    proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Aerometals objects to

23    this request to the extent that the documents are available and within the control of MDHI.

24    Subject to and without waiving these objections, Aerometals responds as follows:

25    Aerometals will not produce copies of the CSP-H-2 MDHI Model Helicopters Model

26    36911 Basic Handbook of Maintenance Instructions in its possession, because such production

27    would be unduly burdensome, but will provide a list of all such materials in its possession.

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                          389191.3

5. **MDHI's Position**

Aerometals' response is vague, evasive and incomplete. *Bryant v. Armstrong*, 285 F.R.D. 596, 612 (S.D. Cal. 2012) ("A party answering interrogatories has an affirmative duty to furnish any and all information available to the party."). Rule 37 provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). Aerometals' boilerplate objections are improper. If any documents have been withheld due to an objection, this must be clearly stated in the response. FRCP 34(b)(2)(C).

This request is for MDHI Technical Manuals that are in the possession of Aerometals (CSP-H-2, CSP-H-3, CSP-H-4, CSP-H-5, CSP-H-7, CSP-HMI-2, CSP-HMI-3, CSP-IPC-4, CSP-COM-5, CSP-SRM-6, and CSP-ISC-7). These manuals are referenced in MDHI's complaint and subject to MDHI's copyright protection. Many of these manuals are listed in Aerometals' response to Interrogatory No.4 where excerpts were provided to the FAA as part of Aerometals' applications for approval to make MD500 helicopter parts. Aerometals may not simply refuse to produce responsive documents. The party requesting the production of documents "is entitled to individualized, complete responses to each of the requests . . ., accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006); *Advanced Visual Image Design, LLC v. Exist Inc.*, 2015 U.S. Dist. LEXIS 109140 *14 (C.D. Cal., August 18, 2015) (responding party "has a duty to make a reasonable inquiry to locate responsive documents and then to provide a complete, explicit response").

Aerometals' objection that the requested technical manuals are equally available to and within MDHI's possession is not well taken. MDHI does not have access to the technical manuals that are in the possession of Aerometals' and that are in Aerometals' files. MDHI is entitled to discover which documents Aerometals has in its files. As part of MDHI's copyright claim, MDHI must prove Aerometals had access to MDHI's materials and the alleged infringing works are substantially similar to MDHI's material. *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir.1996). The technical manuals in Aerometals' possession are relevant to MDHI's proof of

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

access.  These documents are not in the possession of MDHI and therefore not equally available to MDHI.  The technical manuals are therefore not equally available to the parties as claimed by Aerometals.  Moreover, MDHI is entitled to discover which versions of MDHI's technical manuals Aerometals has in its possession as each manual may have as many as 45 revisions.  MDHI requires this information in order to prove the particular material that Aerometals copied from MDHI as part of MDHI's copyright claim.

Not only are the requested technical manuals not equally available to MDHI, but an objection based on equal availability may only apply in certain situations for public documents.  Such an objection does not apply to documents from the requesting party's own records.  For example, "[a] court may refuse to order production of documents of public record that are equally accessible to all parties." 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.12[5][b], at 34-53 (3d ed. 2011) (emphasis added); see also *Barron v. Alcaraz*, Case No. 2:11-cv-2678 JAM AC (E.D. California. May 4, 2016. ("Publically-available documents are equally available to plaintiff, albeit at a cost, and therefore need not be produced.") (emphasis added)

The "equally available" objection does not apply to documents from the requesting party's own records. *Bretana v. Internat'l Collection Corp.*, 2008 U.S. Dist. LEXIS 79334, *15 (N.D. Cal. Sep. 22, 2008) ("[I]t is generally not a ground for objection that requested documents are equally available from the requesting party's own records") (citing *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000)); *Plumbers and Pipefitters Local 572 Pension Fund*, 2005 U.S. Dist. LEXIS 43648, at *23 ("[T]he Court can see no justifiable reason why Plaintiffs should not produce, or at least identify, documents that support Plaintiffs' allegations . . . whether they are in Defendant's possession or in the public domain")

Courts in the Ninth Circuit routinely overrule objections to discovery based on the ground that the information sought is equally available to the parties.  *Tyler v. City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *9-10 (S.D. Cal. April 29, 2015) (overruling objection stating "the City is to produce all responsive documents within its custody and control, notwithstanding their potential equal availability Plaintiffs"); *Ashker v.*

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

*Cate*, Case No. 09-cv-05796-CW (NJV) (N.D. Cal. January 24, 2014) ("Plaintiffs shall produce any non-privileged documents that are responsive to the document requests listed above that they have failed to produce on the ground that they are "equally available" to Defendants."); *City Consumer Services v. Horne,* 100 F.R.D. 740, 747 (D. Utah 1983) (it is "not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.") (citing Petruska v. Johns-Manville, 83 F.R.D. 32, 35 (E.D. Pa. 1979); *Associated Wholesale Grocers, Inc.* v. U.S., 1989 U.S. Dist. LEXIS 14047, 1989 WL 110300, *3 (D. Kan. June7, 1989) (stating that defendant's argument of equal accessibility is not sufficient to resist discovery).

The Eastern District of California has overruled the "equally available" objection to discovery citing authority from multiple jurisdictions.

> In addition, as for plaintiff's objection that the information sought in these interrogatories is equally available to defendant, "courts have unambiguously stated that this exact objection is insufficient to resist a discovery request." *St. Paul Reinsurance Co., Ltd., CNA v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000); see also *City Consumer Servs., Inc. v. Horne*, 100 F.R.D. 740, 747 (D. Utah 1983) ("It is 'not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.'" (citation omitted)); *United States v. 58.16 Acres of Land*, 66 F.R.D. 570, 573 (E.D. Ill. 1975) ("Generally, an interrogatory is proper although the information sought is equally available to both parties."); see also *National Academy of Recording Arts & Sciences, Inc. v. On Point*, 256 F.R.D. 678, 682 (C.D. Cal. 2009). Accordingly, defendant's motion to compel is granted as to interrogatories nos. 2-6.

*Morgan v. Haviland*, 2011 U.S. Dist. LEXIS 62815 *3-4 (E.D. Cal., June 13, 2011).

Aerometals should respond to these requests for MDHI's Technical Manuals without improper limitations. Discovery responses that restrict or limit search for relevant information are improper. *Tyler v. City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D. Cal. April 29, 2015).

**6.      Aerometals' Position**

Aerometals has made a reasonable attempt to comply with an extremely burdensome request by offering to provide a list of all responsive documents in its possession that are responsive to Requests for Production 2-13. This will enable MDHI to determine which such

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                   389191.3

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1    documents Aerometals has access to, including each version.  MDHI's purported need for that

2    information is the sole basis asserted for its motion, and MDHI makes no attempt to argue why

3    that information will be insufficient.  MDHI itself has copies of all of these, and will be able to

4    conclusively determine which manuals Aerometals has in its possession once Aerometals

5    identifies those documents.

6          Requiring Aerometals to copy all of these materials will be extremely burdensome and

7    expensive, and will not result in any information other than what will be made available through

8    provision of the list Aerometals has agreed to provide.  The manuals are hardcopy documents, in

9    binders, and are voluminous.  Declaration of Lorie Symon dated April 12, 2017 ("Symon

10   Decl."), ¶14.  Copying these will cost between $4,500 and $11,000.  Declaration of Julian Ackert

11   dated April 12, 2017, ¶26-28 ("Ackert Decl.").  That expensive is unnecessary given the

12   information Aerometals has agreed to provide.

13         MDHI's discovery requests must be proportional to the needs of the case.  "All

14   discovery, even if otherwise permitted by the Federal Rules of Civil Procedure because it is

15   likely to yield relevant evidence, is subject to the court's obligation to balance its utility against

16   its cost." *U.S. ex rel. McBride v. Halliburton Co.*, 272 F.R.D. 235, 240 (D.D.C. 2011). In 2015,

17   Rule 26 was amended to place even greater emphasis on proportionality in discovery.  *Henry v.*

18   *Morgan's Hotel Group*, No. 15-CV-1789 (ER) (JLC), 2016 U.S. Dist. LEXIS 8406, at *9

19   (S.D.N.Y. Jan. 25, 2016) ("the amended Rule is intended to "encourage judges to be more

20   aggressive in identifying and discouraging discovery overuse" by emphasizing the need to

21   analyze proportionality before ordering production of relevant information.") (citing Fed. R. Civ.

22   P. 26(b)(1) advisory committee's notes to 2015 amendment). As one court recently explained,

23   "the Advisory Committee on Civil Rules elevat[ed] proportionality in defining the scope of

24   permissible discovery."  *Gilead Scis., Inc. v. Merck & Co.*, Case No. 5:13-cv-04057-BLF, 2016

25   U.S. Dist. LEXIS 5616 at *4-5 (N.D. Cal Jan. 13, 2016).  Under the amended rule, "a party

26   seeking discovery of relevant, non-privileged information must show, before anything else, that

27   the discovery sought is proportional to the needs of the case."  *Id.* at *4 (emphasis added).

28

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

389191.3

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

An index of documents held by Aerometals that are equally available to MDHI is a proper application of this proportionality test.  Requiring Aerometals to copy documents that MDHI maintains is burdensome and duplicative.

**B.      Aerometals' Response to Request No. 3**

**REQUEST FOR PRODUCTION NO.3:**

All versions of CSP-H-3, MDHI Model Helicopters Model 369H Appendix A Optional Equipment Manual Handbook of Maintenance Instructions.

**RESPONSE TO REQUEST FOR PRODUCTION NO.3:**

Same as RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.3:**

Same as SUPPLEMENTAL RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

**1.      MDHI's Position**

Same as RFP. No. 2.  L.R. 251(c)(3).

**2.      Aerometals' Position**

This request raises the same issues as in Request No. 2.  Aerometals has agreed to provide a list of responsive documents, which will meet MDHI's stated justification for this request (to determine which of these materials Aerometals has access to) without requiring Aerometals to incur significant copying costs and the burden of arranging copying of the documents.  Since MDHI has access to all of these documents, there is no justification for requiring the unnecessary and burdensome production of them.

**C.      Aerometals' Response to Response No. 4**

**REQUEST FOR PRODUCTION NO. 4:**

All versions of CSP-H-4, MDHI Model Helicopters Model 369H Appendix B Airworthiness Limitations, Overhaul and Replacement Schedules, Periodic Inspections, Weight and Balance Procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Same as RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

389191.3

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Same as SUPPLEMENTAL RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

**1.      MDHI's Position**

Same as RFP No. 2.   L.R. 251(c)(3).

**2.      Aerometals' Position**

This request raises the same issues as in Request No. 2.   Aerometals has agreed to provide a list of responsive documents, which will meet MDHI's stated justification for this request (to determine which of these materials Aerometals has access to) without requiring Aerometals to incur significant copying costs and the burden of arranging copying of the documents.   Since MDHI has access to all of these documents, there is no justification for requiring the unnecessary and burdensome production of them.

**D.      Aerometals' Response to Request No. 5**

**REQUEST FOR PRODUCTION NO.5:**

All versions of CSP-H-5, MDHI Model Helicopters Model 369H Appendix C Component Overhaul Manual.

**RESPONSE TO REQUEST FOR PRODUCTION NO.5:**

Same as RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.5:**

Same as SUPPLEMENTAL RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

**1.      MDHI's Position**

Same as RFP No. 2.   L.R. 251(c)(3).

