1  William D. Janicki (SBN 215960)
   wjanicki@schnader.com
2  Jennifer K. Thai (SBN 258612)
   jthai@schnader.com
3  Lilian M. Loh (SBN 296196)
   lloh@schnader.com
4  SCHNADER HARRISON SEGAL & LEWIS LLP
   650 California Street, 19th Floor
5  San Francisco, CA 94108-2736
   Telephone: 415-364-6700
6  Facsimile: 415-364-6785

7  William R. Black (CSBN 134048)
   william.black@mdhelicopters.com
8  MD Helicopters, Inc.
   4555 East McDowell Road
9  Mesa, Arizona 85215
   Telephone: 480-346-6410
10 Facsimile: 480-346-6410

11 Attorneys for Plaintiff
   MD HELICOPTERS, INC.

12

13                    UNITED STATES DISTRICT COURT

14                  EASTERN DISTRICT OF CALIFORNIA

15 MD HELICOPTERS, INC.,                )
                                        )  Case No.  2:16-cv-02249-TLN-AC
16                 Plaintiff,           )
                                        )  **JOINT STATEMENT RE DISCOVERY**
17      vs.                             )  **DISAGREEMENT**
                                        )
18 AEROMETALS, INC.,                    )  **AEROMETALS, INC.'S RESPONSES**
                                        )  **TO  MD HELICOPTERS, INC.'S FIRST**
19                 Defendant.           )  **SET OF INTERROGATORIES**
                                        )
20                                      )  **[FRCP 33, 26, 37, L.R. 251]**
                                        )
21                                      )  Date:       April 19, 2017
                                        )  Time:       10:00 a.m.
22                                      )  Judge:      Hon. Allison Claire
                                        )  Place:      Courtroom 26, 8th Floor
23                                      )
                                        )
24                                      )
                                        )
25                                      )
                                        )
26 _____       )

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

MD Helicopters, Inc. ("MDHI") and Aerometals, Inc. ("Aerometals") submit this Joint Statement re Discovery Disagreement concerning Aerometals' responses to MDHI's First Set of Interrogatories.  MDHI requests that the Court order Aerometals to fully and completely respond to MDHI's First Set of Interrogatories pursuant to Federal Rule of Civil Procedure ("Rule") 33. MDHI also requests that all confidentiality designations be removed from Aerometals responses according to the terms of the Protective Order.  Dkt. 33.  Finally, MDHI requests the Court to order sanctions against Aerometals and its attorneys of record for MDHI's fees and expenses in bringing this motion pursuant to Rule 26(g)(3), Rule 37(a)(5)(A), and the Protective Order (Dkt. 33 at 5.1).

## I.    MEET AND CONFER EFFORTS BETWEEN THE PARTIES

Aerometals served responses to MDHI's First Set of Interrogatories by first class mail on February 22, 2017 which were received on February 27, 2017.  On March 1, 2017 counsel for MDHI emailed a letter to counsel for Aerometals challenging each of their confidentiality designations, detailing the numerous deficiencies in Aerometals' interrogatory responses, and requesting the prompt provision of proper discovery responses that comply with the Federal Rules of Civil Procedure and that a motion to compel would be filed.   On March 9, 2017 counsel for the parties conducted a meet and confer telephone conference to discuss Aerometals' discovery responses.  The parties agreed that Aerometals would provide a written response to MDHI's letter of March 1 and then conduct a follow up telephone conference.

On March 13, 2017 counsel for Aerometals provided a written response to MDHI's letter. Aerometals agreed to provide supplemental interrogatory responses while maintaining all of its objections to the discovery.   On March 14, 2017 counsel for MDHI acknowledged receipt of Aerometals' letter, requested when supplemental responses would be provided, and requested an additional telephone conference within the next seven days.

The parties conducted a detailed meet and confer telephone conference on March 20, 2017 to discuss the remaining disagreements between the parties.  Aerometals agreed to consider their confidentiality designations and produce supplemental interrogatory responses.  During that meet and confer telephone call, counsel for MDHI stated that he would file a Motion to Compel

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1  regarding Aerometals' responses.  On March 21, 2017, MDHI filed this Motion to Compel.  On

2  March 28, 2017 counsel for MDHI sent another letter to counsel for Aerometals explaining that

3  Aerometals failed to bring a motion to preserve their confidentiality designations within 21 days

4  of MDHI's challenge, and therefore the designations are automatically waived pursuant to

5  paragraph 6.3 of the Protective Order (Dkt. 33).  Counsel for MDHI stated that supplemental

6  responses still have not been received and that all confidentiality designations should be

7  removed.  Aerometals responded on March 30, 2017 that Aerometals is still in the process of

8  preparing supplemental discovery responses and that MDHI's demand that Aerometals remove

9  the confidential designations is premature because this issue should be decided by the court.

10       A further meet and confer telephone conference was conducted on April 10, 2017.  Later

11  on April 10, 2017, Aerometals provided supplemental interrogatory responses in which

12  Aerometals removed all of their "boilerplate objections",  revised certain responses. and removed

13  all of their confidentiality designations except for its response to Interrogatory No. 4.   Based

14  upon the conversation of April 10, and email communications, counsel for Aerometals expected

15  there would be a further meet and confer telephone discussion on April 11, 2017.  Aerometals

16  intended to use the call to propose further measures to narrow discovery issues in dispute.  But

17  MDHI counsel did not make himself available for such a call.  Late in the afternoon, he informed

18  Aerometals counsel that he was having difficulty reviewing Aerometals' Supplemental Response

19  to Interrogatories.  No conversation occurred despite the intent and effort on the part of

20  Aerometals' counsel to have such a conversation.

21       Following these meet and confer efforts, the parties could not resolve their disputes.

22       **II.    NATURE OF THE ACTION AND THE FACTUAL DISPUTES**

23       MDHI is the original equipment manufacturer ("OEM") for a series of helicopters known

24  as the MD 500 Series.  MDHI's design for the MD 500 Series helicopter is certified by the

25  Federal Aviation Administration ("FAA") for sale to the civilian market though a Type

26  Certificate owned by MDHI.   MDHI and Aerometals are competitors in the market for

27  replacement and spare parts for the MD 500 Series helicopters.  Aerometals manufactures and

28  sells replacement and spare parts for the MD 500 Series civilian market under approvals granted

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1   to it from the FAA.  Aerometals has been in competition with MDHI, to supply parts for the MD

2   500 helicopters, for more than thirty years.  Since the time of original design of the MD 500

3   helicopters, there have been multiple owners of MDHI and the aircraft type certificate that the

4   FAA issued for the MD500.

5           MDHI filed a complaint against Aerometals for copyright infringement, unfair

6   competition, and unjust enrichment.  Among other things, MDHI alleges that Aerometals

7   misappropriated its engineering drawings for MD 500 helicopter parts, placed Aerometals'

8   markings on the drawings, and fraudulently submitted the drawings to the FAA in order to

9   receive approval to manufacture and sell aviation parts to the civilian market.  MDHI also alleges

10  that Aerometals provides installation instructions and other documents to its customers that

11  incorporate materials from MDHI's technical publications in violation of the proprietary rights

12  notice on these documents and MDHI's ownership of the copyright in these materials.  MDHI

13  alleges that Aerometals competes fraudulently and unfairly in the market for MD 500 helicopter

14  parts in violation of state and federal unfair competition laws as well as common law unfair

15  competition.  Aerometals denies that it is liable to MDHI on any theory, and has filed a motion to

16  dismiss the unfair competition claims, which is pending.  Because the motion to dismiss is

17  pending, Aerometals has not had an opportunity to answer or to plead affirmative defenses, or an

18  obligation to file counterclaims.  Aerometals has multiple grounds to limit if not preclude this

19  action and any liability.  Aerometals believes that MDHI is using this action as a means to

20  achieve a monopoly on the supply of aftermarket parts to support and maintain MD500

21  helicopters, and to suppress competition in the repair and maintenance of such helicopters, and

22  intends to file affirmative defenses that Aerometals believes will preclude MDHI from prevailing

23  in this action.  In addition, Aerometals will plead an affirmative defense that many if not all of

24  MDHI's claims are barred by the Statute of Limitations, since MDHI knew for many years that

25  Aerometals was a vigorous and successful competitor who offered FAA-approved parts for the

26  MD500 helicopters, and yet MDHI did nothing to assert copyright claims.  Aerometals further

27  will assert, as an affirmative defense, that the claims of MDHI are barred by the "fair use"

28  doctrine, in part because Aerometals sells parts for which it has performed necessary

3

engineering, test and computational work, to receive required FAA approval, any use of potentially copyrighted MDHI materials is no more than incidental, and because the intended use of the belatedly asserted copyrights plainly would obstruct the FAA's process of approving competitive parts suppliers and restrain trade by preventing MD500 operators and service providers from having access to high quality, competitively priced, available parts as they have come to depend upon, for decades, from Aerometals.  These are examples but not a complete list of affirmative defenses available to Aerometals, which also may bring counterclaims to address actions by MDHI to constrict competition and restrain trade.

## III.    CONTESTED INTERROGATORY RESPONSES

### A.    Aerometals' Improper Designation of Material as "Highly Confidential - Attorney Eyes Only"

Aerometals' interrogatory responses dated February 22, 2017 designated as "Highly Confidential – Attorney Eyes Only" every page of its interrogatory responses including the cover page, preliminary statement, general objections, each interrogatory response and objections, the signature page, and the proof of service.  See MDHI's Request to Seal Documents, Ex. 1. Aerometals provided supplemental interrogatory responses on April 10, 2017 where all of the confidentiality designations were removed except for response to Interrogatory No. 4.

### 1.    MDHI's Position

On March 1, 2017, MDHI challenged each of Aerometals' confidentiality designations pursuant to paragraphs 6.2 and 6.3 of the Protective Order (Dkt. 33).  Janicki Decl. Ex. 1.  MDHI informed Aerometals that it was required to bring a motion to preserve such designations pursuant to the terms of the Protective Order.  The parties could not resolve their differences through the meet and confer process.  Aerometals failed to bring a motion within 21 days of the challenge (March 22, 2017), and therefore the confidentiality designations are automatically waived.  Dkt. 33 at 6.3.  On March 28, 2017 counsel for MDHI sent another letter to counsel for Aerometals explaining that Aerometals failed to bring a motion to preserve their confidentiality designations within 21 days of MDHI's challenge, and therefore the designations are automatically waived pursuant to paragraph 6.3 of the Protective Order (Dkt. 33).  Janicki Decl.,

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1    Ex. 2.  Aerometals provided supplemental responses on April 10, 2017.  MDHI Although

2    Aerometals provided supplemental responses with most of the designations removed,

3    Aerometals continues to designate response No. 4 as "Highly Confidential – Attorney Eyes

4    Only".  The waiver pursuant to paragraph 6.3 applies even to response to Interrogatory No. 4.

5           Moreover, the protective order for this matter requires that confidentiality designations be

6    limited to "trade secrets and other proprietary and confidential information, disclosure of which

7    to another Party or Non-Party would create a risk of serious harm that could not be avoided by

8    less restrictive means." (Dkt. 33 at 2.7).  The material designated by Aerometals does not meet

9    this requirement.  Aerometals makes no showing of "a risk of serious harm" for the material

10   designated, and much of the designated material is a listing of MDHI Technical Manuals, not

11   Aerometals proprietary information.  Paragraph 5.1 prohibits the use of indiscriminate

12   designations of confidential material and that unjustified designations expose the designating

13   party to sanctions.

14          5.1 Exercise of Restraint and Care in Designating Material for Protection. Each
     Party or Non-Party that designates information or items for protection under this
15   Order must take care to limit any such designation to specific material that qualifies
     under the appropriate standards. The Designating Party must designate for protection
16   only those parts of material, documents, items, or oral or written communications that
     qualify – so that other portions of the material, documents, items, or communications
17   for which protection is not warranted are not swept unjustifiably within the ambit of
     this Protective Order.  Mass, indiscriminate, or routinized designations are prohibited.
18   Designations that are shown to be clearly unjustified or that have been made for an
     improper purpose (e.g., to unnecessarily encumber or retard the case development
19   process or to impose unnecessary expenses and burdens on other parties) expose the
     Designating Party to sanctions.  If it comes to a Designating Party's attention that
20   information or items that it designated for protection do not qualify for protection,
     that Designating Party must promptly notify all other Parties that it is withdrawing the
21   mistaken designation.

22          Aerometals failed to remove most of the confidentiality designations until the eve before

23   this Joint Statement was due to the Court (April 12, 2017), and well after this motion to compel

24   was filed (March 21, 2017).  Therefore sanctions are warranted against Aerometals and its

25   attorneys of record under FRCP 37(a)(5)(A).