**2.      Aerometals' Position**

This request raises the same issues as in Request No. 2.   Aerometals has agreed to provide a list of responsive documents, which will meet MDHI's stated justification for this request (to determine which of these materials Aerometals has access to) without requiring Aerometals to incur significant copying costs and the burden of arranging copying of the

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

documents.  Since MDHI has access to all of these documents, there is no justification for requiring the unnecessary and burdensome production of them.

### E.  Aerometals' Response to Interrogatory No. 6

**REQUEST FOR PRODUCTION NO.6:**

All versions of CSP-H-7, MDHI Model Helicopters Model 369H/HS/HM/HE Illustrated Parts Catalog.

**RESPONSE TO REQUEST FOR PRODUCTION NO.6:**

Same as RESPONSE TO RFP No. 2.  L.R. 251(c)(3).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.6:**

Same as SUPPLEMENTAL RESPONSE TO RFP No. 2.  L.R. 251(c)(3).

#### 1.  MDHI's Position

Same as RFP No. 2.  L.R. 251(c)(3).

#### 2.  Aerometals' Position

This request raises the same issues as in Request No. 2.  Aerometals has agreed to provide a list of responsive documents, which will meet MDHI's stated justification for this request (to determine which of these materials Aerometals has access to) without requiring Aerometals to incur significant copying costs and the burden of arranging copying of the documents.  Since MDHI has access to all of these documents, there is no justification for requiring the unnecessary and burdensome production of them.

### F.  Aerometals' Response to Interrogatory No. 7

**REQUEST FOR PRODUCTION NO. 7:**

All versions of CSP-HMI-2 MDHI Model Helicopters Models 369D/E/FF — 500/600N Basic Handbook of Maintenance Instructions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Same as RESPONSE TO RFP No. 2.  L.R. 251(c)(3).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Same as SUPPLEMENTAL RESPONSE TO RFP No. 2.  L.R. 251(c)(3).

389191.3

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1.     **MDHI's Position**

Same as RFP No. 2.   L.R. 251(c)(3).

2.     **Aerometals' Position**

This request raises the same issues as in Request No. 2.  Aerometals has agreed to provide a list of responsive documents, which will meet MDHI's stated justification for this request (to determine which of these materials Aerometals has access to) without requiring Aerometals to incur significant copying costs and the burden of arranging copying of the documents.  Since MDHI has access to all of these documents, there is no justification for requiring the unnecessary and burdensome production of them.

**G.     Aerometals' Response to Request No. 8**

**REQUEST FOR PRODUCTION NO. 8:**

All versions of CSP-HMI-3 MDHI Model Helicopters Models 369D/E/FF 500/600N Basic Handbook of Maintenance Instructions - Instruments — Electrical — Avionics.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Same as RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Same as SUPPLEMENTAL RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

1.     **MDHI's Position**

Same as RFP No. 2.   L.R. 251(c)(3).

2.     **Aerometals' Position**

This request raises the same issues as in Request No. 2.  Aerometals has agreed to provide a list of responsive documents, which will meet MDHI's stated justification for this request (to determine which of these materials Aerometals has access to) without requiring Aerometals to incur significant copying costs and the burden of arranging copying of the documents.  Since MDHI has access to all of these documents, there is no justification for requiring the unnecessary and burdensome production of them.

1    **H.    Aerometals' Response to Request No. 9**

2    **REQUEST FOR PRODUCTION NO. 9:**

3        All versions of CSP-IPC-4 MDHI Model Helicopters Models 369D/E/FF — 500/600N

4    Illustrated Parts Catalog.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

6        Same as RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

7    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

8        Same as SUPPLEMENTAL RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

9        **1.    MDHI's Position**

10   Same as RFP No. 2.   L.R. 251(c)(3).

11       **2.    Aerometals' Position**

12       This request raises the same issues as in Request No. 2.  Aerometals has agreed to

13   provide a list of responsive documents, which will meet MDHI's stated justification for this

14   request (to determine which of these materials Aerometals has access to) without requiring

15   Aerometals to incur significant copying costs and the burden of arranging copying of the

16   documents.  Since MDHI has access to all of these documents, there is no justification for

17   requiring the unnecessary and burdensome production of them.

18       **I.    Aerometals' Response to Request No. 10**

19   **REQUEST FOR PRODUCTION NO. 10:**

20       All versions of CSP-COM-5, MDHI Model Helicopters Models 369D/E/FF —500/600N

21   Component Overhaul Manual.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

23       Same as RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

24   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

25       Same as SUPPLEMENTAL RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

26       **1.    MDHI's Position**

27   Same as RFP No. 2.   L.R. 251(c)(3).

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

1    **2.    Aerometals' Position**

2         This request raises the same issues as in Request No. 2.  Aerometals has agreed to

3    provide a list of responsive documents, which will meet MDHI's stated justification for this

4    request (to determine which of these materials Aerometals has access to) without requiring

5    Aerometals to incur significant copying costs and the burden of arranging copying of the

6    documents.  Since MDHI has access to all of these documents, there is no justification for

7    requiring the unnecessary and burdensome production of them.

8    **J.    Aerometals' Response to Request No. 11**

9    **REQUEST FOR PRODUCTION NO. 11:**

10        All versions of CSP-SRM-6 MDHI Model Helicopters Models 369D/E/FF —500/600N

11   Structural Repair Manual.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

13        Same as RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

14   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

15        Same as SUPPLEMENTAL RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

16        **1.    MDHI's Position**

17        Same as RFP No. 2.   L.R. 251(c)(3).

18        **2.    Aerometals' Position**

19        This request raises the same issues as in Request No. 2.  Aerometals has agreed to

20   provide a list of responsive documents, which will meet MDHI's stated justification for this

21   request (to determine which of these materials Aerometals has access to) without requiring

22   Aerometals to incur significant copying costs and the burden of arranging copying of the

23   documents.  Since MDHI has access to all of these documents, there is no justification for

24   requiring the unnecessary and burdensome production of them.

25   **K.    Aerometals' Response to Request No. 12**

26   **REQUEST FOR PRODUCTION NO. 12:**

27        All versions of CSP-ISC-7 MDHI Model Helicopters Models 369D/E/FF — 500/600N

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

Illustrated Structures Catalog.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Same as RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Same as SUPPLEMENTAL RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

    **1.**    **MDHI's Position**

Same as RFP No. 2.   L.R. 251(c)(3).

    **2.**    **Aerometals' Position**

This request raises the same issues as in Request No. 2.  Aerometals has agreed to provide a list of responsive documents, which will meet MDHI's stated justification for this request (to determine which of these materials Aerometals has access to) without requiring Aerometals to incur significant copying costs and the burden of arranging copying of the documents.  Since MDHI has access to all of these documents, there is no justification for requiring the unnecessary and burdensome production of them.

    **L.**    **Aerometals' Response to Request No. 13**

**REQUEST FOR PRODUCTION NO. 13:**

All MDHI technical manuals, not already produced, related to the MD 500 Series helicopters, including all their revisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Same as RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Same as SUPPLEMENTAL RESPONSE TO RFP No. 2.   L.R. 251(c)(3).

    **1.**    **MDHI's Position**

Same as RFP No. 2.   L.R. 251(c)(3).

    **2.**    **Aerometals' Position**

This request raises the same issues as in Request No. 2.  Aerometals has agreed to provide a list of responsive documents, which will meet MDHI's stated justification for this

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

389191.3

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1  request (to determine which of these materials Aerometals has access to) without requiring

2  Aerometals to incur significant copying costs and the burden of arranging copying of the

3  documents.  Since MDHI has access to all of these documents, there is no justification for

4  requiring the unnecessary and burdensome production of them.

5       **M.**      **Aerometals' Response to Request No. 14**

6  **REQUEST FOR PRODUCTION NO. 14:**

7       All COMMUNICATIONS between YOU and AMC relating to MD 500 spare or

8  replacement helicopter parts.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

10       Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly

11  burdensome, and oppressive.  Aerometals objects to this interrogatory to the extent that

12  communications may be protected, controlled and/or governed by FAA regulations.  Aerometals

13  objects to this request on the basis that it is it is not proportional to the needs of the case,

14  considering the importance of the issues at stake in the action, the amount in controversy, the

15  parties' relative access to relevant information, the parties' resources, the importance of the

16  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

17  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

18       Aerometals objects to this request to the extent that it seeks information concerning or

19  relating to events or actions taking place or documents generated prior to September 21, 2013,

20  the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and

21  referenced throughout MDHI's Complaint.

22       Aerometals objects to this request to the extent that it seeks information or documents

23  beyond those referenced in the Complaint, namely Document Number AMC MI-03003,

24  including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint;

25  and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission

26  referenced in paragraphs 55-56 of the Complaint.

27       Subject to and without waiving any current or future objections, Aerometals responds as

28  follows:

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

389191.3

1   Aerometals is not currently aware of any responsive documents within the time period

2   beginning September 21, 2013, the date upon which the applicable three year copyright

3   limitations period began, as stated in 17 U.S.C. §507(b) and referenced throughout MDHI's

4   Complaint.

5   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

6   Aerometals objects to this request to the extent that it is overly broad, unduly

7   burdensome, and oppressive. Aerometals objects to this request to the extent that

8   communications may be protected, controlled and/or governed by FAA regulations. Aerometals

9   objects to this request on the basis that it is it is not proportional to the needs of the case,

10  considering the importance of the issues at stake in the action, the amount in controversy, the

11  parties' relative access to relevant information, the parties' resources, the importance of the

12  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

13  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

14  Subject to and without waiving these objections, Aerometals responds as follows:

15  Aerometals will produce responsive documents in its possession as can be located pursuant to a

16  reasonably diligent search. Aerometals advises that documents sought by this Request may

17  include in whole or in part some documents are many years old and may no longer be available

18  or discoverable.

19  **1.  MDHI's Position**

20  Aerometals' boilerplate objections are improper and should be removed.  If any

21  documents have been withheld from production due to an objection, this must be clearly stated.

22  FRCP 34(b)(2)(C).  This request is narrowly tailored to issues involving only the MD 500 and

23  directly relates to MDHI's allegations of infringement.  AMC submitted MDHI's intellectual

24  property to the FAA on behalf of Aerometals.  MDHI is entitled to know what information

25  Aerometals provided to AMC and what Aerometals told AMC about MDHI's intellectual

26  property.  Responses that restrict or limit search for relevant documents are improper. *Tyler v.*

27  *City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D.

28  Cal. April 29, 2015).   Aerometals only agreed to produce responsive documents after this

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

33

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

motion to compel was filed and on the eve filing this joint statement, warranting sanctions against Aerometals and its attorneys of record.  Rule 37(a)(5)(A).

### 2.    Aerometals' Position

Since Aerometals has agreed to produce responsive documents, there is nothing further to compel.  Sanctions are not warranted here.  MDHI filed the motion without notice to Aerometals, and without completing its meet and confer obligations.  Aerometals was in the process of searching for the requested documents, all of which are from a period of time that ended over ten years ago at the time MDHI filed its motion.  Sanctions are not appropriate because MDHI has failed to meet and confer in good faith. *See* § IV (Sanctions); *Goodrich Corp. v. Emhart Inds.*, Case No. EDCV 03-00079-VAP, 2005 U.S. Dist. LEXIS 17190, at *14 (C.D. Cal. June 10, 2005) (denying motion for sanctions where "many of the disputes raised in the Joint Stipulation could have been resolved by further meet and confers" and "Court intervention was clearly unnecessary to resolve several of these disagreements.").