26          If the motion is granted—or if the disclosure or requested discovery is provided

27   after the motion was filed—the court must, after giving an opportunity to be

28   heard, require the party or deponent whose conduct necessitated the motion, the

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

5

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1  party or attorney advising that conduct, or both to pay the movant's reasonable
2  expenses incurred in making the motion, including attorney's fees.

3  MDHI requests that this Court order Aerometals to remove the confidentiality

4  designations for Interrogatory No. 4 and award sanctions to MDHI in accordance with

5  paragraphs 5.1 and 6.3 of the Protective Order and FRCP 37(a)(5)(A) for the amount of attorney

6  fees and costs in bringing this motion.

7               **2.      Aerometals' Position**

8  Aerometals agreed in the parties' meet and confer telephone discussion on March 20,

9  2017 to remove  the "Highly Confidential" designation except for the responses to Interrogatory

10 4, and to further supplement their interrogatory responses.

11 As Aerometals stated in its March 30, 2017 letter, Aerometals has been conducting a

12 diligent and reasonable search for information in order to produce supplemental responses to

13 Plaintiff's broad interrogatories, as discussed on the parties' meet and confer telephone call on

14 March 20, 2017.  This included Aerometals' agreement to limit its confidentiality designations to

15 the responses to Interrogatory 4.  As Aerometals explained in its letter, MDHI had not received

16 the supplementary responses and thus this "challenge" was to a document that would be

17 replaced.  Nor has MDHI adequately challenged the specific response to Interrogatory 4 as not

18 within the bounds of the Protective Order.  Further, as MDHI filed its Motion to Compel the day

19 after the March 20 meet and confer, and MDHI's counsel stated that the confidentiality

20 designations would be part of that Motion to Compel, a hearing regarding MDHI's challenge

21 was immediately put on the docket.

22 Section 6.2 of the Protective Order requires the parties to meet and confer in good faith to

23 attempt to settle discovery disputes, and lay out specific challenges to confidentiality

24 designations and the reasons for those designations.  MDHI has not provided specific

25 confidentiality challenges to Aerometals' designation of its supplemental responses to

26 Interrogatory 4, nor has MDHI attempted to meet and confer in good faith on this subject.

27 MDHI's attempt to argue via technicality that, despite the understanding that Aerometals

28 would serve supplementary discovery responses, and that MDHI would immediately file this

6

1   Motion to Compel regarding confidentiality designations, Aerometals should have filed a

2   separate motion regarding MDHI's challenge to confidentiality designations that would be

3   replaced is an attempt to multiply the proceedings and waste both the parties' and the court's

4   resources.

5     Aerometals has causes for concern that MDHI will use information it acquires through

6   discovery in its campaign to suppress competition.  Providing MDHI with a list of Aerometals'

7   confidential, non-public FAA PMA part applications and reports would provide MDHI with

8   information that would damage Aerometals ongoing and future commercial activity.

9   Aerometals' supplemental confidentiality designations are precisely the designations

10   contemplated in the Protective Order.

11     **B.**  **Aerometals' Improper "General Objections" to Each of MDHI's Definitions,**
     **Instructions, and Interrogatories.**

12

13              **MDHI's DEFINITIONS**

14     A.  The term "DOCUMENT" shall mean any document or electronically stored

15   information as described in Fed. R. Civ. P. 34(a)(1)(A) including all drafts, versions or revisions.

16     B.   "YOU" or "YOUR" shall mean Aerometals, 3920 Sandstone Dr., El Dorado

17   Hills, CA 95762, and Aerometals' predecessors, subsidiaries, officers, directors, registered

18   representatives, agents, employees, subcontractors, vendors, and all other persons or entity acting

19   or purporting to act on its behalf including Aircraft Manufacturing Company, LLC, 4806 116th

20   Ave S.E., Bellevue, WA 98006.

21     C.  "MD 500" shall mean the helicopter models listed on Federal Aviation

22   Administration Type Certificate Data Sheet No. H3WE including the MDHI models 369

23   A/D/E/F/FF/H/HE/HM/HS/500N/600N helicopters and any military derivatives.

24     D.  "MD HELICOPTERS" or "MDHI" shall mean MD Helicopters, Inc. and any

25   predecessor company including Hughes Tool Company, McDonnell Douglas Helicopter

26   Company, McDonnell Douglas Helicopter Systems, and MD Helicopters Holding Inc.

27     E.  MDHI TECHNICAL MANUAL shall mean any MDHI manual related to the MD

28   500 Series helicopters, such as the Basic Handbook of Maintenance Instructions, Component

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1  Overhaul Manual, Structural Repair Manual, Integrated Parts Catalog, Illustrated Structures

2  Catalog, and their revisions.

3      F.      IDENTIFY with respect to a DOCUMENT shall mean to state the DOCUMENT

4  title, author, release date, any subsequent revision and date of revision.

5                          **MDHI's INSTRUCTIONS**

6      A.      All interrogatories relating to DOCUMENTS are to be interpreted to refer to

7  DOCUMENTS created, issued, produced, circulated, stored, acquired, or in use by YOU at any

8  time unless a particular time frame is specified.

9                      **Aerometals' General Objections**

10     Aerometals objects to each instruction, definition, and interrogatory to the extent that it

11 purports to impose any requirement or discovery obligation greater than or different from those

12 under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

13 Aerometals objects to each instruction, definition, and interrogatory to the extent that it calls for

14 responses above and beyond that proportional to the needs of the case, as stated in Rule 26 of the

15 Federal Rules of Civil Procedure.  Aerometals objects to each instruction, definition, and

16 interrogatory to the extent that it seeks information that is publicly-available and/or within the

17 control or possession of MDHI.

18     Aerometals objects to each instruction, definition, and interrogatory to the extent that it

19 calls for a legal conclusion.  Aerometals further objects to each interrogatory to the extent that it

20 calls for information that is subject to the attorney-client privilege, attorney work product

21 doctrine, or any other privilege or exclusionary doctrine that is recognized under federal and/or

22 applicable state law.

23     Aerometals objects to each instruction, definition, and interrogatory to the extent that it

24 seeks information concerning or relating to events or, actions taking place or documents

25 generated prior to September 21, 2013, the date upon which the applicable three year copyright

26 limitations period began, as stated in 17 U.S.C. §507(b) and referenced throughout MDHI's

27 Complaint.

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

8

1    Aerometals objects to each instruction, definition, and interrogatory to the extent that it

2    seeks information concerning documents other than those referenced in the Complaint, namely

3    Document Number AMC MI-03003, including the illustration of a horizontal stabilizer

4    referenced in paragraph 52 of the Complaint; and Document Number Aero-Inst-017, including

5    the illustration of a tail rotor transmission referenced in paragraphs 55-56 of the Complaint.

6    Aerometals objects to each instruction, definition, and interrogatory to the extent that the

7    court's ruling on Aerometals' Motion to Dismiss is pending, and thus MDHI's non-copyright

8    causes of action are preempted and thus likely to be dismissed.

9    Aerometals incorporates by reference the general objections set forth above into each

10   specific response set forth below.

### 1.    MDHI's Position

12   Aerometals provided interrogatory responses on February 22, 2017 in which every

13   response incorporated the improper boilerplate objections identified as General Objections.

14   MDHI Request to Seal Documents, Ex. 1.  These boilerplate objections obscure whether

15   Aerometals had fully responded to MDHI's interrogatories because every response is made

16   "subject to" these improper objections.  Boilerplate objections are blatantly improper.  *Thompson*

17   *v. Yates,* 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011) (boilerplate objections do not

18   suffice as valid grounds to object to discovery); *A. Farber & Partners, Inc. v. Garber*, 237

19   F.R.D. 250, 255 (C.D. Cal. 2006).  This Court has held that unsupported boilerplate objections to

20   interrogatories are insufficient, and their use waives any legitimate objection.

21   General or boilerplate objections, i.e., those based on broad assertions of
     irrelevance, attorney-client privilege, overbreadth and burdensomeness, are
22   improper and do not meet this standard, especially when a party fails to submit
     any evidentiary declarations supporting such objections.  See *Farber & Partners,*
23   *Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).  Exclusive reliance on such
     boilerplate objections waives any legitimate objection that could have been raised.
24   *Gorrel v. Sneath*, 292 F.R.D. 629, 634-635 (E.D. Cal. 2013).

25   *Cengage Learning, Inc. v. Davis Textbooks*, 2016 U.S. Dist. LEXIS 119393 *4 (E.D. Cal. Sep. 2,

26   2016).  Efforts to obstruct discovery through objections or evasive responses which lack any

27   good faith basis will not be condoned.  *Marchand v. Mercy Med. Cntr.*, 22 F.3d 933, 938 (9th

28   Cir. 1994); *Haney v. Saldana*, 2010 WL 3341939 at *3 (E.D. Cal. Aug. 24, 2010) ("hyper-

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

9

technical, quibbling, or evasive objections will not be viewed favorably by the court."); *see also*

*Duran v. Cisco Sys., Inc*., 258 F.R.D. 375, 379-80 (C.D. Cal. 2009) ("such unexplained and

unsupported boilerplate objections are improper"); *Walker v. Lakewood Condo. Owners Ass'n*.

186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and

tantamount to not making any objection at all."); *El-Shaddai v. Wheeler*, 2009 WL 301824 at *2

(E.D. Cal. 2009) (a party must "clarify[], explain[], and support[] its objections."); *Josephs v.*

*Harris Corp*., 677 F.2d 985 (3d Cir 1982).  ("the mere statement by a party that the interrogatory

was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful

objection to an interrogatory.  On the contrary, the party resisting discovery must show

specifically how … each interrogatory is not relevant or how each question is overly broad,

burdensome or oppressive.").

Aerometals provided supplemental interrogatory responses removing these boilerplate

objections on April 10, 2017, two days before this Joint Statement was due to the Court and three

weeks after this motion to compel was filed (March 21, 2017).  Aerometals' persistence in

including boilerplate responses obscured whether complete answers were provided to MDHI and

obstructed discovery.  Therefore sanctions are warranted against Aerometals and its attorneys of

record under FRCP 37(a)(5)(A).

> If the motion is granted—or if the disclosure or requested discovery is provided
> after the motion was filed—the court must, after giving an opportunity to be
> heard, require the party or deponent whose conduct necessitated the motion, the
> party or attorney advising that conduct, or both to pay the movant's reasonable
> expenses incurred in making the motion, including attorney's fees.

Moreover, discovery responses containing boilerplate objections fail to satisfy the

requirements under Rule 26(g) that an attorney reflect on the legitimacy of any objections they

make.  Rule 26(g)(3) specifically gives courts the power to sanction lawyers whose discovery

objections do not comport with Rule 26(g)(1).  Sanctions are warranted against Aerometals and

their attorneys of record for failure to comply with their discovery obligations.  *Advanced Visual*

*Image Design, LLC v. Exist Inc.*, 2015 U.S. Dist. LEXIS 109140 *23 (C.D. Cal., August 18,

2015) (sanctions are warranted for failure to provide complete, explicit discovery responses

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1  without boilerplate, conclusory objections).  In addition, Rule 37(d) authorizes broad sanctions

2  for attorney misconduct in discovery.

3        MDHI therefore requests sanctions against Aerometals and its attorneys of record for the

4  improper use of boilerplate objections, obstructing discovery under Rule 37 and 26, and failing

5  to remove these improper objections until well after this motion to compel was filed.

6              **2.       Aerometals' Position**

7        Aerometals agreed in meet and confer to reconsider its use of General Objections.

8  Aerometals also expressly informed MDHI during its meet and confer (including both the

9  telephone discussion as well as correspondence, including the letter of **March 13, 2017**), that it

10  had not withheld information on the basis of the General Objections.  Aerometals then supplied

11  Supplemental Responses that removed the General Objections.  Aerometals worked diligently to

12  try to respond to MDHI's discovery requests, including the interrogatories as well as two sets of

13  document requests, all of which are extensive and concern significant amounts of information,

14  much of which is sensitive proprietary and trade secret information.  Declaration of Merri A.

15  Baldwin dated April 12, 2017 ("Baldwin decl."), ¶2.

16        Sanctions are not appropriate because MDHI has failed to meet and confer in good faith

17  and Aerometals' objections are substantially justified. *See* § IV (Sanctions); *Goodrich Corp. v.*

18  *Emhart Inds.*, Case No. EDCV 03-00079-VAP, 2005 U.S. Dist. LEXIS 17190, at *14 (C.D. Cal.