### N.    Aerometals' Response to Request No. 15

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between YOU and Lawrence Timmons relating to MD 500 spare or replacement helicopter parts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly burdensome, and oppressive.  Aerometals objects to this interrogatory to the extent that communications may be protected, controlled and/or governed by FAA regulations.  Aerometals objects to this request on the basis that it is it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

Aerometals objects to this request to the extent that it seeks information concerning or relating to events or actions taking place or documents generated prior to September 21, 2013,

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1   the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and

2   referenced throughout MDHI's Complaint.

3        Aerometals objects to this request to the extent that it seeks information or documents

4   beyond those referenced in the Complaint, namely Document Number AMC MI-03003,

5   including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint;

6   and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission

7   referenced in paragraphs 55-56 of the Complaint.

8        Subject to and without waiving any current or future objections, Aerometals responds as

9   follows:

10       Aerometals is not currently aware of any responsive documents within the time period

11  beginning September 21, 2013, the date upon which the applicable three year copyright

12  limitations period began, as stated in 17 U.S.C. §507(b) and referenced throughout MDHI's

13  Complaint.

14  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

15       Aerometals objects to this request to the extent that it is ambiguous, overly broad,

16  unduly burdensome, and oppressive. Aerometals objects to this request to the extent that

17  communications may be protected, controlled and/or governed by FAA regulations. Aerometals

18  objects to this request on the basis that it is it is not proportional to the needs of the case,

19  considering the importance of the issues at stake in the action, the amount in controversy, the

20  parties' relative access to relevant information, the parties' resources, the importance of the

21  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

22  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

23       Subject to and without waiving these objections, Aerometals responds as follows:

24  Aerometals will produce responsive documents in its possession as can be located pursuant to a

25  reasonably diligent search. Aerometals advises that documents sought by this Request may

26  include in whole or in part some documents are many years old and may no longer be available

27  or discoverable.

28

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                          389191.3

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

### 1.   MDHI's Position

Aerometals' boilerplate objections are improper and should be removed.  If any documents have been withheld from production due to an objection, this must be clearly stated. FRCP 34(b)(2)(C).  This request is narrowly tailored to issues involving only the MD 500 and directly relates to MDHI's allegations of infringement.  Laurence Timmons of AMC submitted MDHI's intellectual property to the FAA on behalf of Aerometals.  MDHI is entitled to know what information Aerometals provided to Timmons and what Aerometals told Timmons about MDHI's intellectual property.  Responses that restrict or limit search for relevant documents are improper.  *Tyler v. City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D. Cal. April 29, 2015).  Aerometals only agreed to produce responsive documents after this motion to compel was filed and on the eve filing this joint statement, warranting sanctions against Aerometals and its attorneys of record.  Rule 37(a)(5)(A).

### 2.   Aerometals' Position

Since Aerometals has agreed to produce responsive documents, there is nothing further to compel.  Sanctions are not warranted here.  MDHI filed the motion without notice to Aerometals, and without completing its meet and confer obligations.   Aerometals was in the process of searching for the requested documents, all of which are from a period of time that ended over ten years ago at the time MDHI filed its motion.   Sanctions are not appropriate because MDHI has failed to meet and confer in good faith. *See* § IV (Sanctions); *Goodrich Corp. v. Emhart Inds.*, Case No. EDCV 03-00079-VAP, 2005 U.S. Dist. LEXIS 17190, at *14 (C.D. Cal. June 10, 2005) (denying motion for sanctions where "many of the disputes raised in the Joint Stipulation could have been resolved by further meet and confers" and "Court intervention was clearly unnecessary to resolve several of these disagreements.").

### O.   Aerometals' Response to Request No. 16

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS relating to the work AMC performed for YOU concerning MD 500 spare or replacement helicopter parts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

36

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1    Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly

2    burdensome, and oppressive.  Aerometals objects to this interrogatory to the extent that

3    communications may be protected, controlled and/or governed by FAA regulations.  Aerometals

4    objects to this request on the basis that it is it is not proportional to the needs of the case,

5    considering the importance of the issues at stake in the action, the amount in controversy, the

6    parties' relative access to relevant information, the parties' resources, the importance of the

7    discovery in resolving the issues, and whether the burden or expense of the proposed discovery

8    outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

9    Aerometals objects to this request to the extent that it seeks information concerning or

10   relating to events or actions taking place or documents generated prior to September 21, 2013,

11   the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and

12   referenced throughout MDHI's Complaint.

13   Aerometals objects to this request to the extent that it seeks information or documents

14   beyond those referenced in the Complaint, namely Document Number AMC MI-03003,

15   including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint;

16   and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission

17   referenced in paragraphs 55-56 of the Complaint.

18   Subject to and without waiving any current or future objections, Aerometals responds as

19   follows:

20   Aerometals is not currently aware of any responsive documents within the time period

21   beginning September 21, 2013, the date upon which the applicable three year copyright

22   limitations period began, as stated in 17 U.S.C. §507(b) and referenced throughout MDHI's

23   Complaint.

24   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

25   Aerometals objects to this request to the extent that it is ambiguous, overly broad,

26   unduly burdensome, and oppressive. Aerometals objects to this interrogatory to the extent that

27   communications may be protected, controlled and/or governed by FAA regulations. Aerometals

28   objects to this request on the basis that it is it is not proportional to the needs of the case,

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1    considering the importance of the issues at stake in the action, the amount in controversy, the

2    parties' relative access to relevant information, the parties' resources, the importance of the

3    discovery in resolving the issues, and whether the burden or expense of the proposed discovery

4    outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

5         Subject to and without waiving these objections, Aerometals responds as follows:

6    Aerometals will produce responsive documents in its possession as can be located pursuant to a

7    reasonably diligent search. Aerometals advises that documents sought by this Request may

8    include in whole or in part some documents are many years old and may no longer be available

9    or discoverable.

10        **1.    MDHI's Position**

11        Aerometals' boilerplate objections are improper and should be removed.  If any

12   documents have been withheld from production due to an objection, this must be clearly stated.

13   FRCP 34(b)(2)(C).  Documents relating to the work AMC performed for Aerometals are relevant

14   to the claims at issue.  This request is narrowly tailored to issues involving only the MD 500 and

15   directly relates to MDHI's allegations of infringement.  AMC submitted MDHI's intellectual

16   property to the FAA on behalf of Aerometals.  MDHI is entitled to know what information

17   Aerometals provided to AMC and what Aerometals told AMC about MDHI's intellectual

18   property.  Responses that restrict or limit search for relevant documents are improper. *Tyler v.*

19   *City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D.

20   Cal. April 29, 2015).  Aerometals only agreed to produce responsive documents after this motion

21   to compel was filed and on the eve filing this joint statement, warranting sanctions against

22   Aerometals and its attorneys of record.  Rule 37(a)(5)(A).

23        **2.    Aerometals' Position**

24        Since Aerometals has agreed to produce responsive documents, there is nothing further to

25   compel.  Sanctions are not warranted here.  MDHI filed the motion without notice to Aerometals,

26   and without completing its meet and confer obligations.   Aerometals was in the process of

27   searching for the requested documents, all of which are from a period of time that ended over ten

28   years ago at the time MDHI filed its motion.  Sanctions are not appropriate because MDHI has

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

failed to meet and confer in good faith. *See* § IV (Sanctions); *Goodrich Corp. v. Emhart Inds.*,

Case No. EDCV 03-00079-VAP, 2005 U.S. Dist. LEXIS 17190, at *14 (C.D. Cal. June 10,

2005) (denying motion for sanctions where "many of the disputes raised in the Joint Stipulation

could have been resolved by further meet and confers" and "Court intervention was clearly

unnecessary to resolve several of these disagreements.").

### P.     Aerometals' Response to Request No. 17

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS YOU provided to AMC relating to MD 500 spare or replacement

helicopter parts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly

burdensome, and oppressive.  Aerometals objects to this interrogatory to the extent that

communications may be protected, controlled and/or governed by FAA regulations.  Aerometals

objects to this request on the basis that it is it is not proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

Aerometals objects to this request to the extent that it seeks information concerning or

relating to events or actions taking place or documents generated prior to September 21, 2013,

the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and

referenced throughout MDHI's Complaint.

Aerometals objects to this request to the extent that it seeks information or documents

beyond those referenced in the Complaint, namely Document Number AMC MI-03003,

including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint;

and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission

referenced in paragraphs 55-56 of the Complaint.

Subject to and without waiving any current or future objections, Aerometals responds as

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

39

1   follows:

2        Aerometals is not currently aware of any responsive documents within the time period

3   beginning September 21, 2013, the date upon which the applicable three year copyright

4   limitations period began, as stated in 17 U.S.C. §507(b) and referenced throughout MDHI's

5   Complaint.

6   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7        Aerometals objects to this request to the extent that it is ambiguous, overly broad,

8   unduly burdensome, and oppressive. Aerometals objects to this request to the extent that

9   communications may be protected, controlled and/or governed by FAA regulations. Aerometals

10  objects to this request on the basis that it is it is not proportional to the needs of the case,

11  considering the importance of the issues at stake in the action, the amount in controversy, the

12  parties' relative access to relevant information, the parties' resources, the importance of the

13  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

14  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

15       Subject to and without waiving these objections, Aerometals responds as follows:

16  Aerometals will produce responsive documents in its possession as can be located pursuant to a

17  reasonably diligent search. Aerometals advises that documents sought by this Request may

18  include in whole or in part some documents are many years old and may no longer be available

19  or discoverable.

20       **1.**     **MDHI's Position**

21       Aerometals' boilerplate objections are improper and should be removed.  If any

22  documents have been withheld from production due to an objection, this must be clearly stated.

23  FRCP 34(b)(2)(C).  Documents relating to the work AMC performed for Aerometals are relevant

24  to the claims at issue.  This request is narrowly tailored to issues involving only the MD 500 and

25  directly relates to MDHI's allegations of infringement.  AMC submitted MDHI's intellectual

26  property to the FAA on behalf of Aerometals.  MDHI is entitled to know what information

27  Aerometals provided to AMC and what Aerometals told AMC about MDHI's intellectual

28  property.  Responses that restrict or limit search for relevant documents are improper. *Tyler v.*

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

40

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1   *City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D.

2   Cal. April 29, 2015).  Aerometals only agreed to produce responsive documents after this motion

3   to compel was filed and on the eve filing this joint statement, warranting sanctions against

4   Aerometals and its attorneys of record.  Rule 37(a)(5)(A).

5                    **2.      Aerometals' Position**

6          Since Aerometals has agreed to produce responsive documents, there is nothing further

7   to compel.  Sanctions are not warranted here.  MDHI filed the motion without notice to

8   Aerometals, and without completing its meet and confer obligations.    Aerometals was in the

9   process of searching for the requested documents, all of which are from a period of time that

10  ended over ten years ago at the time MDHI filed its motion.  Sanctions are not appropriate

11  because MDHI has failed to meet and confer in good faith. *See* § IV (Sanctions); *Goodrich Corp.*

12  *v. Emhart Inds.*, Case No. EDCV 03-00079-VAP, 2005 U.S. Dist. LEXIS 17190, at *14 (C.D.

13  Cal. June 10, 2005) (denying motion for sanctions where "many of the disputes raised in the

14  Joint Stipulation could have been resolved by further meet and confers" and "Court intervention

15  was clearly unnecessary to resolve several of these disagreements.").