19  June 10, 2005) (denying motion for sanctions where "many of the disputes raised in the Joint

20  Stipulation could have been resolved by further meet and confers" and "Court intervention was

21  clearly unnecessary to resolve several of these disagreements."). As to Aerometals "General

22  Objections," sanctions are not warranted for the separate reason that Aerometals did not withhold

23  any documents on the basis of those objections and thus there is no harm to MDHI. *Singer v.*

24  *Covista, Inc.*, No. CIV.A. 10-6147, 2013 U.S. Dist. LEXIS 44474, 2013 WL 1314593, at *9

25  (D.N.J. Mar. 28, 2013) ("[L]ike Rule 37, the Court cannot impose sanctions pursuant to

26  Rule26(g) if it finds that the non-compliant party's failure was substantially justified or

27  harmless."). Further, general objections are not impermissible *per se* where, as here, the

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1  discovery requests are overbroad on their face and are not limited at to time period. *Wellin v.*

2  *Wellin*, C.A. NO. 2:13-CV-1831-DCN, 2015 U.S. Dist. LEXIS 138682, *47-48 (D.S.C. July 5,

3  2015).

4          **C.      Aerometals' Response to Interrogatory No. 1**

5  **SPECIAL INTERROGATORY NO. 1:**

6          IDENTIFY each "Installations Instructions" prepared by You or on Your behalf relating

7  to MD 500 helicopter parts that incorporates, displays, depicts, or shows a diagram, figure,

8  image, drawing, or excerpt taking from any MDHI TECHNICAL MANUAL.  See Ex. A,

9  example Installation Instructions.

10  **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

11          Aerometals objects to this interrogatory to the extent that it is ambiguous, overly broad,

12  unduly burdensome, and oppressive.  Aerometals objects to this interrogatory  on the basis that

13  the words "incorporates, displays, depicts, or shows" and the phrase "taken  from" are vague and

14  ambiguous.  Aerometals objects to this interrogatory on the basis that it is it is not proportional to

15  the needs of the case, considering the importance of the issues at stake in the action, the amount

16  in controversy, the parties' relative access to relevant information, the parties' resources, the

17  importance of the discovery in resolving the issues, and whether the burden or expense of the

18  proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  Aerometals objects to

19  this interrogatory to the extent that Aerometals' Installation Instructions have been publicly

20  available on its website for many years, and have thus been available to MDHI for examination

21  and analysis.

22          Aerometals objects to each instruction, definition, and interrogatory to the extent that is

23  seeks information concerning or relating to events or actions taking place or documents

24  generated prior to September 21, 2013, the date upon which the applicable three year copyright

25  limitations period began, as stated in 17 U.S.C. §507(b) and referenced throughout MDHI's

26  Complaint.

27          Aerometals objects to each instruction, definition, and interrogatory to the extent that it

28  seeks information concerning documents other than those referenced in the Complaint, namely

1   Document Number AMC MI-03003, including the illustration of a horizontal stabilizer

2   referenced in paragraph 52 of the Complaint; and Document Number Aero-Inst-017, including

3   the illustration of a tail rotor transmission referenced in paragraphs 55-56 of the Complaint.

4          Subject to and without waiving any objections, Aerometals responds as follows:

5   Aerometals is not aware of any responsive Installation Instructions that have been submitted to

6   the FAA within the applicable limitations period.  Similarly, no responsive Installation

7   Instructions have been added to the Aerometals website within the applicable limitations period.

8   Certain responsive Installation Instructions may have been posted to the Aerometals website

9   before the limitations period began and were available on the Aerometals website during the

10   three year limitations period, but are no longer available.  These are: AM369H92827;

11   AM369H8092; AM369H8084; AM369H2039; AM369H1800; AM369DSK400;

12   AM369D290135; AM369D28108; AM369D2570; AM369D25422; AM369D25421;

13   AM369D25201; AM369D25194; AM369D25182; AM369D25181; AM369D25180;

14   AM369D24518; AM369D23670; AM369D23600; AM369D22009; AM369D21308;

15   AM369D21004; AM369A8321; AM369A8116; AM369A8104; AM369A8103; AM369A5266;

16   AM369A4516; AM369A3600; AM369A1725; AM369A1231.

17   **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

18          Aerometals responds as follows: Certain responsive Installation Instructions were posted

19   to the Aerometals website before the limitations period began and were available on the

20   Aerometals website during the three year limitations period, but are no longer available. These

21   are: AM369H92827; AM369H8092; AM369H8084; AM369H2039; AM369H1800;

22   AM369DSK400; AM369D290135; AM369D28108; AM369D25707; AM369D25422;

23   AM369D25421; AM369D25201; AM369D25194; AM369D25182; AM369D25181;

24   AM369D25180; AM369D24518; AM369D23670; AM369D23600; AM369D22009;

25   AM369D21308; AM369D21004 ;AM369A8321; AM369A8116; AM369A8104; AM369A8103;

26   AM369A5266; AM369A4516; AM369A3600; AM369A1725; AM369A1231. Specific

27   additional information about each of these is included on the chart attached hereto as Exhibit A.

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1

### 1.    MDHI's Position

2    Aerometals' interrogatory response is vague, evasive and incomplete.  *Bryant v.*

3  *Armstrong*, 285 F.R.D. 596, 612 (S.D. Cal. 2012) ("A party answering interrogatories has an

4  affirmative duty to furnish any and all information available to the party.").  Rule 37 provides

5  that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to

6  disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

7    In response to Interrogatory No. 1 Aerometals lists several responsive Installation

8  Instructions that may have been posted on its website, but Aerometals fails to completely

9  respond with the title, author, release date, any subsequent revision and date of revision for each

10  document.  See Definition F.

11

> F.    IDENTIFY with respect to a DOCUMENT shall mean to state the
> DOCUMENT title, author, release date, any subsequent revision and date of
> revision.

12

13  Although some of this information is contained on the face of the documents, not all the

14  information is there, such as the author of each document.  Listing the "author" of these

15  documents as "Aerometals" is not sufficient as MDHI made it clear in meet and confer

16  discussions that MDHI sought the names of individuals who authored these documents so those

17  individuals could be deposed.   Moreover, Aerometals admits that the responsive Installation

18  Instructions have all been revised at least once, when the infringing material was removed, but

19  does not state when, the author, or specifically identify each revised Installation Instruction.

20  Aerometals is improperly obstructing discovery by playing games here.  MDHI is entitled to

21  discover information relating to all revisions of the listed documents, particularly the name of the

22  individual who did this work so that MDHI can depose that person.  Aerometals should conduct

23  a reasonable investigation to determine the individual author for each infringing document and

24  should certainly provide the identification of the individual who recently modified the

25  documents.  This information should be readily available to Aerometals as seen on a related

26  Aerometals' Instruction for Continued Airworthiness document.

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

14

In the example above, the author who "prepared" the document as well as the individual who "approved" the document are both identified.

MDHI's interrogatory asks for any responsive Installation Instruction "prepared by You or on Your behalf" and is not limited to documents posted on Aerometals' Website or submitted to the FAA.  Furthermore, the request is not limited to three years prior to the date of the complaint, but applies to any time.  See Instruction A.

> A.    All interrogatories relating to DOCUMENTS are to be interpreted to refer to DOCUMENTS created, issued, produced, circulated, stored, acquired, or in use by YOU at any time unless a particular time frame is specified.

Aerometals may not limit its response to the three year statute of limitations for copyright infringement.  The three year statute of limitations in the copyright statute does not limit discovery in this case.  17 U.S.C. §507(b) provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."  Aerometals does not provide a single authority limiting *discovery* based upon this statute.  The statute may bar damages for certain specific instances of infringement, but it cannot limit discovery, particularly under that facts of this case.

Here, the copyright statute of limitations does not limit MDHI from obtaining discovery beyond three years prior to the date of the complaint for several reasons.  First, MDHI has unfair competition claims that are not subject to 17 U.S.C. §507(b).  Discovery on MDHI's non-copyright claims cannot be limited by the copyright statute.  MDHI's state law claims have a four-year statute of limitations subject to several equitable exceptions that apply to this case.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

California unfair competition claims are subject to a four-year statute of limitations, which begin to run on the date the cause of action accrued. *See Aryeh v. Canon Bus. Solutions, Inc*., 55 Cal.4th 1185, 1196-97 (2013); see also Cal. Bus. & Prof. Code § 17208. The California Supreme Court has held, however, that the date of accrual of an unfair competition claim is subject to a number of equitable exceptions and modifications, such as the discovery rule, equitable tolling, fraudulent concealment, the continuing violation doctrine, and the theory of continuous accrual. *Aryeh*, 55 Cal. 4th at 1192, 1196 (holding common law accrual rules apply to unfair competition claims).

*Baja Ins. Servs. v. Shanze Enters*., 2016 U.S. Dist. LEXIS 43994 *19 (E.D. Cal. Mar. 31, 2016)

The numerous equitable exceptions to accrual apply in this case.  As explained by Judge Nunley, the discovery rule postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. *Aoki v. Gilbert*, 2014 U.S. Dist. LEXIS 101151, 28-29 (E.D. Cal. July 22, 2014) *citing Aryeh*, 55 Cal. 4th at 1191-92.  The doctrine of fraudulent concealment tolls the statute of limitations where a defendant, through deceptive conduct, has caused a claim to grow stale.  *Id*.  The continuing violation doctrine aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them. *Id*.  Finally, under the theory of continuous accrual, a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period.  *Id*.  These common law accrual rules apply to the facts of this case, so that discovery is not limited to three years prior to the filing of the lawsuit.

Under the discovery rule, knowledge that defendant is infringing some elements of plaintiff's intellectual property is not sufficient to start the statute of limitations period for infringement of other elements of plaintiff's intellectual property when plaintiff did not know of the specific infringement. *V.V.V. & Sons Edible Oils, Ltd. v. Meenakshi Overseas LLC*, 2016 U.S. Dist. LEXIS 44197 * 28 (E.D. Cal. Mar. 31, 2016) (knowledge that defendant was infringing one of plaintiff's trademarks did not put plaintiff on notice that defendant was infringing plaintiff's other trademarks).  Here, Aerometals' submissions to the FAA are made confidentially and not subject to disclosure. MDHI could not have discovered that Aerometals

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

16

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1  was fraudulently and unfairly submitting MDHI's proprietary materials to the FAA in support of

2  its applications for approval to manufacture MD500 helicopter parts.  In fact, MDHI discovered

3  for the first time in response to Interrogatory No. 4 that Aerometals submitted excerpts from its

4  Technical Manuals to the FAA as part of its various applications.  See Black. Decl. ¶¶ 3-19.

5  Aerometals admitted on February 22, 2017 that materials from a number of MDHI Technical

6  Manuals were submitted to the FAA within three years from the filing of the complaint.  See

7  Janicki Decl. Ex. 1, Response No. 4.

8          MDHI is still unaware of the specific version, page number, or illustration that was

9  copied by Aerometals because Aerometals refused to fully respond to Interrogatory No.4. MDHI

10  should be permitted to discover all FAA applications submitted by Aerometals that include

11  infringing material because MDHI was not aware that Aerometals had been confidentially

12  submitting MDHI's proprietary material to the FAA.  See Black Decl. ¶¶ 3-19.

13          Moreover, Aerometals used MDHI's proprietary materials to improperly obtain approval

14  from the FAA to manufacture and sell MD 500 helicopter parts to the civilian public.  This is an

15  ongoing and continuing infringement of MDHI's intellectual property, warranting an equitable

16  tolling of the statute of limitations on MDHI's unfair competition claims.  As Aerometals'

17  submitted its applications to the FAA confidentially, Aerometals fraudulently concealed its

18  infringing activity further warranting an equitable tolling.

19          Aerometals' use of MDHI's technical manuals in support its PMA applications to the

20  FAA (as admitted by Aerometals in response to Interrogatory No. 4) is not merely a copyright

21  infringement but also a violation of the restricted use provisions placed on MDHI's technical

22  manuals, shown below, and supports MDHI's unfair competition claims.

23                            **RESTRICTED USE**

24  **MDHI provides this manual for use by owners, operators and maintainers of MDHI
    products and authorized parts. Use by STC or PMA applicants or holders as**

25  **documentation to support their certificates is not an authorized use of this manual and is
    prohibited.**

26          Aerometals' violation of this provision supports MDHI's unfair competition claims

27  which are not restricted by the copyright laws.  Any approval granted to Aerometals for MD500

28

1    parts by the FAA based upon the submission of MDHI intellectual property is an ongoing

2    infringement of MDHI's intellectual property rights and subject to discovery by MDHI.

3        Aerometals fraudulently and unfairly obtained approval from the FAA by confidentially

4    submitting MDHI's proprietary materials in connection with its applications to manufacture

5    MD500 parts.  The FAA approvals based on this wrongful conduct are in force today and

6    provide the basis for Aerometals' sale of MD500 helicopter parts to the civilian public.