16         **Q.      Aerometals' Response to Request No. 18**

17  **REQUEST FOR PRODUCTION NO. 18:**

18         All DOCUMENTS YOU received from AMC relating to MD 500 spare or replacement

19  helicopter parts.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

21         Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly

22  burdensome, and oppressive. Aerometals objects to this interrogatory to the extent that

23  communications may be protected, controlled and/or governed by FAA regulations. Aerometals

24  objects to this request on the basis that it is it is not proportional to the needs of the case,

25  considering the importance of the issues at stake in the action, the amount in controversy, the

26  parties' relative access to relevant information, the parties' resources, the importance of the

27  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

28  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                              389191.3

1    Aerometals objects to this request to the extent that it seeks information concerning or

2    relating to events or actions taking place or documents generated prior to September 21, 2013,

3    the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and

4    referenced throughout MDHI's Complaint.

5    Aerometals objects to this request to the extent that it seeks information or documents

6    beyond those referenced in the Complaint, namely Document Number AMC MI-03003,

7    including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint;

8    and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission

9    referenced in paragraphs 55-56 of the Complaint.

10   Subject to and without waiving any current or future objections, Aerometals responds as

11   follows:   Aerometals is not currently aware of any responsive documents within the time period

12   beginning September 21, 2013, the date upon which the applicable three year copyright

13   limitations period began, as stated in 17 U.S.C. §507(b) and referenced throughout MDHI's

14   Complaint.

15   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

16   Aerometals objects to this request to the extent that it is ambiguous, overly broad,

17   unduly burdensome, and oppressive. Aerometals objects to this request to the extent that

18   communications may be protected, controlled and/or governed by FAA regulations. Aerometals

19   objects to this request on the basis that it is it is not proportional to the needs of the case,

20   considering the importance of the issues at stake in the action, the amount in controversy, the

21   parties' relative access to relevant information, the parties' resources, the importance of the

22   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

23   outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

24   Subject to and without waiving these objections, Aerometals responds as follows:

25   Aerometals will produce responsive documents in its possession as can be located pursuant to a

26   reasonably diligent search. Aerometals advises that documents sought by this Request may

27   include in whole or in part some documents are many years old and may no longer be available

28   or discoverable.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                    389191.3

1

### 1.   MDHI's Position

2   Aerometals' boilerplate objections are improper and should be removed.  If any

3   documents have been withheld from production due to an objection, this must be clearly stated.

4   FRCP 34(b)(2)(C).  Documents relating to the work AMC performed for Aerometals are relevant

5   to the claims at issue.  This request is narrowly tailored to issues involving only the MD 500 and

6   directly relates to MDHI's allegations of infringement.  AMC submitted MDHI's intellectual

7   property to the FAA on behalf of Aerometals.  MDHI is entitled to know what information

8   Aerometals provided to AMC and what Aerometals told AMC about MDHI's intellectual

9   property.  Responses that restrict or limit search for relevant documents are improper.  *Tyler v.*

10   *City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D.

11   Cal. April 29, 2015).  Aerometals only agreed to produce responsive documents after this motion

12   to compel was filed and on the eve filing this joint statement, warranting sanctions against

13   Aerometals and its attorneys of record.  Rule 37(a)(5)(A).

### 2.   Aerometals' Position

14

15   Since Aerometals has agreed to produce responsive documents, there is nothing further to

16   compel.  Sanctions are not warranted here.  MDHI filed the motion without notice to Aerometals,

17   and without completing its meet and confer obligations.  Aerometals was in the process of

18   searching for the requested documents, all of which are from a period of time that ended over ten

19   years ago at the time MDHI filed its motion.  Sanctions are not appropriate because MDHI has

20   failed to meet and confer in good faith. *See* § IV (Sanctions); *Goodrich Corp. v. Emhart Inds.*,

21   Case No. EDCV 03-00079-VAP, 2005 U.S. Dist. LEXIS 17190, at *14 (C.D. Cal. June 10,

22   2005) (denying motion for sanctions where "many of the disputes raised in the Joint Stipulation

23   could have been resolved by further meet and confers" and "Court intervention was clearly

24   unnecessary to resolve several of these disagreements.").

25   **R.   Aerometals' Response to Request No. 19**

26   **REQUEST FOR PRODUCTION NO. 19:**

27   All contracts or agreements between YOU and AMC relating to MD 500 spare or

28   replacement helicopter parts.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

43

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

389191.3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly burdensome, and oppressive.  Aerometals objects to this interrogatory to the extent that communications may be protected, controlled and/or governed by FAA regulations.  Aerometals objects to this request on the basis that it is it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

Aerometals objects to this request to the extent that it seeks information concerning or relating to events or actions taking place or documents generated prior to September 21, 2013, the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and referenced throughout MDHI's Complaint.

Aerometals objects to this request to the extent that it seeks information or documents beyond those referenced in the Complaint, namely Document Number AMC MI-03003, including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint; and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission referenced in paragraphs 55-56 of the Complaint.

Subject to and without waiving any current or future objections, Aerometals responds as follows:  Aerometals is not currently aware of any responsive documents within the time period beginning September 21, 2013, the date upon which the applicable three year copyright limitations period began, as stated in 17 U.S.C. §507(b) and referenced throughout MDHI's Complaint.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly burdensome, and oppressive. Aerometals objects to this request to the extent that communications may be protected, controlled and/or governed by FAA regulations. Aerometals objects to this request on the basis that it is it is not proportional to the needs of the case,

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

1    considering the importance of the issues at stake in the action, the amount in controversy, the

2    parties' relative access to relevant information, the parties' resources, the importance of the

3    discovery in resolving the issues, and whether the burden or expense of the proposed discovery

4    outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

5              Subject to and without waiving these objections, Aerometals responds as follows:

6    Aerometals will produce responsive documents in its possession as can be located pursuant to a

7    reasonably diligent search. Aerometals advises that documents sought by this Request may

8    include in whole or in part some documents are many years old and may no longer be available

9    or discoverable.

10              **1.      MDHI's Position**

11              Aerometals' boilerplate objections are improper and should be removed.  If any

12   documents have been withheld from production due to an objection, this must be clearly stated.

13   FRCP 34(b)(2)(C).  Documents relating to the work AMC performed for Aerometals are relevant

14   to the claims at issue.  This request is narrowly tailored to issues involving only the MD 500 and

15   directly relates to MDHI's allegations of infringement.  AMC submitted MDHI's intellectual

16   property to the FAA on behalf of Aerometals.  MDHI is entitled to know what information

17   Aerometals provided to AMC and what Aerometals told AMC about MDHI's intellectual

18   property.  Responses that restrict or limit search for relevant documents are improper. *Tyler v.*

19   *City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D.

20   Cal. April 29, 2015).  Aerometals only agreed to produce responsive documents after this motion

21   to compel was filed and on the eve filing this joint statement, warranting sanctions against

22   Aerometals and its attorneys of record.  Rule 37(a)(5)(A).

23              **2.      Aerometals' Position**

24              Since Aerometals has agreed to produce responsive documents, there is nothing further to

25   compel.  Sanctions are not warranted here.  MDHI filed the motion without notice to Aerometals,

26   and without completing its meet and confer obligations.  Aerometals was in the process of

27   searching for the requested documents, all of which are from a period of time that ended over ten

28   years ago at the time MDHI filed its motion.  Sanctions are not appropriate because MDHI has

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

1  failed to meet and confer in good faith. *See* § IV (Sanctions); *Goodrich Corp. v. Emhart Inds.*,

2  Case No. EDCV 03-00079-VAP, 2005 U.S. Dist. LEXIS 17190, at *14 (C.D. Cal. June 10,

3  2005) (denying motion for sanctions where "many of the disputes raised in the Joint Stipulation

4  could have been resolved by further meet and confers" and "Court intervention was clearly

5  unnecessary to resolve several of these disagreements.").

6  **S.   Aerometals' Response to Request No. 21**

7  **REQUEST FOR PRODUCTION NO. 21:**

8      All COMMUNICATIONS between YOU and MDHI.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

10     Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly

11  burdensome, and oppressive.  Aerometals objects to this interrogatory to the extent that

12  communications may be protected, controlled and/or governed by FAA regulations.  Aerometals

13  objects to this request on the basis that it is it is not proportional to the needs of the case,

14  considering the importance of the issues at stake in the action, the amount in controversy, the

15  parties' relative access to relevant information, the parties' resources, the importance of the

16  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

17  outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  Aerometals objects to this request to the

18  extent that the documents are available and within the control of MDHI.

19     Aerometals objects to this request to the extent that it seeks information concerning or

20  relating to events or actions taking place or documents generated prior to September 21, 2013,

21  the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and

22  referenced throughout MDHI's Complaint.

23     Aerometals objects to this request to the extent that it seeks information or documents

24  beyond those referenced in the Complaint, namely Document Number AMC MI-03003,

25  including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint;

26  and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission

27  referenced in paragraphs 55-56 of the Complaint.

28     Subject to and without waiving any current or future objections, Aerometals responds as

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1  follows:  Aerometals is not currently aware of any responsive documents within the time period

2  beginning September 21, 2013, the date upon which the applicable three year copyright

3  limitations period began, as stated in 17 U.S.C. §507(b) and referenced throughout MDHI's

4  Complaint.

5  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

6  Aerometals objects to this request to the extent that it is ambiguous, overly broad,

7  unduly burdensome, and oppressive. Aerometals objects to this request to the extent that

8  communications may be protected, controlled and/or governed by FAA regulations. Aerometals

9  objects to this request on the basis that it is it is not proportional to the needs of the case,

10  considering the importance of the issues at stake in the action, the amount in controversy, the

11  parties' relative access to relevant information, the parties' resources, the importance of the

12  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

13  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Aerometals objects to this request to the

14  extent that the documents are available and within the control of MDHI.

15  Subject to and without waiving these objections, Aerometals responds as follows:

16  Aerometals is unable to determine from the breadth of this request, and the absence of any stated

17  period or subject matter, the relevance of any this request. Nonetheless, Aerometals will conduct

18  a diligent search and produce responsive documents in its possession that concern the sale of MD

19  500 helicopter parts.

20  **1.     MDHI's Position**

21  Aerometals' boilerplate objections are improper and should be removed.  If any

22  documents have been withheld from production due to an objection, this must be clearly stated.

23  FRCP 34(b)(2)(C).  Communications between the parties are relevant to the claims at issue,

24  particularly any approvals MDHI allegedly gave to Aerometals for use of its proprietary

25  materials or any other discussions about the use of MDHI's intellectual property.  Responses that

26  restrict or limit search for relevant documents are improper. *Tyler v. City of San Diego*, 2015

27  U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D. Cal. April 29, 2015).

28  Aerometals only agreed to produce responsive documents after this motion to compel was filed

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

1   and on the eve filing this joint statement, warranting sanctions against Aerometals and its

2   attorneys of record.  Rule 37(a)(5)(A).

3           **2.      Aerometals' Position**

4           This is an extremely broad request, which seeks documents that should equally be

5   available to MDHI.  The request does not even attempt to narrow the scope of the request to

6   documents that may be relevant to any issues in dispute in this litigation.  Nevertheless,

7   Aerometals has agreed to produce responsive documents, pursuant to meet and confer (which has

8   not yet happened.)  There is nothing further to compel.  Sanctions are not warranted here.  MDHI

9   filed the motion without notice to Aerometals, and without completing its meet and confer

10  obligations.    Aerometals was in the process of searching for the requested documents, all of

11  which are from a period of time that ended over ten years ago at the time MDHI filed its motion.

12  Sanctions are not appropriate because MDHI has failed to meet and confer in good faith. *See* §

13  IV (Sanctions); *Goodrich Corp. v. Emhart Inds.*, Case No. EDCV 03-00079-VAP, 2005 U.S.

14  Dist. LEXIS 17190, at *14 (C.D. Cal. June 10, 2005) (denying motion for sanctions where

15  "many of the disputes raised in the Joint Stipulation could have been resolved by further meet

16  and confers" and "Court intervention was clearly unnecessary to resolve several of these

17  disagreements.").