7    Aerometals wrongdoing is therefore ongoing and continuous as Aerometals continues to accrue

8    unjust profits and harm MDHI based on its wrongful conduct.  MDHI is therefore able to apply

9    the equitable principles of the discovery rule, fraudulent concealment, the continuing violation

10   doctrine, and the theory of continuous accrual to obtain discovery from Aerometals beyond three

11   years from date of the complaint.

12       Second, the three year statute of limitations does not apply to many of MDHI's direct

13   copyright infringement claims because the "delayed discovery rule" allows a copyright

14   infringement claim beyond the three year window when the plaintiff did not know or reasonably

15   could have known of the infringement.    *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700,

16   706 (9th Cir. 2004) ("the statute of limitations does not prohibit recovery of damages incurred

17   more than three years prior to the filing of suit if the copyright plaintiff was unaware of the

18   infringement, and that lack of knowledge was reasonable under the circumstances.).  A copyright

19   cause of action accrues when the copyright owner knew or should have known of the alleged

20   infringement. *Aoki*, 2014 U.S. Dist. LEXIS 101151 at 33 *citing Polar Bear Productions, Inc. v.*

21   *Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004).

22       When a plaintiff knew or should have known that infringement had occurred is the point

23   in time when the claim accrues and is a question of fact. See *Polar Bear Prods.*, 384 F.3d at 707.

24   "It is widely recognized that the separate-accrual rule attends the copyright statute of limitations.

25   Under that rule, when a defendant commits successive violations, the statute of limitations runs

26   separately from each violation."  *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S.Ct. 1962, 1969

27   (2014). "Each wrong gives rise to a discrete `claim' that `accrue[s]' at the time the wrong

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1   occurs," meaning that "each infringing act starts a new limitations period." *Id.* Every

2   infringement by Aerometals has a separate accrual.

3       Aerometals' argument that in order to invoke the "delayed discovery rule" MDHI must

4   affirmatively plead the date of discovery for each infringing document and the due diligence to

5   discover the infringement is without merit.  MDHI learned for the first time in response to

6   Interrogatory No. 4 that Aerometals provided excerpts from several of MDHI's technical

7   manuals to the FAA as part of Aerometals' confidential applications to manufacture certain

8   MD500 parts. See Black Decl. ¶¶ 3-19.  MDHI also learned for the first time through discovery

9   in this case that Aircraft Manufacturing Company submitted MDHI's intellectual property to the

10  FAA on behalf of Aerometals in confidential applications for approval to manufacture MD 500

11  Parts.  See Black Decl. ¶¶ 3-19.  These submissions involved direct and indirect copyright

12  infringement that MDHI could not have reasonably known prior to this litigation.  MDHI could

13  not have discovered these distinct acts of infringement, or any other previous acts of

14  infringement involving material Aerometals provided confidentially to the FAA, because these

15  applications are not made public and the FAA will not release such information pursuant to a

16  Freedom of Information Act Request.  There is simply no way for MDHI to have discovered

17  Aerometals' specific acts of infringing activity without conducting discovery under the Federal

18  Rules of Civil Procedure.  MDHI could not specifically plead the discovery of infringing

19  documents when there is no possible way for MDHI to learn that such documents exist without

20  discovery.  MDHI is therefore entitled to discover all infringing material that Aerometals

21  provided to the FAA or its customers, even if beyond the three year window.  The date that

22  MDHI became aware of these infringing materials cannot be addressed until MDHI discovers

23  which documents are at issue.  Discovery should not be limited at this time.

24      Aerometals' authorities on the delayed discovery rule are inapposite. *Vaccarino v.*

25  *Midland Nat'l Life Ins. Co.*, CY-1 1-05858-CAS, 2011 U.S. Dist. LEXIS 132982, * 10- 15 (C.D.

26  Cal. Nov. 14,201 1) applies to heightened pleading standards under Rule 9 for fraud claims in the

27  context of a motion to dismiss.  In *Vaccarino*, plaintiff specifically alleged that defendant

28  engaged in fraud that occurred outside the statute of limitations period, but failed to allege the

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

19

date of discovery of the fraud.  *Id.*  Because the date of discovery was not plead, plaintiff failed

to state a cause of action for fraud, and the claim was dismissed. *Id.*  *Vaccarino* does not limit

discovery, and it is not applicable here, as none of MDHI's claims have been dismissed.  MDHI

must first learn what infringing documents exist before the "delayed discovery rule" can be

analyzed in the context of MDHI's knowledge of such infringing activities.  Aerometals does not

offer a single authority where discovery is limited by the three year copyright statute of

limitations.

Aerometals is wrong that discovery is limited by the allegations in MDHI's complaint.

Courts in the Ninth Circuit have routinely held that discovery is quite broad and not limited by

the issues raised in the pleadings but covers materials that bear on the issues in the case.  *Vickers*

*v. Maldonado*, 2017 U.S. Dist. LEXIS 30577 *5 (E.D. Cal. Mar. 3, 2017) ("Discovery is not

limited to the issues raised in the pleadings but encompasses any matter that bears on or

reasonably could lead to other matter that bears on any issues that is or may be in the case."

*citing  Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253

(1978)); *Mora v. Zeta Interactive Corp.*, 2017 U.S. Dist. LEXIS 19413, *9-10 (E.D. Cal. Feb.

10, 2017) ("Relevancy to the subject matter of the litigation 'has been construed broadly to

encompass any matter that bears on, or that reasonably could lead to other matter that could bear

on, any issue that is or may be in the case.'" *quoting  Oppenheimer Fund, Inc.*, 437 U.S. at 351);

*Weldon v. Dyer*, 2015 U.S. Dist. LEXIS 27924 *10-11 (E.D. Cal. March 6, 2015) ("the scope of

discovery is quite broad" and "is not limited to issues raised by the pleadings, for discovery itself

is designed to help define and clarify issues.").  Nothing in MDHI's complaint prevents MDHI

from discovering infringing documents that Aerometals provided confidentially to the FAA or to

its customers outside of the three year copyright statute of limitations as MDHI has specifically

plead that Aerometals provided infringing documents confidentially to the FAA.

Thirdly, MDHI has claims against Aerometals for contributory copyright infringement

and vicarious copyright infringement, which may involve acts by Aerometals outside the three

year window but did not accrue until later.  In the Ninth Circuit, a copyright claim *accrues* when

a plaintiff knew or should have known that *infringement* had occurred.  *Roley v. New World*

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1   *Pictures*, 19 F.3d 479, 481 (9th Cir. 1994) ("A cause of action for copyright infringement

2   accrues when one has knowledge of a violation or is chargeable with such knowledge."); *see*

3   *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004).  "One infringes

4   contributorily by intentionally inducing or encouraging direct infringement, and infringes

5   vicariously by profiting from direct infringement while declining to exercise a right to stop or

6   limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930, 125 S.Ct.

7   2764, 2776, 162 L.Ed.2d 781 (2005); *see also Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d

8   1146, 1175 (9th Cir.2007).  "[A] defendant is a contributory infringer if it (1) has knowledge of a

9   third party's infringing activity, and (2) induces, causes, or materially contributes to the

10  infringing conduct." *Perfect 10 v. Visa Int'l Serv. Assoc.*, 494 F.3d 788, 795 (9th Cir. 2007).

11  Therefore, MDHI's claims for vicarious and contributory copyright infringement do not accrue

12  based upon the actions of Aerometals, but based upon the actions of third-party infringers.

13  These claims do not "accrue" until the direct infringement by a third-party, even if Aerometals'

14  actions occurred outside the three year window.

15          For example, Aerometals may provide infringing material to the FAA or to one of its

16  customers outside the three year window.  But, vicarious or contributory infringement does not

17  "accrue" when Aerometals provided the infringing material.  It accrues when the FAA or a

18  customer violates one of the exclusive copyright rights at some later time.  In order to prove

19  vicarious or contributory copyright infringement that occurred within the three year window,

20  MDHI may have to rely upon the actions of Aerometals outside of three years.  Therefore MDHI

21  is entitled to discover all infringing material that it provided confidentially to the FAA or its

22  customers, even outside of three years, in order to prove its indirect infringement claims.

23          Finally, the full extent of Aerometals' infringing activities, including infringements

24  outside the three year window, also bear on the issue of willfulness, and therefore the proper

25  measure of damages.  *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th

26  Cir.1985); *Cengage Learning, Inc. v. Davis Textbooks*, 2016 U.S. Dist. LEXIS 126686 *5 (E.D.

27  Cal. Sep. 16, 2016); *Oracle Am., Inc. v. Google Inc.*, 131 F. Supp. 3d 946, 954 (N.D. Cal. 2015)

28  ("an infringer who has been shown by the copyright owner to have been a willful, conscious, and

21

1   deliberate plagiarist, in a sense of moral blame, of the copyrighted material may not deduct any

2   income taxes or excess profits taxes from its gross revenues in the calculation of its infringement

3   profits"). MDHI should be able to fully develop evidence to support its claim that Aerometals

4   willfully infringed on its intellectual property rights through discovery outside the three year

5   window.

6          There is no basis to restrict discovery based upon the statute of limitations contained in

7   the copyright laws, even for MDHI's copyright infringement claims.  This interrogatory is

8   narrowly tailored to encompass only documents that infringe on MDHI's intellectual property

9   rights.  MDHI is entitled to a response to this interrogatory without undue limitations.  Discovery

10  responses that restrict or limit search for relevant information are improper. *Tyler v. City of San*

11  *Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D. Cal. April 29,

12  2015).  MDHI is entitled to discover all Installation Instructions prepared by Aerometals that

13  incorporate MDHI's proprietary information in violation of both copyright and unfair

14  competition laws.

15              **2.      Aerometals' Position**

16         Most of MDHI's argument focuses on the statute of limitations, even though Aerometals

17  has made clear that it did not withhold any information in response to Interrogatory 1 on statute

18  of limitations grounds.  Therefore none of that argument is relevant and need not be considered

19  by the Court in connection with this motion.

20         The remaining issue then is whether Aerometals' response was sufficiently complete.

21  MDHI complains that Aerometals did not provide the requested detail, including the

22  identification of the specific author of each of the installation instructions listed, release date, and

23  revision date.  Aerometals considers the company to be the "Author" of these documents, as they

24  are created and distributed by Aerometals.  Aerometals does not maintain separate records

25  showing which engineer worked on or authored each of its installation instructions.  Declaration

26  of Lorie Symon dated April 12, 2017 ("Symon Decl."), ¶ 9.  Some of the installation instructions

27  identified in response to Interrogatory 1 identify a person who worked on that document.  That

28  information does not necessarily identify the "author," as defined by MDHI, of the document,

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

22

1  since multiple people may have worked on each of these.  Since Aerometals produced copies of

2  each of the listed documents to MDHI and such information that is available on the face of the

3  document is equally available to MDHI.  As MDHI has demonstrated above, if that information

4  is available on the face of the document, it is equally available to MDHI and MDHI's insistence

5  on a separate record is simply designed to create a burden for Aerometals.  To the extent that

6  Aerometals is able to locate records with additional information regarding the employees who

7  worked on these documents, Aerometals has stated that it will supplement its response.

8       MDHI additionally complains that Aerometals has not provided the revision date of each

9  of these documents as revised to remove any MDHI illustrations.  Those revised instructions are

10  not responsive to Interrogatory 1, since none "incorporates, displays, depicts, or shows a

11  diagram, figure, image, drawing, or excerpt taking from any MDHI TECHNICAL MANUAL."

12  Further, each is publicly available on Aerometals' website.

13       Aerometals is not "playing games," but is instead attempting to meaningfully respond to

14  multiple discovery requests seeking extensive amounts of information, and has met its burden

15  with respect to Interrogatory 1.

16

17       **D.    Aerometals' Response to Interrogatory No. 2**

18

19  **SPECIAL INTERROGATORY NO. 2:**

20       IDENTIFY each "Instructions for Continued Airworthiness" prepared by YOU or on

21  YOUR behalf relating to MD 500 helicopter parts that incorporates, displays, depicts, or shows a

22  diagram, figure, image, drawing, or excerpt taking from any MDHI TECHNICAL MANUAL.

23  See Ex. B, example Continued Airworthiness Instructions.

24  **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

25       Aerometals objects to this interrogatory to the extent that it is ambiguous, overly broad,

26  unduly burdensome, and oppressive.  Aerometals objects to this interrogatory on the basis that

27  the words "incorporates, displays, depicts, or shows" and the phrase "taken from" are vague and

28  ambiguous.  Aerometals objects to this interrogatory on the basis that it is it is not proportional to

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

23

the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  Aerometals objects to this interrogatory to the extent that Aerometals' Instructions for Continued Airworthiness have been publicly available on its website for many years, and have thus been available to MDHI for examination and analysis.