18          **T.      Aerometals' Response to Request No. 23**

19  **REQUEST FOR PRODUCTION NO. 23:**

20          All DOCUMENTS relating to MDHI's purported authorization for YOU to utilize

21  MDHI's intellectual property, data, engineering drawings, copyrighted material or proprietary

22  information relating to MD 500 spare or replacement helicopter parts.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

24          Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly

25  burdensome, and oppressive.  Aerometals objects to this request on the basis that it is it is not

26  proportional to the needs of the case, considering the importance of the issues at stake in the

27  action, the amount in controversy, the parties' relative access to relevant information, the parties'

28  resources, the importance of the discovery in resolving the issues, and whether the burden or

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1  expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

2  Aerometals objects to this request to the extent that the documents are available and within the

3  control of MDHI.

4       Aerometals objects to this request to the extent that it seeks information concerning or

5  relating to events or actions taking place or documents generated prior to September 21, 2013,

6  the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and

7  referenced throughout MDHI's Complaint.

8       Aerometals objects to this request to the extent that it seeks information or documents

9  beyond those referenced in the Complaint, namely Document Number AMC MI-03003,

10 including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint;

11 and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission

12 referenced in paragraphs 55-56 of the Complaint.

13      Subject to and without waiving any current or future objections, Aerometals responds as

14 follows:  Aerometals is not currently aware of any responsive documents other than the letter

15 referenced in RFP Number 22 within the time period beginning September 21, 2013, the date

16 upon which the applicable three year copyright limitations period began, as stated in 17 U.S.C.

17 §507(b) and referenced throughout MDHI's Complaint.

18 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

19      Aerometals objects to this request to the extent that it is ambiguous, overly broad,

20 unduly burdensome, and oppressive.

21      Subject to these objections, Aerometals responds as follows: Aerometals is not currently

22 aware of any specific responsive documents other than the letter referenced in RFP Number 22.

23          **1.    MDHI's Position**

24      Aerometals' boilerplate objections are improper and should be removed.  If any

25 documents have been withheld from production due to an objection, this must be clearly stated.

26 FRCP 34(b)(2)(C).  These documents are relevant to the claims alleged in the complaint.

27 Responses that restrict or limit search for relevant documents are improper.  *Tyler v. City of San*

28 *Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D. Cal. April 29,

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

49

2015).  Aerometals only agreed to respond regarding responsive documents outside the three year statute of limitations after this motion to compel was filed and on the eve filing this joint statement, warranting sanctions against Aerometals and its attorneys of record.  Rule 37(a)(5)(A).

### 2.     Aerometals' Position

Since Aerometals is not aware of any responsive documents, there is nothing further to compel.  Sanctions are not warranted here.  MDHI filed the motion without notice to Aerometals, and without completing its meet and confer obligations.    Aerometals was in the process of searching for the requested documents, which encompass a long time period (over several decades) at the time MDHI filed its motion.  Sanctions are not appropriate because MDHI has failed to meet and confer in good faith. *See* § IV (Sanctions); *Goodrich Corp. v. Emhart Inds.*, Case No. EDCV 03-00079-VAP, 2005 U.S. Dist. LEXIS 17190, at *14 (C.D. Cal. June 10, 2005) (denying motion for sanctions where "many of the disputes raised in the Joint Stipulation could have been resolved by further meet and confers" and "Court intervention was clearly unnecessary to resolve several of these disagreements.").

### U.     Aerometals' Response to Request No. 24

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS relating to Armed Services Board of Contract Appeals Case No.53688 including the declaration of Mr. Rex Kamphefner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly burdensome, and oppressive.  Aerometals objects to this interrogatory as not within the scope of Rule 26(b)(1) in that the interrogatory is not relevant to any party's claims or defenses in this action.  Aerometals objects to this request on the basis that it is it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  Aerometals objects to

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

50

1  this request to the extent that the documents requested are publicly available.

2      Aerometals objects to this request to the extent that it calls for information or documents

3  subject to the attorney-client privilege and the attorney work product doctrine.

4      Aerometals objects to this request to the extent that it seeks information concerning or

5  relating to events or actions taking place or documents generated prior to September 21, 2013,

6  the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and

7  referenced throughout MDHI's Complaint.

8      Aerometals objects to this request to the extent that it seeks information or documents

9  beyond those referenced in the Complaint, namely Document Number AMC MI-03003,

10  including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint;

11  and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission

12  referenced in paragraphs 55-56 of the Complaint.

13      Subject to and without waiving any current or future objections, Aerometals responds as

14  follows:  Aerometals will not produce documents responsive to this request.

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

16      Aerometals objects to this request to the extent that it is ambiguous, overly broad,

17  unduly burdensome, and oppressive. Aerometals objects to this request as not within the scope of

18  Rule 26(b)(1) in that the documents sought are not relevant to any party's claims or defenses in

19  this action, as that matter did not concern any issues relevant to the current dispute. Aerometals

20  objects to this request on the basis that it is it is not proportional to the needs of the case,

21  considering the importance of the issues at stake in the action, the amount in controversy, the

22  parties' relative access to relevant information, the parties' resources, the importance of the

23  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

24  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Aerometals objects to this request to the

25  extent that the documents requested are publicly available.

26      Aerometals objects to this request to the extent that it calls for information or

27  documents subject to the attorney-client privilege and the attorney work product doctrine.

28      Subject to and without waiving these objections, Aerometals responds as follows:

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                              389191.3

1    Aerometals will not produce documents responsive to this request.

2        **1.    MDHI's Position**

3        Aerometals' boilerplate objections are improper and should be removed.  If any

4    documents have been withheld from production due to an objection, this must be clearly stated.

5    FRCP 34(b)(2)(C).  These documents are relevant to determine whether Aerometals lawfully

6    acquired MDHI's OEM drawings.  These documents describe the circumstances as to how

7    Aerometals' principal, Rex Kamphefner, came into possession of Aerometals' OEM drawings.

8    Responses that restrict or limit search for relevant documents are improper.  *Tyler v. City of San*

9    *Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D. Cal. April 29,

10    2015).  These documents are relevant and the request is narrowly tailored.

11        This Court has held that unsupported boilerplate objections to discovery are insufficient,

12    and their use waives any legitimate objection.

13        General or boilerplate objections, i.e., those based on broad assertions of
          irrelevance, attorney-client privilege, overbreadth and burdensomeness, are
14        improper and do not meet this standard, especially when a party fails to submit
          any evidentiary declarations supporting such objections.  See *Farber & Partners,*
15        *Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).  Exclusive reliance on such
          boilerplate objections waives any legitimate objection that could have been raised.
16        *Gorrel v. Sneath*, 292 F.R.D. 629, 634-635 (E.D. Cal. 2013).

17
      *Cengage Learning, Inc. v. Davis Textbooks*, 2016 U.S. Dist. LEXIS 119393 *4 (E.D. Cal. Sep. 2,
18
      2016).  Aerometals' boilerplate objections relating to "attorney-client privilege and attorney
19
      work product doctrine" are not well taken.  Such generalized privilege objections are not
20
      permissible and do not preserve any privilege.  *Carmichael Lodge No. 2103, Benevolent &*
21
      *Protective Order of Elks of U.S. of Am. v. Leonard*, No. CIV S-07-2665 LKK GGH, 2009 WL
22
      1118896, at *4 (E.D. Cal. Apr. 23, 2009).  The Eastern District of California explained how
23
      unsupported privilege objections are not permissible and leave the receiving party in the dark
24
      about whether documents have been withheld as follows:
25
          Thirdly, boilerplate privilege objections are not permissible. It is somewhat of an
26        urban legend that good lawyering always requires an introductory, general
          assertion that information/materials subject to a privilege (whatever that
27        unidentified information or those materials may be) are not being utilized or
          produced. Counsel then believe they have protected their client by making the
28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

52

response unclearly based such that additional information can later be produced, or have protected their client from having to produce privileged information/material. In fact, and in law, the opposite is true. Unless there really exists some information subject to privilege, which should be then identified in a privilege log, one may not make the privilege assertion "just in case." The party receiving such a response is in the dark as to what may, or may not, actually have been withheld. Assertion of privilege is a serious matter. If there is indeed no identifiable, privileged information/material, it is an abuse of discovery process to suggest that such exists.

*Id.* These boilerplate privilege objections are improper and Aerometals should fully respond to this request.

## 2.    Aerometals' Position

MDHI's argument on this request is solely directed to Aerometals' objections. MDHI offers no argument whatsoever as to why the requested documents should be produced. MDHI's motion should be denied: all of Aerometals' objections have merit, given the fact that the request seeks documents that have no relevance to the present dispute.

Robert Metzger, who is counsel for Aerometals in this litigation, represented Aerometals in the Armed Services Board of Contract Appeals (ASBCA) Litigation. Declaration of Robert S. Metzger, April 12, 2017, ¶¶ 1, 2 ("Metzger Declaration). The litigation was concluded in 2004 – nearly a decade before September 21, 2013, the date within the three-year statute of limitations that applies to copyright infringement actions. *Id.* at ¶ 4. As Mr. Metzger explains, it is his recollection that the ASBCA case involved an appeal from a decision by the U.S. Army to terminate for default contracts which it had with Aerometals to supply parts for military helicopters that were operated only by the U.S. military. *Id.* at ¶ 5. The instant MDHI copyright infringement action concerns MD500 helicopters, not the military helicopters. He also recalls that that the case was resolved by a settlement agreement that included relief from the default termination. *Id.* at ¶ 4.

It would be burdensome for Aerometals to locate and produce even the requested documents, particularly given the broad scope of the request, which asks not only for documents generated or filed in the matter, but all documents "relating to" the matter. The existence of

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1   availability of any such documents is not now known.  Potentially, the request would encompass

2   attorney-client privileged documents, as well as attorney work product, if such records still exist,

3   along with other filings, discovery, and other documents.  This request does not pass the test of

4   "proportionality" under Rule 26(b)(1).  Plaintiff seems to think that that its thinly supported

5   assertions of "relevance," are enough to burden Aerometals with this additional discovery, but

6   "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative

7   fishing expedition." Murphy v. Deloitte & Touche Grp. Ins. Plan, 619 F.3d 1151, 1163 (10th Cir.

8   2010).

9          MDHI's discovery requests must be proportional to the needs of the case.  "All

10  discovery, even if otherwise permitted by the Federal Rules of Civil Procedure because it is

11  likely to yield relevant evidence, is subject to the court's obligation to balance its utility against

12  its cost." *U.S. ex rel. McBride v. Halliburton Co*., 272 F.R.D. 235, 240 (D.D.C. 2011).  In 2015,

13  Rule 26 was amended to place even greater emphasis on proportionality in discovery.  *Henry v.*

14  *Morgan's Hotel Group*, No. 15-CV-1789 (ER) (JLC), 2016 U.S. Dist. LEXIS 8406, at *9

15  (S.D.N.Y. Jan. 25, 2016) ("the amended Rule is intended to "encourage judges to be more

16  aggressive in identifying and discouraging discovery overuse" by emphasizing the need to

17  analyze proportionality before ordering production of relevant information.") (citing Fed. R. Civ.