Aerometals objects to each instruction, definition, and interrogatory to extent that it seeks information concerning or relating to events or actions taking place or documents generated prior to September 21, 2013, the date upon which the applicable three year copyright limitations period began, as stated in 17 U.S.C. §507(b) and referenced throughout MDHI's Complaint.

Aerometals objects to each instruction, definition, and interrogatory to the extent that it seeks information concerning documents other than those referenced in the Complaint, namely Document Number AMC MI-03003, including the illustration of a horizontal stabilizer referenced in paragraph 52 of the Complaint; and Document Number Aero-Inst-017, including the illustration of a tail rotor transmission referenced in paragraphs 55-56 of the Complaint. Subject to and without waiving any objections, Aerometals responds as follows: Aerometals is not aware of any responsive Instructions for Continued Airworthiness (ICAs) that have been submitted to the FAA or posted to Aerometals website within the applicable limitations period. Three responsive ICAs were posted before the limitations period began and were available on the Aerometals website during the three year limitations period, but are no longer available.  These are: 369XH92041; AM369H8092; AM369H8084.

**SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Aerometals responds as follows: Aerometals is not aware of any responsive Instructions for Continued Airworthiness (ICAs) that have been submitted to the FAA or posted to Aerometals website within the applicable limitations period. Three responsive ICAs were posted before the limitations period began and were available on the Aerometals website during the three year limitations period, but are no longer available. These are: 369XH92041; AM369H8092;

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1   AM369H8084. Specific additional information about each of these is included on the chart

2   attached hereto as Exhibit A.

3             **1.**       **MDHI's Position**

4          Aerometals' interrogatory response is vague, evasive and incomplete.  *Bryant v.*

5   *Armstrong*, 285 F.R.D. 596, 612 (S.D. Cal. 2012) ("A party answering interrogatories has an

6   affirmative duty to furnish any and all information available to the party.").  Rule 37 provides

7   that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to

8   disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

9          In response to Interrogatory No. 2 Aerometals lists several responsive Instructions for

10   Continued Airworthiness that may have been posted on its website, but fails to completely

11   respond with the title, author, release date, any subsequent revision and date of revision for each

12   document.  See Definition F.  Although some information may be contained in the documents,

13   the name of the individual author is not.  Aerometals also states that responsive documents have

14   been revised by removing MDHI's material, but these documents have not been identified, the

15   date of revision is not disclosed, and the individual  author has not been made known.

16          Aerometals should conduct a reasonable investigation to determine the author for each

17   infringing document and should certainly provide the identification of the individual who

18   recently modified the documents.  This information should be readily available to Aerometals as

19   seen on a related Aerometals' Instruction for Continued Airworthiness document.

20

21

22

23

24

25

26

27

28



SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1    This interrogatory asks for any responsive Instructions for Continued Airworthiness

2    "prepared by You or on Your behalf" and is not limited to documents posted on Aerometals'

3    Website or submitted to the FAA.  Furthermore, the request is not limited to three years prior to

4    the date of the complaint, but applies to any time.  See Instruction A.  Discovery responses that

5    restrict or limit search for relevant information are improper. *Tyler v. City of San Diego*, 2015

6    U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D. Cal. April 29, 2015).

7    MDHI's response to the three year statute of limitations is in the previous sections.

8    This interrogatory is narrowly tailored to encompass only documents that infringe on

9    MDHI's intellectual property rights.  MDHI is entitled to a response to this interrogatory without

10   undue limitations. MDHI is entitled to discover all Instructions for Continued Airworthiness

11   prepared by Aerometals that incorporate MDHI's proprietary information in violation of both

12   copyright and unfair competition laws.

13       **2.      Aerometals' Position**

14   MDHI complains that Aerometals did not provide the requested detail, including the

15   identification of the specific author of each of the Instructions for Continued Airworthiness

16   ("ICAs")  listed, release date, and revision date.  Aerometals provided additional detailed

17   information concerning each of these documents in Exhibit A attached to its Supplemental

18   Responses.  Aerometals considers the company to be the "Author" of these documents, as they

19   are created and distributed by Aerometals.    Aerometals does not maintain separate records

20   showing which engineer worked on or authored each of its ICAs, particularly since some were

21   originally prepared many years ago.  Declaration of Lorie Symon dated April 12, 2017 ("Symon

22   Decl."), ¶ 9.  Certain of the ICAs identified in response to Interrogatory 2 identify a person who

23   worked on that document.  That information does not necessarily identify the "author" of the

24   document, since multiple people may have worked on each of these.  Since Aerometals produced

25   copies of each of the listed documents to MDHI and such information that is available on the

26   face of the document is equally available to MDHI.  As MDHI has demonstrated above, if that

27   information is available on the face of the document, it is equally available to MDHI and

28   MDHI's insistence on a separate record is simply designed to create a burden for Aerometals.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

26

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

To the extent that Aerometals is able to locate records with additional information regarding the employees who worked on these documents, Aerometals has stated that it will supplement its response.

MDHI additionally complains that Aerometals has not provided the revision date of each of these documents as revised to remove any MDHI illustrations. Those revised instructions are not responsive to Interrogatory 2, since none "incorporates, displays, depicts, or shows a diagram, figure, image, drawing, or excerpt taking from any MDHI TECHNICAL MANUAL." Further, each is publicly available on Aerometals' website.

Aerometals is not "playing games," but is instead attempting to meaningfully respond to multiple discovery requests seeking extensive amounts of information, and has met its burden with respect to Interrogatory 2.

### E.     Aerometals' Response to Interrogatory No. 3

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY each "Service Bulletin" prepared by YOU or on YOUR behalf relating to MD 500 helicopter parts that incorporates, displays, depicts, or shows a diagram, figure, image, drawing, or excerpt taken from any MDHI TECHNICAL MANUAL. See Ex. C, example Service Bulletin.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Aerometals objects to this interrogatory to the extent that it is ambiguous, overly broad, unduly burdensome, and oppressive. Aerometals objects to this interrogatory on the basis that the words "incorporates, displays, depicts, or shows" and the phrase "taken from" are vague and ambiguous. Aerometals objects to this interrogatory on the basis, that it is it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Aerometals objects to this interrogatory to the extent that Aerometals' Service Bulletins have been publicly available on

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1  its website for many years, and have thus been available to MDHI for examination and analysis.

2         Aerometals objects to each instruction, definition, and interrogatory to the extent that it

3  seeks information concerning or relating to events or actions taking place or documents

4  generated prior to September 21, 2013, the date upon which the applicable three year copyright

5  limitations period began as stated in 17 U.S.C. §507(b) and referenced throughout MDHI's

6  Complaint.

7         Aerometals objects to each instruction, definition, and interrogatory to the extent that it

8  seeks information concerning documents other than those referenced in the Complaint, namely

9  Document Number AMC MI-03003, including the illustration of a horizontal stabilizer

10  referenced in paragraph 52 of the Complaint; and Document Number Aero-Inst-017, including

11  the illustration of a tail rotor transmission referenced in paragraphs 55-56 of the Complaint.

12  Subject to and without waiving any objections, Aerometals responds as follows:  Aerometals is

13  not aware of any responsive Service Bulletin.

14  **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

15  Aerometals responds as follows: Aerometals is not aware of any responsive information after a

16  reasonably diligent search.

17         **1.     MDHI's Position**

18         Because Aerometals has objected to providing information outside the three year

19  copyright statute of limitations, MDHI cannot determine from this response whether Aerometals

20  searched for responsive documents outside of three years.  MDHI's response to the three year

21  statute of limitations is in the previous sections.

22         **2.     Aerometals' Position**

23         Aerometals has not objected on statute of limitations grounds, as its supplemental

24  response makes clear and as Aerometals expressly told MDHI during its meet and confer

25  discussions.  There is no further information that Aerometals can provide as there are no

26  Aerometals documents responsive to this request.

27

28

28

1    **F.     Aerometals' Response to Interrogatory No. 4**

2    **SPECIAL INTERROGATORY NO. 4:**

3    IDENTIFY each DOCUMENT not already IDENTIFIED that was prepared by YOU or

4    on YOUR behalf relating to MD 500 helicopter parts that incorporates, displays, depicts, or

5    shows a diagram, figure, image, drawing, or excerpt taken from any MDHI TECHNICAL

6    MANUAL.

7    **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

8    Aerometals objects to this interrogatory to the extent that it is ambiguous, overly broad,

9    unduly burdensome, and oppressive.  Aerometals objects to this interrogatory on the basis that

10   the words "prepared," "incorporates, displays, depicts, or shows" and the phrase "taken from" are

11   vague and ambiguous.  Aerometals objects to this interrogatory on the basis that it is it is not

12   proportional to the needs of the case, considering the importance of the issues at stake in the

13   action, the amount in controversy, the parties relative access to relevant information, the parties'

14   resources, the importance of the discovery in resolving the issues, and whether the burden or

15   expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

16   Aerometals objects to each instruction, definition, and interrogatory to the extent that it seeks

17   information concerning or relating to events or actions taking place or documents generated prior

18   to September 21, 2013, the date upon which the applicable three year copyright limitations

19   period began, as stated in 17 U.S.C. §507(b) and referenced throughout MDHI's Complaint.

20   Aerometals objects to each instruction, definition, and interrogatory to the extent that it

21   seeks information concerning documents other than those referenced in the Complaint, namely

22   Document Number AMC MI-03003, including the illustration of a horizontal stabilizer,

23   referenced in paragraph 52 of the Complaint; and Document Number Aero-Inst-017, including

24   the illustration of a tail rotor transmission referenced in paragraphs 55-56 of the Complaint.

25   Subject to and without waiving any objections, Aerometals responds as follows:

26   Aerometals made certain submittals to the FAA within the last three years that meet this

27   description, either because they incorporate an illustration or because they attach MDHI

28   materials as required reference documentation, and expressly acknowledge that MDHI is the

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

29

1  source.  These submittals are as follows:

2  [Redacted]

3  See MDHI Request to Seal Documents, Ex. 1

4
5  **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

6      Aerometals objects to this interrogatory on the basis that the words "prepared," "relating

7  to," "incorporates, displays, depicts, or shows" and the phrase "taken from" are vague and

8  ambiguous.  Aerometals objects to this interrogatory on the basis that it is it is not proportional to

9  the needs of the case, considering the importance of the issues at stake in the action, the amount

10  in controversy, the parties' relative access to relevant information, the parties' resources, the

11  importance of the discovery in resolving the issues, and whether the burden or expense of the

12  proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

13      This response is designated "Highly Confidential — Attorney Eyes Only" under the

14  parties' protective order.  These responses contain detailed, non-public information about

15  Aerometals' confidential FAA submissions, including information regarding parts for which

16  Aerometals is applying or has applied for PMA approval from the FAA, details on what reports

17  Aerometals submits in connection with these applications, how Aerometals composes its reports,

18  and what information it chooses to include in reports. Disclosure of this information, particularly

19  to a direct competitor such as MDHI, would cause commercial harm to Aerometals and disrupt

20  Aerometals' confidential communications with the FAA.

21      Subject to and without waiving any objections, Aerometals responds as follows:

22  Aerometals made certain submittals to the FAA within the last three years that meet this

23  description, either because they incorporate an illustration from an MDHI technical manual or

24  because they attach MDHI materials as required reference documentation (for which MDHI is

25  expressly acknowledged as the source).  Aerometals has made similar submittals to the FAA

26  prior to three years ago, which would be burdensome and onerous to compile and list, a burden

27  that is not proportional to the relevance of these documents.  The submittals made to the FAA

28  within the last three years are as follows:

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

30

1

2    [Redacted]

3    See MDHI Request to Seal Documents, Ex. 2.

4
           1.       **MDHI's Position**

5
           Aerometals' interrogatory response is vague, evasive and incomplete.  *Bryant v.*

6
*Armstrong*, 285 F.R.D. 596, 612 (S.D. Cal. 2012) ("A party answering interrogatories has an

7
affirmative duty to furnish any and all information available to the party.").  Rule 37 provides

8
that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to

9
disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).   Aerometals' boilerplate objections are

10
improper and have been addressed in prior sections.  Aerometals' "vague and ambiguous"

11
objection is addressed below.

12
                   •     Aerometals objects to this interrogatory on the basis that the words
13                          "prepared," "incorporates, displays, depicts, or shows" and the phrase
                           "taken from" are vague and ambiguous.
14

15         The objection above is devoid of factual support or specificity and fails to explain how

16   the terms are ambiguous.  Aerometals fails to explain how the terms "prepared, incorporates,

17   displays, depicts, or shows" and the phrase "taken from" are vague and ambiguous and why

18   common sense and ordinary definitions for these terms are insufficient.  *Advanced Visual Image*

19   *Design, LLC v. Exist Inc.*, 2015 U.S. Dist. LEXIS 109140 *16 (C.D. Cal., August 18, 2015).