18  P. 26(b)(1) advisory committee's notes to 2015 amendment). As one court recently explained,

19  "the Advisory Committee on Civil Rules elevat[ed] proportionality in defining the scope of

20  permissible discovery." *Gilead Scis., Inc. v. Merck & Co*., Case No. 5:13-cv-04057-BLF, 2016

21  U.S. Dist. LEXIS 5616 at *4-5 (N.D. Cal Jan. 13, 2016).  Under the amended rule, "a party

22  seeking discovery of relevant, non-privileged information must show, before anything else, that

23  the discovery sought is proportional to the needs of the case." *Id*. at *4 (emphasis added).

24         Further, MDHI has not established the importance of this discovery in resolving the

25  issues in this copyright infringement case involving the MD 500.  Given the complete absence of

26  any argument as to why these documents are relevant to the present matter, the motion to compel

27  should be denied.

28

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

## V.   Aerometals' Response to Request No. 25

**REQUEST FOR PRODUCTION NO. 25:**

All original equipment manufacturer drawings for parts for the MD 500 series of helicopters obtained by YOU from any source.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly burdensome, and oppressive.  Aerometals objects to this interrogatory as not within the scope of Rule 26(b)(1) in that the interrogatory is not relevant to any party's claims or defenses in this action.  Aerometals objects to this request on the basis that it is it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  Aerometals objects to this request on the basis that the documents requested are equally within MDHI's possession.

Aerometals objects to this request to the extent that it seeks information concerning or relating to events or actions taking place or documents generated prior to September 21, 2013, the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and referenced throughout MDHI's Complaint.

Aerometals objects to this request to the extent that it seeks information or documents beyond those referenced in the Complaint, namely Document Number AMC MI-03003, including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint; and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission referenced in paragraphs 55-56 of the Complaint.

Subject to and without waiving any current or future objections, Aerometals responds as follows:  Aerometals will not produce documents in response to this request because copies of these documents are equally available to and within MDHI's possession.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

389191.3

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly burdensome, and oppressive. Aerometals objects to this request as not within the scope of Rule 26(b)(1) in that the documents sought are not relevant to any party's claims or defenses in this action. Aerometals objects to this request on the basis that it is it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving these objections, Aerometals responds as follows:

Aerometals will produce any OEM drawings included as reference materials provided to the FAA as part of PMA or STC applications. Aerometals did not incorporate or otherwise use OEM drawings in connection with the PMAs and STCs is applied for or obtained. Aerometals will not produce any responsive documents other than those that were included in any FAA applications, if any, as any other OEM drawings in its possession are not relevant to any claims or defenses in this action, and would be extremely burdensome and costly to produce.

### 1.    MDHI's Position

Aerometals' boilerplate objections are improper and should be removed.  If any documents have been withheld from production due to an objection, this must be clearly stated. FRCP 34(b)(2)(C).  These documents are relevant to the claims alleged in the complaint and to determine whether Aerometals lawfully acquired these drawings.  These documents are at the heart of MDHI's claim against Aerometals.  MDHI is entitled to learn which of its OEM drawings are in the possession of Aerometals and how Aerometals obtained them.  Responses that restrict or limit search for relevant documents are improper.  *Tyler v. City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D. Cal. April 29, 2015). These documents are relevant and the request is narrowly tailored.

Aerometals may not limit its response only to OEM drawings actually submitted to the FAA for several reasons.  Many Aerometals' reports to the FAA state that Aerometals prepared

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                          389191.3

1   its own drawings directly from MDHI's OEM drawings.  This would be an impermissible

2   derivative work and an infringement on MDHI's copyright.  The OEM drawings may not have

3   been submitted to the FAA, but these drawings were improperly used to create a derivative work.

4   In addition, MDHI's unfair competition claims extend beyond mere copying and preparing

5   derivative works.  Any improper or unfair use of MDHI's OEM drawings would support

6   MDHI's claims for unfair competition.  MDHI should therefore be permitted to discover all

7   OEM drawings in Aerometals' possession and how they were obtained.

8          Aerometals only agreed to produce some responsive documents after this motion to

9   compel was filed and on the eve filing this joint statement, warranting sanctions against

10  Aerometals and its attorneys of record.  Rule 37(a)(5)(A).  To date no responsive documents

11  have been produced.

12             **2.    Aerometals' Position**

13         This request seeks to impose an extreme and unnecessary burden on Aerometals, one that

14  is not proportionate to the issues in dispute in this matter.  As Aerometals has stated, Aerometals

15  possesses many thousands of OEM engineering drawings that it has obtained from various

16  sources over many decades of working with the MD 500 series aircraft.  Aerometals denies that

17  its possession of any such documents is improper; in any event, its mere possession of these

18  documents is not at issue in this lawsuit.  MDHI does not allege theft of these documents by

19  Aerometals and does not allege any license between MDHI and Aerometals or any other legal

20  theory that would have any bearing on Aerometals' possession of these drawings.   Only the

21  alleged improper use of such documents can be the basis for any claims by MDHI here, as it

22  evident from the arguments MDHI makes above, as well as the Complaint, which does not

23  contain any allegations concerning Aerometals' possession (without use) of OEM drawings.

24  See, e.g., Complaint at ¶¶ 42-43, 48-49, 50-51.  Nor does MDHI limit this request to drawings

25  for parts for which Aerometals has received PMA or STC approval.    MDHI's request is not

26  limited in any way, and would therefore require the production of numerous documents that have

27  nothing to do with its claims here.

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

1    Further, as far as Aerometals is aware, MDHI has equal possession of these drawings if it

2    wishes to compare and contrast particular drawings with Aerometals' independently-generated

3    drawings.  To the extent that MDHI needs to request whether Aerometals has specific drawings

4    after MDHI has done a reasonable investigation, MDHI may request that information in the

5    future.  To date, MDHI has not presented any valid grounds for this request.

6    Requiring Aerometals to produce all of the OEM drawings in its possession, regardless of

7    whether it used those drawings in any way addressed by the complaint would be extremely

8    burdensome.  Aerometals has had a document production specialist examine the set of

9    documents, and his estimate is that producing copies of all of the OEM drawings  would require

10   up to 35 days and would cost between $64,000 and $100,000.  Ackert Decl. at ¶¶ 33-36.  Partly

11   this is the case because many of the drawings are many decades old, some dating from the 1960s.

12   Symon Decl., ¶11.  Imposing such an obligation on Aerometals under the circumstances is

13   completely without justification.

14   MDHI's discovery requests must be proportional to the needs of the case.  "All

15   discovery, even if otherwise permitted by the Federal Rules of Civil Procedure because it is

16   likely to yield relevant evidence, is subject to the court's obligation to balance its utility against

17   its cost." *U.S. ex rel. McBride v. Halliburton Co.*, 272 F.R.D. 235, 240 (D.D.C. 2011).  In 2015,

18   Rule 26 was amended to place even greater emphasis on proportionality in discovery.  *Henry v.*

19   *Morgan's Hotel Group*, No. 15-CV-1789 (ER) (JLC), 2016 U.S. Dist. LEXIS 8406, at *9

20   (S.D.N.Y. Jan. 25, 2016) ("the amended Rule is intended to "encourage judges to be more

21   aggressive in identifying and discouraging discovery overuse" by emphasizing the need to

22   analyze proportionality before ordering production of relevant information.") (citing Fed. R. Civ.

23   P. 26(b)(1) advisory committee's notes to 2015 amendment). As one court recently explained,

24   "the Advisory Committee on Civil Rules elevat[ed] proportionality in defining the scope of

25   permissible discovery."  *Gilead Scis., Inc. v. Merck & Co.*, Case No. 5:13-cv-04057-BLF, 2016

26   U.S. Dist. LEXIS 5616 at *4-5 (N.D. Cal Jan. 13, 2016).  Under the amended rule, "a party

27   seeking discovery of relevant, non-privileged information must show, before anything else, that

28   the discovery sought is proportional to the needs of the case." *Id.* at *4 (emphasis added).

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1    As Aerometals has stated, where MDHI drawings were attached as reference material in

2  PMA and STC reports sent to the FAA, those drawings will be produced as part of those reports.

3  The burden of producing MDHI drawings held by Aerometals and never used as reference

4  material in PMA or STC documents is not remotely proportional to the needs of the case.

5    **W.    Aerometals' Response to Request No. 26**

6  **REQUEST FOR PRODUCTION NO. 26:**

7    All contracts between YOU and representatives of the United States Special Operations

8  Command ("SOCOM") for MD 500 spare and replacement parts.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

10    Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly

11  burdensome, and oppressive.  Aerometals objects to this interrogatory as not within the scope of

12  Rule 26(b)(1) in that the interrogatory is not relevant to any party's claims or defenses in this

13  action.  Aerometals objects to this request on the basis that it is it is not proportional to the needs

14  of the case, considering the importance of the issues at stake in the action, the amount in

15  controversy, the parties' relative access to relevant information, the parties' resources, the

16  importance of the discovery in resolving the issues, and whether the burden or expense of the

17  proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

18    Aerometals objects to this request to the extent that it seeks information concerning or

19  relating to events or actions taking place or documents generated prior to September 21, 2013,

20  the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and

21  referenced throughout MDHI's Complaint.

22    Aerometals objects to this request to the extent that it seeks information or documents

23  beyond those referenced in the Complaint, namely Document Number AMC MI-03003,

24  including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint;

25  and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission

26  referenced in paragraphs 55-56 of the Complaint.

27    Subject to and without waiving any current or future objections, Aerometals responds as

28  follows:  Aerometals will not produce documents responsive to this request.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly burdensome, and oppressive. Aerometals objects to this request as not within the scope of Rule 26(b)(1) in that the documents sought are not relevant to any party's claims or defenses in this action. Aerometals objects to this request on the basis that it is it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving these objections, Aerometals responds as follows: Aerometals will not produce documents responsive to this request.

### 1. MDHI's Position

Aerometals' boilerplate objections are improper and should be removed.  If any documents have been withheld from production due to an objection, this must be clearly stated. FRCP 34(b)(2)(C).  These documents are relevant to the claims alleged in the complaint and to determine whether Aerometals lawfully acquired the OEM drawings from the U.S. Government. The terms of any contract between Aerometals and U.S. Government relating to MD500 parts would be highly relevant to this issue.  Responses that restrict or limit search for relevant documents are improper.  *Tyler v. City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D. Cal. April 29, 2015).  These documents are relevant and the request is narrowly tailored to only MD500 parts.

### 2. Aerometals' Position

MDHI's thin argument fails to support the burdensome nature and reach of this request. The only justification offered to compel further responses is that contracts between Aerometals and the U.S. Government would be relevant to whether Aerometals lawfully acquired OEM drawings from the government.  The motion to compel should be denied.

First. Aerometals' objections are all valid and are not boilerplate.  The request is extremely burdensome.  Any contracts with SOCOM were completed by 2004 at the latest, and

60

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1  searching for responsive documents would be difficult given the passage of time.  Symon Decl.,

2  ¶18.  The contracts themselves concern matters completely separate from any issues in this

3  litigation, military contracts for parts for the military versions of the MD 500.

4  　　　Second, the purported justification does not support an order compelling further response.

5  First, MDHI's claims arise from the alleged misuse of OEM drawings, not their possession.

6  Second, the contracts between Aerometals and SOCOM will not likely address OEM drawings

7  or the authorization for Aerometals to obtain and possess such drawings.  Even if the contracts

8  did address that issue, there is no dispute that in fact Aerometals was entitled to and did receive

9  OEM drawings as part of its government contracts, as necessary to the completion of the

10  contract.  Nothing about that is relevant to any issues in dispute in this matter, and MDHI has not

11  even tried to argue otherwise.  Third, there is no allegation that any drawings that may have been

12  received by Aerometals in connection with a SOCOM contract have any relevance to any claims

13  here:  the parts covered by those contracts may be completely unrelated to any PMA or STC

14  parts, let alone any that involve alleged claims.