20   ("The party objecting to discovery as vague or ambiguous has the burden to show such

21   vagueness or ambiguity. The responding party should exercise common sense and attribute

22   ordinary definitions to terms in discovery requests.").  In fact, Aerometals' own documents use

23   "prepared" in reference to the author of one of its Instructions for Continued Airworthiness.

24         In response to Interrogatory No. 4 Aerometals lists several responsive documents that

25   were submitted to the FAA, but fails to completely respond with the title, author, release date,

26   any subsequent revision and date of revision for each document.  See Definition F.

27         The request asks for any responsive documents "prepared by You or on Your behalf" and

28   is not limited to documents submitted to the FAA.  Furthermore, the request is not limited to

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

31

1    three years prior to the date of the complaint, but applies to any time.  See Instruction A.

2    Discovery responses that restrict or limit search for relevant information are improper. *Tyler v.*

3    *City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-GPC-JLB *11 (S.D.

4    Cal. April 29, 2015).  The copyright statute of limitations is not relevant to limit discovery,

5    particularly when MDHI has pending unfair competition claims.  The statute of limitations is

6    discussed in more detail in previous sections.  MDHI's copyright infringement claims may reach

7    beyond the three year window based upon the delayed discovery rule and other equitable tolling

8    principles discussed above.  MDHI could not possibly know what documents Aerometals

9    submitted to the FAA in support of its applications for approval to manufacture helicopter parts.

10   The information sought is extremely important to MDHI's claims as alleged in the complaint.

11   Access to this information by Aerometals would be relatively easy as Aerometals has stated all

12   responsive submissions to the FAA are contained in hard copies in binders that are easily

13   located.  These binders can simply be copied with little effort by Aerometals.  In fact,

14   Aerometals is required by the FAA to maintain these documents.  It is not unusual for

15   intellectual property disputes to result in many thousands of pages of documents produced in the

16   litigation.  Even if production of these documents has some burden on Aerometals, it is not an

17   undue burden given that Aerometals concedes these documents contain infringing submissions to

18   the FAA.  MDHI's request is narrowly tailored to identify only those documents that contain

19   infringing content.

20          There is no basis to restrict discovery based upon the statute of limitations contained in

21   the copyright laws, even for copyright infringement claims.  MDHI is entitled to discover all

22   documents prepared by Aerometals that incorporate MDHI's proprietary information in violation

23   of both copyright and unfair competition laws.

24

25          **2.       Aerometals' Position**

26          Aerometals objected to this interrogatory for several reasons.  One is that it is a "catch-

27   all" request that requires a great deal of work, on the part of Aerometals, because of its breadth

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

and absence of any time boundaries.  As explained previously, Aerometals has been competing

with MDHI for decades.  During this period, many MDHI technical materials, including the

requested MDHI TECHNICAL MANUALS, were available from any number of sources –

including MDHI or its predecessors – without restriction – and even now MDHI makes these

materials available without charge.  In addition, the interrogatory imposes on Aerometals an

obligation to review the data packages of FAA approval for PMA and STC parts.  These

packages largely are comprised of data and documentation prepared by Aerometals, though in

certain instances MDHI-prepared materials were included to conform to FAA instructions or

expectations.  The great majority of the PMA and STC packages were prepared years before

2014 and therefore, in our estimation, outside the period of limitations within which any

infringement claim can lie.  Nevertheless, Aerometals has determined to demonstrate good faith

and has changed its position on this request.  (Counsel for Aerometals intended to raise this with

counsel for MDHI during the meet and confer telephone call that was to have happened on April

11 but did not occur.)  Aerometals agrees to respond to this Interrogatory by providing

information as requested, i.e., a list of the documents Aerometals prepared, not otherwise

identified in response to these Interrogatories, for any MD 500 part made by Aerometals, that use

the described content from MDHI technical manuals.  It will take time and extensive effort to

prepare this list.  (*See generally* Symon Decl. for facts concerning extent of documentation.), We

will review all PMA and STC packages for MD 500 parts beginning with those that are the most

recent.  We will advise counsel for MDHI of the estimate of when we believe we can complete

and furnish the list.

### G.    Aerometals' Response to Interrogatory No. 5

**SPECIAL INTERROGATORY NO. 5:**

For each DOCUMENT IDENTIFIED in response to Interrogatories 1, 2, 3 and 4, fully

1   describe the source of each diagram, figure, image, drawing or excerpt taken from any MDHI

2   TECHNICAL MANUAL including the source DOCUMENT title vision, date, page number and

3   figure number (if applicable.)

4   **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

5        Aerometals objects to this interrogatory to the extent that it is ambiguous, overly broad,

6   unduly burdensome, and oppressive. Aerometals objects to this interrogatory on the basis that

7   the phrase "taken from" is vague and ambiguous. Aerometals objects to this interrogatory on the

8   basis that it is it is not proportional to the needs of the case, considering the importance of the

9   issues at stake in the action, the amount in controversy, the parties' relative access to relevant

10   information, the parties' resources, the importance of the discovery in resolving the issues, and

11   whether the burden or expense of the proposed discovery outweighs its likely benefit.

12   Fed. R. Civ. P. 26(b)(1). Aerometals objects to each instruction, definition, and interrogatory to

13   the extent that it seeks information concerning or relating to events or actions taking place or

14   documents generated prior to September 21, 2013, the date upon which the applicable three year

15   copyright limitations period began, as stated in 17 U.S.C. §507(b) and referenced throughout

16   MDHI's Complaint.

17        Aerometals objects to each instruction, definition, and interrogatory to the extent that it

18   seeks information concerning documents other than those referenced in the Complaint, namely

19   Document Number AMC MI-03003, including the illustration of a horizontal stabilizer

20   referenced in paragraph 52 of the Complaint; and Document Number Aero-Inst-017, including

21   the illustration of a tail rotor transmission referenced in paragraphs 55-56 of the Complaint.

22   Subject to and without waiving any objections, Aerometals responds as follows: Any MDHI

23   illustrations included in the materials listed were from the Illustrated Parts Catalog or the Basic

24   Handbook of Maintenance Instructions.

25   **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

26        Aerometals responds as follows: Any MDHI illustrations included in the materials

27   listed were from the Illustrated Parts Catalog or the basic Handbook of Maintenance Instructions.

28   Aerometals does not have the additional information requested, and would have to compile that

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1   information through a review and comparison of Aerometals' documents and MDHI's technical

2   manuals, materials that defendant has equal access to. With regard to the MDHI materials

3   included as FAA-required reference materials, those will be produced, and the information

4   requested by this interrogatory will be available by review of those documents.

5

6         **1.**      **MDHI's Position**

7         Aerometals' interrogatory response is vague, evasive and incomplete. *Bryant v.*

8   *Armstrong*, 285 F.R.D. 596, 612 (S.D. Cal. 2012) ("A party answering interrogatories has an

9   affirmative duty to furnish any and all information available to the party."). Rule 37 provides

10   that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to

11   disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

12         Aerometals response states generally that it has incorporated illustrations from MDHI's

13   Illustrated Parts Catalogue and Basic Handbook of Maintenance Instructions into its own

14   materials, but fails to provide the document title, revision, date, page number and figure number

15   (if applicable) for each illustration copied. This information is often not on the face of the

16   documents produced. Discovery responses that restrict or limit search for relevant information

17   are improper. *Tyler v. City of San Diego*, 2015 U.S. Dist. LEXIS 56309, Case No. 14-cv-01179-

18   GPC-JLB *11 (S.D. Cal. April 29, 2015). Discovery responses that do not respond to the

19   "specific question" posed are evasive and subject to a motion to compel. *Bryant v. Ochoa*, 2009

20   U.S. Dist. LEXIS 42339 *6 (S.D. Cal. May 14, 2009)

21         This response is incomplete on its face. Aerometals' response to Interrogatory No. 4 lists

22   numerous MDHI technical manuals from which infringing materials were incorporated into

23   Aerometals' documents in addition to the Illustrated Parts Catalogue (CSP-IPC-4) and the Basic

24   Handbook of Maintenance Instructions (CSP-HMI-2). Aerometals submitted excerpts to the

25   FAA from the MDHI manuals including the following manuals: CSP-COM-5, CSP-H-2, CSP-

26   H-7, CSP-H-4, and CSP-SRM-6.

27         As part of its copyright infringement claims, MDHI must prove that Aerometals infringed

28   one of the exclusive rights maintained by MDHI in its copyrighted Technical Manuals. As part

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

of MDHI's copyright claim, MDHI must prove Aerometals had access to MDHI's materials and the alleged infringing works are substantially similar to MDHI's material. *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir.1996). The specific versions of MDHI's Technical Manuals that Aerometals submitted to the FAA or incorporated into materials provided to its customers are relevant to MDHI's proof of access and substantial similarity. MDHI must also establish ownership of these specific manuals. MDHI is therefore entitled to learn from Aerometals exactly which versions of each manual it copied along with the identification of the page number or figure number that was copied. This is particularly important because MDHI's Technical Manuals may have as many as 45 revisions. Aerometals provided some of this information in response to Interrogatory No. 4 (see "Illustrated Parts List (IPC) Rev 5 Pg 10 and Rev 13 Pg 11"), but failed to provide this information for all of the MDHI manuals. Aerometals should provide this information for all infringing materials. The excerpts of the MDHI Technical Manuals do not list the specific version from which the material is taken. Finally, MDHI is entitled to discover infringing submissions made to the FAA or provided to Aerometals' customers outside of the three year statute of limitations for the reasons previously stated.

## 2.     Aerometals' Position

The additional information MDHI requests would be extremely burdensome to locate, is not proportional to the issues in dispute and would require Aerometals to prepare a compilation based on information that is or will be equally available to MDHI. A responding party is not required to conduct extensive research in order to answer an interrogatory; only a reasonable effort to respond must be made. *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).

First, as stated above, Aerometals used certain MDHI illustrations in certain of its materials provided on its website or provided to the FAA. These are simple line sketches, not engineering drawings. Symon Decl., ¶ 8. Aerometals does not maintain records that specifically show which MDHI technical manual each of these came from. *Id.* However, for the most part, these simple illustrations appear to be unchanged in the various revisions of

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

36

1  MDHI technical manuals, a fact MDHI can easily confirm.  Symon Decl., ¶¶ 8, 14.

2  Nevertheless, Aerometals has agreed to provide MDHI with a list of each of the MDHI technical

3  manuals it has in its possession, including the revision number.

4        With respect to the additional information listed in response to Interrogatory 4,

5  Aerometals has specifically identified certain MDHI materials as identified in the Interrogatory

6  that it included as reference material in applications submitted to the FAA.  All such reference

7  material was expressly referenced and identified as MDHI information, including the version of

8  the document referenced.  Symon Decl., ¶ 7.  The FAA requires that such data be supplied in

9  connection with PMA and STC applications of the type that Aerometals submitted.  *Id.*

10  Aerometals has listed each of these documents and has agreed to produce and has already

11  produced or is in the process of producing each such document to MDHI.  There is no need to

12  compel Aerometals to provide additional information in response to this interrogatory.

13        **H.      Aerometals' Response to Interrogatory No. 6**

14  **SPECIAL INTERROGATORY NO. 6:**

15        For each DOCUMENT IDENTIFIED in response to interrogatories 1, 2, 3 and 4, fully

16  describe the process YOU used to incorporate, display, depict, or show each diagram, figure,

17  image, drawing or excerpt taken from any MDHI TECHNICAL MANUAL into the subject

18  DOCUMENT including the name of the individual performing the process, the individual's

19  supervisor, the method used to perform the process computer program used, the computer

20  hardware used, the data storage location, and any alteration, addition, or modification made to

21  the diagram, figure, drawing or excerpt.

22  **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

23        Aerometals objects to this interrogatory to the extent that it is ambiguous, overly broad,

24  unduly burdensome, and oppressive.  Aerometals objects to this interrogatory on the basis that

25  the words "incorporates, displays, depicts, or shows" and the phrase "taken from" are vague and

26  ambiguous .  Aerometals objects to this interrogatory on the basis that it is it is not proportional

27  to the needs of the case, considering the importance of the issues at stake in the action, the

28  amount in controversy, the parties' relative access to relevant information, the parties' resources,

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1    the importance of the discovery in resolving the issues, and whether the burden or expense of the

2    proposed discovery outweighs its likely benefit. Fed R. Civ. P. 26(b)(1).