15  　　　MDHI's discovery requests must be proportional to the needs of the case.  "All

16  discovery, even if otherwise permitted by the Federal Rules of Civil Procedure because it is

17  likely to yield relevant evidence, is subject to the court's obligation to balance its utility against

18  its cost." *U.S. ex rel. McBride v. Halliburton Co*., 272 F.R.D. 235, 240 (D.D.C. 2011).  In 2015,

19  Rule 26 was amended to place even greater emphasis on proportionality in discovery.  *Henry v.*

20  *Morgan's Hotel Group*, No. 15-CV-1789 (ER) (JLC), 2016 U.S. Dist. LEXIS 8406, at *9

21  (S.D.N.Y. Jan. 25, 2016) ("the amended Rule is intended to "encourage judges to be more

22  aggressive in identifying and discouraging discovery overuse" by emphasizing the need to

23  analyze proportionality before ordering production of relevant information.") (citing Fed. R. Civ.

24  P. 26(b)(1) advisory committee's notes to 2015 amendment). As one court recently explained,

25  "the Advisory Committee on Civil Rules elevat[ed] proportionality in defining the scope of

26  permissible discovery."  *Gilead Scis., Inc. v. Merck & Co*., Case No. 5:13-cv-04057-BLF, 2016

27  U.S. Dist. LEXIS 5616 at *4-5 (N.D. Cal Jan. 13, 2016).  Under the amended rule, "a party

28

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

1  seeking discovery of relevant, non-privileged information must show, before anything else, that

2  the discovery sought is proportional to the needs of the case." *Id.* at *4 (emphasis added).

3        As Aerometals has stated, where MDHI drawings were attached as reference material in

4  PMA and STC reports sent to the FAA, those drawings will be produced as part of those reports.

5  The burden of producing MDHI drawings held by Aerometals and never used as reference

6  material in PMA or STC documents is not remotely proportional to the needs of the case.

7        **X.    Aerometals' Response to Request No. 27**

8  **REQUEST FOR PRODUCTION NO. 27:**

9        All COMMUNICATIONS between YOU and representatives of the United States

10  Special Operations Command ("SOCOM") for MD 500 spare and replacement parts.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

12        Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly

13  burdensome, and oppressive.  Aerometals objects to this interrogatory as not within the scope of

14  Rule 26(b)(1) in that the interrogatory is not relevant to any party's claims or defenses in this

15  action.  Aerometals objects to this request on the basis that it is it is not proportional to the needs

16  of the case, considering the importance of the issues at stake in the action, the amount in

17  controversy, the parties' relative access to relevant information, the parties' resources, the

18  importance of the discovery in resolving the issues, and whether the burden or expense of the

19  proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

20        Aerometals objects to this request to the extent that it seeks information concerning or

21  relating to events or actions taking place or documents generated prior to September 21, 2013,

22  the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and

23  referenced throughout MDHI's Complaint.

24        Aerometals objects to this request to the extent that it seeks information or documents

25  beyond those referenced in the Complaint, namely Document Number AMC MI-03003,

26  including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint;

27  and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission

28  referenced in paragraphs 55-56 of the Complaint.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

Subject to and without waiving any current or future objections, Aerometals responds as follows:  Aerometals will not produce documents responsive to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly burdensome, and oppressive. Aerometals objects to this request as not within the scope of Rule 26(b)(1) in that the documents sought are not relevant to any party's claims or defenses in this action. Aerometals objects to this request on the basis that it is it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving these objections, Aerometals responds as follows: Aerometals will not produce documents responsive to this request.

### 1.     MDHI's Position

Aerometals' boilerplate objections are improper and should be removed.  If any documents have been withheld from production due to an objection, this must be clearly stated. FRCP 34(b)(2)(C).  These documents are relevant to the claims alleged in the complaint and to determine whether Aerometals lawfully acquired the OEM drawings from the U.S. Government. The communications between Aerometals and U.S. Government relating to MD500 parts would be highly relevant to this issue.

Responses that restrict or limit search for relevant documents are improper.  *Tyler v. City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D. Cal. April 29, 2015).  These documents are relevant and the request is narrowly tailored to only MD 500 parts.

### 2.     Aerometals' Position

The same arguments Aerometals makes with respect to Response No. 26 apply equally here.  The request is extremely burdensome, seeks proprietary and confidential documents and the documents sought have no apparent relevance to this matter.  The motion should be denied.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1    **Y.    Aerometals' Response to Request No. 28**

2    **REQUEST FOR PRODUCTION NO. 28:**

3        All contracts between YOU and representatives of any branch of the United States

4    Government for MD 500 spare and replacement parts.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

6        Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly

7    burdensome, and oppressive.  Aerometals objects to this interrogatory as not within the scope of

8    Rule 26(b)(1) in that the interrogatory is not relevant to any party's claims or defenses in this

9    action.  Aerometals objects to this request on the basis that it is it is not proportional to the needs

10   of the case, considering the importance of the issues at stake in the action, the amount in

11   controversy, the parties' relative access to relevant information, the parties' resources, the

12   importance of the discovery in resolving the issues, and whether the burden or expense of the

13   proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

14       Aerometals objects to this request to the extent that it seeks information concerning or

15   relating to events or actions taking place or documents generated prior to September 21, 2013,

16   the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and

17   referenced throughout MDHI's Complaint.

18       Aerometals objects to this request to the extent that it seeks information or documents

19   beyond those referenced in the Complaint, namely Document Number AMC MI-03003,

20   including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint;

21   and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission

22   referenced in paragraphs 55-56 of the Complaint.

23       Subject to and without waiving any current or future objections, Aerometals responds as

24   follows:  Aerometals will not produce documents responsive to this request.

25   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

26           Aerometals objects to this request to the extent that it is ambiguous, overly broad,

27   unduly burdensome, and oppressive. Aerometals objects to this request as not within the scope of

28   Rule 26(b)(1) in that the documents sought are not relevant to any party's claims or defenses in

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                    389191.3

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1  this action. Aerometals objects to this request on the basis that it is it is not proportional to the

2  needs of the case, considering the importance of the issues at stake in the action, the amount in

3  controversy, the parties' relative access to relevant information, the parties' resources, the

4  importance of the discovery in resolving the issues, and whether the burden or expense of the

5  proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

6  Subject to and without waiving these objections, Aerometals responds as follows:

7  Aerometals is not aware of any responsive documents other than those responsive to Request No.

8  26.

9  ### 1.    MDHI's Position

10  Aerometals' boilerplate objections are improper and should be removed.  If any

11  documents have been withheld from production due to an objection, this must be clearly stated.

12  FRCP 34(b)(2)(C).  These documents are relevant to the claims alleged in the complaint and to

13  determine whether Aerometals lawfully acquired the OEM drawings from the U.S. Government.

14  The terms of any contract between Aerometals and U.S. Government relating to MD500 parts

15  would be highly relevant to this issue.  Aerometals' response is nonsensical because it refused to

16  produce any documents in response to request No. 26.   Responses that restrict or limit search for

17  relevant documents are improper.  *Tyler v. City of San Diego*, 2015 U.S. Dist. LEXIS 56309,

18  Case No. 14-cv-01179-GPC-JLB *11 (S.D. Cal. April 29, 2015).  These documents are relevant

19  and the request is narrowly tailored.

20  ### 2.    Aerometals' Position

21  As Aerometals makes clear, there are no responsive documents other than those

22  responsive to Request No. 26.  Any issues concerning the parties' dispute as to whether those

23  documents should be produced will be raised by and resolved by the motion as to that request.

24  There is no basis for a motion to compel further response to this request.

25  ### Z.    Aerometals' Response to Request No. 29

26  **REQUEST FOR PRODUCTION NO. 29:**

27  All COMMUNICATIONS between YOU and representatives of any branch of the

28

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1   United States Government for MD 500 spare and replacement parts.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

3       Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly

4   burdensome, and oppressive.  Aerometals objects to this interrogatory as not within the scope of

5   Rule 26(b)(1) in that the interrogatory is not relevant to any party's claims or defenses in this

6   action.  Aerometals objects to this request on the basis that it is it is not proportional to the needs

7   of the case, considering the importance of the issues at stake in the action, the amount in

8   controversy, the parties' relative access to relevant information, the parties' resources, the

9   importance of the discovery in resolving the issues, and whether the burden or expense of the

10   proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

11       Aerometals objects to this request to the extent that it seeks information concerning or

12   relating to events or actions taking place or documents generated prior to September 21, 2013,

13   the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and

14   referenced throughout MDHI's Complaint.

15       Aerometals objects to this request to the extent that it seeks information or documents

16   beyond those referenced in the Complaint, namely Document Number AMC MI-03003,

17   including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint;

18   and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission

19   referenced in paragraphs 55-56 of the Complaint.

20       Subject to and without waiving any current or future objections, Aerometals responds as

21   follows:   Aerometals will not produce documents responsive to this request.

22   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

23         Aerometals objects to this request to the extent that it is ambiguous, overly broad,

24   unduly burdensome, and oppressive. Aerometals objects to this request as not within the scope of

25   Rule 26(b)(1) in that the request seeks documents not relevant to any party's claims or defenses

26   in this action. Aerometals objects to this request on the basis that it is it is not proportional to the

27   needs of the case, considering the importance of the issues at stake in the action, the amount in

28   controversy, the parties' relative access to relevant information, the parties' resources, the

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving these objections, Aerometals responds as follows:

Aerometals is not aware of any responsive documents other than those responsive to Request No. 27.

### 1.   MDHI's Position

Aerometals' boilerplate objections are improper and should be removed.  If any documents have been withheld from production due to an objection, this must be clearly stated. FRCP 34(b)(2)(C).  These documents are relevant to the claims alleged in the complaint and to determine whether Aerometals lawfully acquired the OEM drawings from the U.S. Government. The terms of any contract between Aerometals and U.S. Government relating to MD500 parts would be highly relevant to the issue. Aerometals' response is nonsensical because it refused to produce any documents in response to request No. 27.   Responses that restrict or limit search for relevant documents are improper.  *Tyler v. City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D. Cal. April 29, 2015).  These documents are relevant and the request is narrowly tailored.

### 2.   Aerometals' Position

As Aerometals makes clear, there are no responsive documents other than those responsive to Request No. 27.  Any issues concerning the parties' dispute as to whether those documents should be produced will be raised by and resolved by the motion as to that request. There is no basis for a motion to compel further response to this request.

### AA.   Aerometals' Response to Request No. 30

**REQUEST FOR PRODUCTION NO. 30:**

All contracts between YOU and representatives of the Republic of Korea relating to MD 500 spare and replacement parts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

burdensome, and oppressive.  Aerometals objects to this interrogatory as not within the scope of Rule 26(b)(1) in that the interrogatory is not relevant to any party's claims or defenses in this action.  Aerometals objects to this request on the basis that it is it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

Aerometals objects to this request to the extent that it seeks information concerning or relating to events or actions taking place or documents generated prior to September 21, 2013, the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and referenced throughout MDHI's Complaint.

Aerometals objects to this request to the extent that it seeks information or documents beyond those referenced in the Complaint, namely Document Number AMC MI-03003, including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint; and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission referenced in paragraphs 55-56 of the Complaint.