3         Aerometals objects to each instruction, definition, and interrogatory to the extent that it

4    seeks information concerning or relating to events or actions taking place or documents

5    generated prior to September 21, 2013, the date upon which the applicable three year copyright

6    limitations period began, as stated in 17 U.S.C. §507(b) and referenced throughout MDHI's

7    Complaint.

8         Aerometals objects to each instruction, definition, and interrogatory to the extent that it

9    seeks information concerning documents other than those referenced in the Complaint, namely

10   Document Number AMC MI-03003, including the illustration of a horizontal stabilizer

11   referenced in paragraph 52 of the Complaint; and Document Number Aero-Inst-017, including

12   the illustration of a tail rotor transmission referenced in paragraphs 55-56 of the Complaint.

13   Subject to and without waiving any objections, Aerometals responds as follows:  To the best of

14   Aerometals' recollection, any use or incorporation of MDHI illustrations in any Aerometals'

15   documents was done through a simply cut and paste through Word or a similar program.  Any

16   copies of MDHI materials submitted to the FAA for reference purposes was accomplished

17   through photocopying.  Aerometals will not provide any additional responsive information on

18   the grounds, that it is not relevant to any issues in dispute.

19

20

21

22

23

24

25

26

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

**SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Aerometals objects to this interrogatory to the extent that it is ambiguous, overly broad, unduly burdensome, and oppressive. Aerometals objects to this interrogatory on the basis that the words "incorporates, displays, depicts, or shows" and the phrase "taken from" are vague and ambiguous. Aerometals objects to this interrogatory on the basis that it is it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1). Subject to these objections, Aerometals responds as follows: To the best of Aerometals' recollection and observation, any use or incorporation of MDHI illustrations in any Aerometals document was done through a simple cut and paste through Word or a similar program. Inclusion of any copies of MDHI materials submitted to the FAA for reference purposes was accomplished through photocopying. Additional information is shown on Exhibit A, attached.

**1.      MDHI's Position**

Aerometals' response states that it incorporated MDHI's illustrations into its own materials using a "cut and paste" method through Word, but fails to state the name of the individual performing the process, the individual's supervisor, the method used to perform the process, the computer hardware used, the data storage location, and any alteration, addition, or modification made to the diagram, figure, image, drawing, or excerpt.  The examples at Exhibits A and B to the interrogatories show more than mere cutting and pasting.  The examples show highlighting as well as the addition and deletion of text.   The figures below illustrate this point.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785



Figure 1 – Aerometals' Image from Installation Instruction for AM369H8084

Figure 2 – MDHI HMI-2 Basic Handbook of Maintenance Instruction

A comparison of the two figures above shows that Aerometals added the text "Housing Assy",

"Spring Pin", "Screw" and "Washer."  Aerometals also deleted the text "VENTILATING

VALVE-3690 INSTALLATION."  MDHI is entitled to know from Aerometals how it changed

each of MDHI's illustrations in the preparation of a derivative work from MDHI's copyrighted

40

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1   material and who at Aerometals made these modifications.  Any burden on Aerometals is not an

2   undue burden as these issues are central to MDHI's claims against Aerometals.  Aerometals

3   should conduct a reasonable investigation for this information as MDHI is entitled to this

4   discovery.

5            2.      **Aerometals' Position**

6            Aerometals has provided MDHI with the responsive information it has been able to

7   identify after a reasonable search.  MDHI incorrectly states that none of the requested

8   information has been provided.  In fact, Exhibit A to Aerometals' Supplemental Responses

9   contained the responsive information Aerometals was able to determine.  Aerometals does not

10  have information concerning specific alterations made to MDHI illustrations, and would have to

11  compile that information using information that is equally available to MDHI.  Requiring

12  Aerometals to do so is not warranted. A responding party is not required to conduct extensive

13  research in order to answer an interrogatory; only a reasonable effort to respond must be made.

14  *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, No. S-06-

15  2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21,

16  2007).

17       **I.      Aerometals' Response to Interrogatory No. 7**

18  **SPECIAL INTERROGATORY NO. 7:**

19          IDENTIFY each MDHI Original Equipment Manufacturer ("OEM") drawing for MD

20  500 helicopter parts that has ever been in YOUR possession custody or control, as referenced by

21  Mr. Rex Kamphefner in paragraph 2 of Exhibit D, and state the source from where YOU

22  obtained each drawing.

23  **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

24          Aerometals objects to this interrogatory to the extent that it is ambiguous, overly broad,

25  unduly burdensome, and oppressive.  Aerometals objects to this interrogatory as not within the

26  scope of Rule 26(b)(1) in that the interrogatory is not relevant to any party's claims or defenses in

27  this action.  Aerometals objects to this interrogatory on the basis that it is it is not proportional to

28

the needs of the case, considering the importance of the issues at stake in the action, the amount

in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Aerometals objects to each instruction, definition, and interrogatory to the extent that it

seeks information concerning or relating to events or actions taking place or documents

generated prior to September 21, 2013, the date upon which the applicable three year copyright

limitations period began, as stated in 17 U.S.C. §507(b) and reference throughout MDHI's

Complaint.

Aerometals objects to each instruction, definition, and interrogatory to the extent that it

seeks information concerning documents other than those referenced in the Complaint, namely

Document Number AMC MI-03003, including the lustration of a horizontal stabilizer referenced

in paragraph 52 of the Complaint and Document Number Aero-Inst-017, including the

illustration of a tail rotor transmission referenced in paragraphs 55-56 of the Complaint.

Subject to and without waiving any objections, Aerometals responds as follows: Aerometals

possesses many MDHI OEM drawings that it has acquired over the years in a lawful and

appropriate manner.  It would be unduly burdensome and oppressive to require Aerometals to list

each such OEM drawing, particularly given the fact that Aerometals' possession of such

drawings is not in dispute and is not relevant to any issue directly in dispute.

**SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Aerometals objects to this interrogatory to the extent that it is ambiguous, overly

broad, unduly burdensome, and oppressive. Aerometals objects to this interrogatory as not within

the scope of Rule 26(b)(1) in that the interrogatory is not relevant to any party's claims or

defenses in this action. Aerometals objects to this interrogatory on the basis that it is it is not

proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

42

1    Subject to these objections, Aerometals responds as follows: Aerometals

2  possesses many MDHI OEM drawings that it has acquired over the years in a lawful and

3  appropriate manner. It would be unduly burdensome and oppressive to require Aerometals to

4  prepare a list or compilation of each such OEM drawing in its possession, particularly given the

5  fact that Aerometals' possession of such drawings is not in dispute and is not relevant to any

6  issue directly in dispute.

7    **1.    MDHI's Position**

8    Aerometals' interrogatory response is vague, evasive and incomplete. *Bryant v.*

9  *Armstrong*, 285 F.R.D. 596, 612 (S.D. Cal. 2012) ("A party answering interrogatories has an

10  affirmative duty to furnish any and all information available to the party."). Rule 37 provides

11  that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to

12  disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

13    Aerometals' response states that it possesses many MDHI OEM Drawings but fails to

14  completely respond with the title, author, release date, any subsequent revision and date of

15  revision for each OEM Drawing, and fails to state the source from where Aerometals obtained

16  each OEM Drawing. MDHI still does not know which OEM drawings are in the possession of

17  Aerometals and under what circumstances Aerometals acquired them. MDHI is entitled to test

18  Aerometals' claims that it is in lawful possession of MDHI OEM drawings.

19    As part of MDHI's claim for copyright infringement, MDHI must demonstrate that

20  Aerometals had access to MDHI's copyrighted material and that any work prepared by

21  Aerometals is substantially similar to MDHI's work. *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th

22  Cir.1996). MDHI must also prove it owns the copyright in the alleged infringing work. MDHI

23  is entitled to know exactly which OEM Drawings Aerometals has in its possession and where

24  Aerometals obtained each of its OEM Drawings in order to test whether or not Aerometals

25  obtained them lawfully. MDHI alleges that Aerometals obtained many of the OEM Drawings

26  from the U.S. Army pursuant to a restricted use license for military use only. MDHI also has

27  reason to believe that Aerometals may have improperly acquired the OEM drawings from the

28  Republic of Korea. MDHI is entitled to know the circumstances under which Aerometals

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

43

1   obtained MDHI's OEM Drawings to determine whether Aerometals has violated the terms of the

2   license under which they obtained the drawings.  The three year copyright statute of limitations

3   does not apply for the reasons previously stated.  Any burden on Aerometals would not be an

4   undue burden as these issues are central to MDHI's claims against Aerometals.

5        Moreover, MDHI alleges that Aerometals misappropriated its OEM Drawings (either

6   from the U.S. Government or the Republic of Korea) and improperly provided them to the FAA

7   in support of its approvals.  The source of these OEM Drawings is directly relevant to MDHI's

8   claims, particularly if Aerometals is not lawfully in possession of them or has violated any

9   restrictive use license.  Furthermore, any approvals by the FAA based on improperly obtained or

10  infringing OEM Drawings would be a continuing violation of MDHI's intellectual property

11  rights and therefore subject to discovery.

12          **2.      Aerometals' Position**

13       MDHI's interrogatory is extremely burdensome, and is not proportional to the issues in

14  dispute, the needs of the parties.  As MDHI is aware, Aerometals possesses many thousands of

15  OEM engineering drawings that it has obtained from various sources over many decades of

16  working with the MD 500 series aircraft.  Aerometals disagrees that its possession of any such

17  documents is improper; in any event, its mere possession of these documents is not at issue in

18  this lawsuit.  MDHI does not allege theft of these documents by Aerometals and does not allege

19  any license between MDHI and Aerometals or any other legal theory that would have any

20  bearing on Aerometals' possession of these drawings.    Only the alleged improper use of such

21  documents can be the basis for any claims by MDHI here, as it evident from the Complaint,

22  which does not contain any allegations concerning Aerometals' possession (without use) of

23  OEM drawings.  See, e.g., Complaint at ¶¶ 42-43, 48-49, 50-51.  Nor does MDHI limit this

24  request to drawings for parts for which Aerometals has received PMA or STC approval.

25       Further, as far as Aerometals is aware, MDHI has equal possession of these drawings if it

26  wishes to compare and contrast particular drawings with Aerometals' independently-generated

27  drawings.  To the extent that MDHI needs to request whether Aerometals has specific drawings

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

44

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1   after MDHI has done a reasonable investigation, MDHI may request that information in the

2   future.  To date, MDHI has not presented any valid grounds for this request.

3          Requiring Aerometals to list (or produce, as requested by the accompanying document

4   requests) all of the OEM drawings in its possession, regardless of whether it used those drawings

5   in any way addressed by the complaint would be extremely burdensome.  Even preparing a list

6   would require approximately 3-5 weeks of time for an employee separately hired and dedicated

7   to that task.  Symon Decl., ¶ 12.  These drawings date back to the 1960s and 1970s, when the

8   MD 500 was first developed by Hughes Helicopters and are old and delicate.  Each drawing is

9   folded and contained in a separate folder, requiring it to be carefully unfolded for review, and

10  eventually refolded to return to storage.  This interrogatory seeks to impose an onerous burden

11  on Aerometals not proportionate to the issues in this case.

12          MDHI's discovery requests must be proportional to the needs of the case.  "All

13  discovery, even if otherwise permitted by the Federal Rules of Civil Procedure because it is

14  likely to yield relevant evidence, is subject to the court's obligation to balance its utility against

15  its cost." *U.S. ex rel. McBride v. Halliburton Co*., 272 F.R.D. 235, 240 (D.D.C. 2011).  In 2015,

16  Rule 26 was amended to place even greater emphasis on proportionality in discovery.  *Henry v.*

17  *Morgan's Hotel Group*, No. 15-CV-1789 (ER) (JLC), 2016 U.S. Dist. LEXIS 8406, at *9

18  (S.D.N.Y. Jan. 25, 2016) ("the amended Rule is intended to "encourage judges to be more

19  aggressive in identifying and discouraging discovery overuse" by emphasizing the need to

20  analyze proportionality before ordering production of relevant information.") (citing Fed. R. Civ.

21  P. 26(b)(1) advisory committee's notes to 2015 amendment). As one court recently explained,

22  "the Advisory Committee on Civil Rules elevat[ed] proportionality in defining the scope of

23  permissible discovery."  *Gilead Scis., Inc. v. Merck & Co*., Case No. 5:13-cv-04057-BLF, 2016

24  U.S. Dist. LEXIS 5616 at *4-5 (N.D. Cal Jan. 13, 2016).  Under the amended rule, "a party

25  seeking discovery of relevant, non-privileged information must show, before anything else, that

26  the discovery sought is proportional to the needs of the case."  *Id*. at *4 (emphasis added).