Subject to and without waiving any current or future objections, Aerometals responds as follows:  Aerometals will not produce documents responsive to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly burdensome, and oppressive. Aerometals objects to this request as not within the scope of Rule 26(b)(1) in that the documents sought are not relevant to any party's claims or defenses in this action. Aerometals objects to this request on the basis that it is it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving these objections, Aerometals responds as follows:

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

389191.3

Aerometals will not produce documents responsive to this request.

### 1.    MDHI's Position

Aerometals' boilerplate objections are improper and should be removed.  If any documents have been withheld from production due to an objection, this must be clearly stated.  FRCP 34(b)(2)(C).  These documents are relevant to the claims alleged in the complaint because the Republic of Korea is a source for the OEM drawings.  MDHI is entitled to determine whether Aerometals improperly acquired the OEM drawings from the Republic of Korea.  Responses that restrict or limit search for relevant documents are improper.  *Tyler v. City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D. Cal. April 29, 2015).  These documents are relevant and the request is narrowly tailored.

### 2.    Aerometals' Position

MDHI's thin argument fails to support the burdensome nature and reach of this request.  The only justification offered to compel further responses is that contracts between Aerometals and the Republic of Korea would be relevant to whether Aerometals lawfully acquired OEM drawings from the government.  The motion to compel should be denied.

First. Aerometals' objections are all valid and are not boilerplate.  The request is extremely burdensome, and the information requested is confidential and proprietary.  The contracts themselves concern matters completely separate from any issues in this litigation, military contracts for parts for the military versions of the MD 500.

Second, the purported justification does not support an order compelling further response.  First, MDHI's claims arise from the alleged misuse of OEM drawings, not their possession.  Second, the contracts between Aerometals and the Republic of Korea will not likely address OEM drawings or the authorization for Aerometals to obtain and possess such drawings.  Even if the contracts did address that issue, there is no dispute that in fact Aerometals was entitled to and did receive OEM drawings as part of its government contracts, as necessary to the completion of the contract.  Nothing about that is relevant to any issues in dispute in this matter, and MDHI has not even tried to argue otherwise.  Third, there is no allegation that any drawings that may have been received by Aerometals in connection with a Republic of Korea contract have any

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

69

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1  relevance to any claims here:  the parts covered by those contracts may be completely unrelated

2  to any PMA or STC parts, let alone any that involve alleged claims.

3       MDHI's discovery requests must be proportional to the needs of the case.  "All

4  discovery, even if otherwise permitted by the Federal Rules of Civil Procedure because it is

5  likely to yield relevant evidence, is subject to the court's obligation to balance its utility against

6  its cost." *U.S. ex rel. McBride v. Halliburton Co*., 272 F.R.D. 235, 240 (D.D.C. 2011). In 2015,

7  Rule 26 was amended to place even greater emphasis on proportionality in discovery.  *Henry v.*

8  *Morgan's Hotel Group*, No. 15-CV-1789 (ER) (JLC), 2016 U.S. Dist. LEXIS 8406, at *9

9  (S.D.N.Y. Jan. 25, 2016) ("the amended Rule is intended to "encourage judges to be more

10 aggressive in identifying and discouraging discovery overuse" by emphasizing the need to

11 analyze proportionality before ordering production of relevant information.") (citing Fed. R. Civ.

12 P. 26(b)(1) advisory committee's notes to 2015 amendment). As one court recently explained,

13 "the Advisory Committee on Civil Rules elevat[ed] proportionality in defining the scope of

14 permissible discovery."  *Gilead Scis., Inc. v. Merck & Co*., Case No. 5:13-cv-04057-BLF, 2016

15 U.S. Dist. LEXIS 5616 at *4-5 (N.D. Cal Jan. 13, 2016).  Under the amended rule, "a party

16 seeking discovery of relevant, non-privileged information must show, before anything else, that

17 the discovery sought is proportional to the needs of the case."  *Id*. at *4 (emphasis added).

18      MDHI's request regarding these documents is not calculated to be relevant or

19 proportional to the needs of the case, as it goes far beyond the question of whether Aerometals

20 acquired documents pursuant to these contracts, and involves the military versions of the MD

21 500, not PMA and STC parts.  MDHI's request should thus be denied.

22      **BB.     Aerometals' Response to Request No. 31**

23 **REQUEST FOR PRODUCTION NO. 31:**

24      All COMMUNICATIONS between YOU and representatives of the Republic of Korea

25 relating to MD 500 spare and replacement parts.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

27      Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly

28 burdensome, and oppressive.  Aerometals objects to this interrogatory as not within the scope of

70

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

Rule 26(b)(1) in that the interrogatory is not relevant to any party's claims or defenses in this action.  Aerometals objects to this request on the basis that it is it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

Aerometals objects to this request to the extent that it seeks information concerning or relating to events or actions taking place or documents generated prior to September 21, 2013, the time period of the three year copyright statute of limitation stated in 17 U.S.C. §507(b) and referenced throughout MDHI's Complaint.

Aerometals objects to this request to the extent that it seeks information or documents beyond those referenced in the Complaint, namely Document Number AMC MI-03003, including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint; and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission referenced in paragraphs 55-56 of the Complaint.

Subject to and without waiving any current or future objections, Aerometals responds as follows:   Aerometals will not produce documents responsive to this request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Aerometals objects to this request to the extent that it is ambiguous, overly broad, unduly burdensome, and oppressive. Aerometals objects to this request as not within the scope of Rule 26(b)(1) in that the documents sought are not relevant to any party's claims or defenses in this action. Aerometals objects to this request on the basis that it is it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving these objections, Aerometals responds as follows: Aerometals will not produce documents responsive to this request.

389191.3

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1

### 1.    MDHI's Position

2    Aerometals' boilerplate objections are improper and should be removed.  If any

3 documents have been withheld from production due to an objection, this must be clearly stated.

4 FRCP 34(b)(2)(C).  These documents are relevant to the claims alleged in the complaint because

5 the Republic of Korea is a source for the OEM drawings.  MDHI is entitled to determine whether

6 Aerometals improperly acquired the OEM drawings from the Republic of Korea.  Responses that

7 restrict or limit search for relevant documents are improper.  *Tyler v. City of San Diego*, 2015

8 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D. Cal. April 29, 2015).

9 These documents are relevant and the request is narrowly tailored.

### 2.    Aerometals' Position

11    The same arguments Aerometals makes with respect to Response No. 30 apply equally

12 here.  The request seeks proprietary and confidential documents and the documents sought have

13 no apparent relevance to this matter.  The motion should be denied.

### I.    SANCTIONS

15    Sanctions are warranted against Aerometals and its attorneys of record for MDHI's fees

16 and expenses in bringing this motion pursuant to Rule 26(g)(3) and Rule 37(a)(5)(A).  *Advanced*

17 *Visual Image Design, LLC v. Exist Inc.*, 2015 U.S. Dist. LEXIS 109140 *23 (C.D. Cal., August

18 18, 2015) (sanctions are warranted for failure to provide complete, explicit responses without

19 boilerplate, conclusory objections); *see also Weldon v. Dyer*, 2015 U.S. Dist. LEXIS 27924 *16-

20 17 (E.D. Cal. March 6, 2015).  Aerometals only agreed to produce some responsive documents

21 two weeks after MDHI filed this motion to compel and on the eve of filing this joint statement.

22 Rule 37(a)(5).   The court may award expenses against the losing party and the losing party's

23 attorney.  Rule 37(a)(5).  In order to avoid sanctions, the burden is on the losing party

24 affirmatively to demonstrate that its position was substantially justified.  Adv. Comm. Notes to

25 1970 Amendment to former FRCP 37(a)(4).  Aerometals cannot do so.

26    MDHI requests that this Court award sanctions in the amount of $xxxx.xx.  See Janicki

27 Decl.

28

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                                389191.3

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

**Aerometals' Response:**

Even if the court grants or partially grants MDHI's motion to compel, its request for sanctions should be denied.  Although Rule 37 authorizes the payment of reasonable expenses incurred in making a motion to compel that is granted, "the court **must not order this payment** if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. Pro. 37(a)(5)(A) (emphasis added). MDHI is not entitled to sanctions under this standard.

First, for the reasons stated in response to each specific request, Aerometals has shown that its objections are substantially justified or, at the very least, that "reasonable people could differ as to whether the party requested must comply."  *In re SK Foods, L.P.*, Case Nos. 2:12-CV-00940-JAM, 2012 U.S. Dist. LEXIS 181347, *11 (E.D. Cal. Dec. 21, 2012) (quoting *Srinivasan v. Devry Inst. of Tech.*, 53 F.3d 340 (9th Cir. 1995)).

Further, MDHI has not made a good faith attempt to resolve the motion or obtain discovery without court action.  Rather, MDHI rushed to involve this Court while the parties continued to meet and confer to work through a variety of complicated and burdensome discovery issues that involve sensitive documents dating back over two decades. Due to these various complications, Aerometals sought to engage in a productive and substantive meet and confer process with MDHI to work through these issues so that the parties could further understand each other's position and develop reasonable compromises.

For example, despite MDHI's extreme delay in bringing a copyright infringement action based on documents that are over a decade old, Aerometals reasonably compromised on its relevancy objection by agreeing to produce documents well outside the Copyright Act's three-year statute of limitations (i.e. prior to September 21, 2013).  This is true even

73

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

389191.3

though similarly situated copyright plaintiffs have agreed to reasonable limitations on the temporal scope of discovery. *See, e.g., Adobe Sys. Inc. v. Christenson*, Case No. 2:10-cv-00422-LRH-GWF, 2011 U.S. Dist. LEXIS 16977, *4 (D. Nev. Feb. 7, 2011) (plaintiff stipulated that discovery would be limited to the three-year statute of limitations period where the complaint failed to allege a specific time period for the infringement at issue). Despite Aerometals good faith compromise on the statute of limitations and other objections, MDHI hastily moved to compel ***before even receiving*** Aerometals' supplemental discovery responses.

In ruling on a request for sanctions, "[t]he Court generally takes into consideration the reasonableness of a party's position with regard to proposed compromises." *Goodrich Corp. v. Emhart Inds.*, Case No. EDCV 03-00079-VAP, 2005 U.S. Dist. LEXIS 17190, at *14 (C.D. Cal. June 10, 2005). Indeed, "[e]ven if a party proposes a compromise after the Motion to Compel is filed, it is the professional responsibility of the moving party to determine if any compromise can be effectuated before the Court issues a ruling." *Id.* MDHI has made no attempt to determine whether the parties can reach a reasonable compromise on various issues raised by the motion. In *Goodrich*, the Court denied the moving party's motion for sanctions in part because "many of the disputes raised in the Joint Stipulation could have been resolved by further meet and confers" and "Court intervention was clearly unnecessary to resolve several of the disagreements." *Id.* The record here demonstrates that many of the disputes raised by MDHI's motion could be resolved if the MDHI were willing to engage in reasonable, good faith negotiations. Thus, MDHI's request for sanctions should be denied because its intransigence has necessitated this motion.

Dated: April 12, 2017

SCHNADER HARRISON SEGAL & LEWIS LLP


By:   /s/ William D. Janicki
      William D. Janicki
      Attorneys for Plaintiff
      MD HELICOPTERS, INC.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

74

389191.3

1

ROGERS JOSEPH O'DONNELL, PLC

2

3          By:   /s/ Merri A. Baldwin

4                Merri A. Baldwin
                 Attorneys for Defendant
5                AEROMETALS, INC.

6    I certify that I have approval to file this document on behalf of Aerometals.

7

8

9          By:   /s/ William D. Janick

10               William D. Janicki
                 Attorneys for Plaintiff
11               MD HELICOPTERS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT - AEROMETALS' RESPONSES TO MDHI'S FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS                              389191.3