27          As Aerometals has stated, where MDHI drawings were attached as reference material in

28  PMA and STC reports sent to the FAA, those drawings will be produced as part of those reports.

1  The burden of producing MDHI drawings held by Aerometals and never used as reference

2  material in PMA or STC documents is not remotely proportional to the needs of the case.

3       **J.       Aerometals' Response to Interrogatory No. 8**

4  **SPECIAL INTERROGATORY NO. 8:**

5       IDENTIFY each DOCUMENT prepared by YOU or anyone acting on YOUR behalf that

6  is derivative work, as defined by 17 U.S.C. §101, of an MDHI Original Equipment Manufacturer

7  ("OEM") drawing for MD 500 helicopter parts.

8  **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

9       Aerometals objects to this interrogatory to the extent that it is ambiguous, overly broad,

10  unduly burdensome, and oppressive.  Aerometals objects to this interrogatory on the grounds that

11  the word "prepared" and the term "derivative work" are vague and ambiguous.  Aerometals

12  objects to this interrogatory on the basis that it calls for a legal conclusion.  Aerometals objects to

13  this interrogatory on the basis that it is it is not proportional to the needs of the case, considering

14  the importance of the issues at stake in the action, the amount in controversy, the parties' relative

15  access to relevant information, the parties' resources, the importance of the discovery in

16  resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

17  likely benefit. Fed. R. Civ. 26(b)(1).

18       Aerometals objects to each instruction, definition, and interrogatory to the extent that it

19  seeks information concerning or relating to events or actions taking place or documents

20  generated prior to September 21, 2013, the date upon which the  applicable three year copyright

21  limitations period began, as stated in 17 U.S.C. 507(b ) and referenced throughout MDHI's

22  Complaint.

23       Aerometals objects to each instruction, definition, and interrogatory to the extent that it

24  seeks information concerning documents other than those referenced in the Complaint, namely

25  Document Number ANC MI-03003, including the illustration of a horizontal stabilizer

26  referenced in paragraph 52 of the Complaint; and Document Number Aero-Inst-017, including

27  the illustration of a tail rotor transmission referenced in paragraphs 55-56 of the Complaint.

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1  Subject to and without waiving any objections, Aerometals responds as follows: Aerometals

2  cannot meaningfully respond to the interrogatory as phrased.

3  **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

4        Aerometals objects to this interrogatory to the extent that it is ambiguous, overly

5  broad, unduly burdensome, and oppressive. Aerometals objects to this interrogatory on the

6  grounds that the word "prepared" and the term "derivative work" are vague and ambiguous.

7  Subject to these objections, Aerometals responds as follows: Aerometals is not aware of any

8  documents prepared by or for Aerometals that would be considered derivative works, as defined

9  by 17 U.S.C. §101, of an MDHI Original Equipment Manufacturer ("OEM") drawing for MD

10  500 helicopter parts.

11        **1.    MDHI's Position**

12        Aerometals' interrogatory response is vague, evasive and incomplete. *Bryant v.*

13  *Armstrong*, 285 F.R.D. 596, 612 (S.D. Cal. 2012) ("A party answering interrogatories has an

14  affirmative duty to furnish any and all information available to the party."). Rule 37 provides

15  that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to

16  disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). Aerometals' boilerplate objections are

17  improper. If any information has been withheld due to an objection, this must be clearly stated.

18        *Advanced Visual Image Design, LLC v. Exist Inc.*, 2015 U.S. Dist. LEXIS 109140 *16

19  (C.D. Cal., August 18, 2015). ("The party objecting to discovery as vague or ambiguous has the

20  burden to show such vagueness or ambiguity. The responding party should exercise common

21  sense and attribute ordinary definitions to terms in discovery requests."). The term "prepared"

22  has its ordinary dictionary definition. As demonstrated above, Aerometals' own use of the term

23  "prepared" in connection with its Instructions for Continued Airworthiness belies its objection

24  that this term is vague and ambiguous. The term "derivative work" is defined 17 U.S.C. § 101.

25        A "derivative work" is a work based upon one or more preexisting works, such as
26  a translation, musical arrangement, dramatization, fictionalization, motion picture
   version, sound recording, art reproduction, abridgment, condensation, or any other
27  form in which a work may be recast, transformed, or adapted. A work consisting
   of editorial revisions, annotations, elaborations, or other modifications which, as a
28  whole, represent an original work of authorship, is a "derivative work".

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

47

1  The terms together have the same meaning as used in 17 U.S.C. § 106 (2) ("to prepare derivative

2  works based upon the copyrighted work").  One of the exclusive rights granted to a copyright

3  owner such as MDHI is the right "to prepare derivative works."  17 U.S.C. § 106 (2).

4       The Copyright Office also provides guidance on the definition of a "derivative work" in

5  its Copyright Circulars.  "A derivative work is a work based on or derived from one or more

6  already existing works."  Copyright Office, Copyright in Derivative Works and Compilations,

7  Copyright Circular #14, at 1 (2013) available at https://www.copyright.gov/circs/circ14.pdf.  The

8  Copyright Office explains that underlying work need not be copyrightable and may be material

9  that is in the public domain.  *Id*. at 2 ("A work that has fallen into the public domain, that is, a

10  work that is no longer protected by copyright, is also an underlying "work" from which

11  derivative authorship may be added, but the copyright in the derivative work will not extend to

12  the public domain material, and the use of the public domain material in a derivative work will

13  not prevent anyone else from using the same public domain work for another derivative work.").

14       Aerometals fails to identify any derivative works prepared from MDHI's OEM drawings

15  and states that it is not aware of any derivative works.  This claim is belied by the documents

16  produced by Aircraft Manufacturing Company which identifies derivative works prepared from

17  MDHI's OEM drawings.

18       Aerometals' authorities stand for nothing more than the proposition that a derivative

19  work must be derived from general subject matter that is copyrightable, whether or not it was

20  ever copyrighted.

21       MDHI is entitled to discovery whether or not Aerometals has prepared any derivative

22  works based on MDHI's OEM Drawings for which MDHI has a valid copyright registration.

23  Whether MDHI's copyright in the work is a valid copyright is a fight for another day.

24  Aerometals objection that these terms as vague and ambiguous is not well taken, nor will it

25  withstand scrutiny from this Court.  Aerometals should full respond to this interrogatory.

### 2.    Aerometals' Position

27       **IV.** Aerometals has responded to this interrogatory as made clear in its supplemental

28  response, and there is no additional information to compel.          **SANCTIONS**

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1    Sanctions are warranted against Aerometals and its attorneys of record for MDHI's fees

2    and expenses in bringing this motion pursuant to Rule 26(g)(3) and Rule 37(a)(5)(A) and the

3    terms of the Protective Order (Dkt 33 at 5.1).  *Advanced Visual Image Design, LLC v. Exist Inc.*,

4    2015 U.S. Dist. LEXIS 109140 *23 (C.D. Cal., August 18, 2015) (sanctions are warranted for

5    failure to provide complete, explicit responses without boilerplate, conclusory objections); *see*

6    *also Weldon v. Dyer*, 2015 U.S. Dist. LEXIS 27924 *16-17 (E.D. Cal. March 6, 2015).

7    Aerometals use of improper boilerplate objections to obstruct discovery and its refusal to answer

8    narrowly tailored interrogatories warrant sanctions against Aerometals and its attorneys of

9    record.  Aerometals failed to remove its blanket confidentiality designations and its boilerplate

10   objections until long after this motion to compel was filed (March 21, 2017) and on the eve of

11   the deadline for this Joint Statement (April 12, 2017).  The court may award expenses against the

12   losing party and the losing party's attorney.  Rule 37(a)(5).  In order to avoid sanctions, the

13   burden is on the losing party affirmatively to demonstrate that its position was substantially

14   justified.  Adv. Comm. Notes to 1970 Amendment to former FRCP 37(a)(4).  Aerometals'

15   position on these matters is not substantially justified, and it has had the effect of obstructing

16   discovery.

17   MDHI requests that this Court award sanctions in the amount stated in the Declaration of

18   W. Janicki.  See Janicki Decl.

19
20   Aerometals' Response:  Aerometals has not obstructed discovery.  Rather, it has

21   attempted to meaningfully participate in meet and confer to try and narrow the parties' disputes,

22   a process that was interrupted when MDHI precipitously and without notice filed its motion to

23   compel.  Even if the court grants or partially grants MDHI's motion to compel, its request for

24   sanctions should be denied.  Although Rule 37 authorizes the payment of reasonable expenses

25   incurred in making a motion to compel that is granted, "the court **must not order this payment**

26   if:

27   (i) the movant filed the motion before attempting in good faith
     to obtain the disclosure or discovery without court action;

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. Pro. 37(a)(5)(A) (emphasis added). MDHI is not entitled to sanctions under this standard.

First, for the reasons stated in response to each specific request, Aerometals has shown that its objections are substantially justified or, at the very least, that "reasonable people could differ as to whether the party requested must comply." *In re SK Foods, L.P.*, Case Nos. 2:12-CV-00940-JAM, 2012 U.S. Dist. LEXIS 181347, *11 (E.D. Cal. Dec. 21, 2012) (quoting *Srinivasan v. Devry Inst. of Tech.*, 53 F.3d 340 (9th Cir. 1995)).

Further, MDHI has not made a good faith attempt to resolve the motion or obtain discovery without court action. Rather, MDHI rushed to involve this Court while the parties continued to meet and confer to work through a variety of complicated and burdensome discovery issues that involve sensitive documents dating back over two decades. Due to these various complications, Aerometals sought to engage in a productive and substantive meet and confer process with MDHI to work through these issues so that the parties could further understand each other's position and develop reasonable compromises.

For example, despite MDHI's extreme delay in bringing a copyright infringement action based on documents that are over a decade old, Aerometals reasonably compromised on its relevancy objection by agreeing to produce documents well outside the Copyright Act's three-year statute of limitations (i.e. prior to September 21, 2013). This is true even though similarly situated copyright plaintiffs have agreed to reasonable limitations on the temporal scope of discovery. *See, e.g., Adobe Sys. Inc. v. Christenson*, Case No. 2:10-cv-00422-LRH-GWF, 2011 U.S. Dist. LEXIS 16977, *4 (D. Nev. Feb. 7, 2011) (plaintiff stipulated that discovery would be limited to the three-year statute of limitations period where the complaint failed to allege a specific time period for the infringement at issue). Despite Aerometals good faith compromise on the statute of limitations and other objections,

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

50

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

1   MDHI hastily moved to compel **before even receiving** Aerometals' supplemental discovery

2   responses.

3          In ruling on a request for sanctions, "[t]he Court generally takes into consideration the

4   reasonableness of a party's position with regard to proposed compromises." *Goodrich Corp.*

5   *v. Emhart Inds.*, Case No. EDCV 03-00079-VAP, 2005 U.S. Dist. LEXIS 17190, at *14

6   (C.D. Cal. June 10, 2005).  Indeed, "[e]ven if a party proposes a compromise after the

7   Motion to Compel is filed, it is the professional responsibility of the moving party to

8   determine if any compromise can be effectuated before the Court issues a ruling." *Id.*  MDHI

9   has made no attempt to determine whether the parties can reach a reasonable compromise on

10  various issues raised by the motion.  In *Goodrich*, the Court denied the moving party's

11  motion for sanctions in part because "many of the disputes raised in the Joint Stipulation

12  could have been resolved by further meet and confers" and "Court intervention was clearly

13  unnecessary to resolve several of the disagreements." *Id.*  The record here demonstrates that

14  many of the disputes raised by MDHI's motion either were resolved or could be resolved if

15  MDHI were willing to engage in reasonable, good faith negotiations. Thus, MDHI's request

16  for sanctions should be denied because its intransigence has necessitated this motion.

17

18  Dated: April 12, 2017

                                     SCHNADER HARRISON SEGAL & LEWIS LLP

19

20                                   By:   /s/ William D. Janicki
                                           William D. Janicki
21                                         Attorneys for Plaintiff
                                           MD HELICOPTERS, INC.
22
                                     ROGERS JOSEPH O'DONNELL, PLC
23

24                                   By:   /s/ Merri A. Baldwin
                                           Merri A. Baldwin
25                                         Attorneys for Defendant
                                           AEROMETALS, INC.
26

27

28

                                        51

1    I certify that I have been given authorization to file this document on behalf of
2    Aerometals.

3                                            /s/ William D. Janicki
4                                               William D. Janicki
                                                Attorneys for Plaintiff
5                                               MD HELICOPTERS, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
(415) 364-6700
FAX: (415) 364-6785

JOINT STATEMENT RE DISCOVERY DISAGREEMENT -  AEROMETALS' RESPONSES
TO MDHI'S FIRST SET OF INTERROGATORIES 389198.3