1   William D. Janicki (SBN 215960)
    wjanicki@schnader.com
2   Jennifer K. Thai (SBN 258612)
    jthai@schnader.com
3   Lilian M. Loh (SBN 296196)
    lloh@schnader.com
4   SCHNADER HARRISON SEGAL & LEWIS LLP
    650 California Street, 19th Floor
5   San Francisco, CA 94108-2736
    Telephone: 415-364-6700
6   Facsimile: 415-364-6785

7   William R. Black (CSBN 134048)
    william.black@mdhelicopters.com
8   MD Helicopters, Inc.
    4555 East McDowell Road
9   Mesa, Arizona 85215
    Telephone: 480-346-6410
10  Facsimile: 480-346-6410

11  Attorneys for Plaintiff MD Helicopters, Inc.

12                   UNITED STATES DISTRICT COURT

13                   EASTERN DISTRICT OF CALIFORNIA

14

15  MD HELICOPTERS, INC.,                Case No.  2:16-cv-02249-TLN-AC

16                        Plaintiff,     **DECLARATION OF WILLIAM JANICKI IN
                                         SUPPORT OF MD HELICOPTERS, INC.'S
17      vs.                              MOTION TO COMPEL FULL AND COMPLETE
                                         RESPONSES TO MDHI'S FIRST SET OF
18  AEROMETALS, INC.,                    INTERROGATORIES TO AEROMETALS, INC.
                                         AND FOR SANCTIONS AGAINST
19                        Defendant.     AEROMETALS AND ITS ATTORNEYS OF
                                         RECORD**
20
21                                       **[FRCP 26, 33, 37; L.R. 251]**
22                                       Date:      April 19, 2017
23                                       Time:      10:00 a.m.
                                         Judge:     Hon. Allison Claire
24                                       Place:     Courtroom 26, 8th Floor
25
26      I, William D. Janicki, hereby declare as follows:

27      1.      I make this declaration and state the matters herein of my own personal

28  knowledge and could competently testify to the matters stated herein.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19th FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

2.     I am a Partner in the law firm of Schnader Harrison Segal & Lewis LLP, counsel of record for MD Helicopters, Inc. ("MDHI").

3.     On March 1, 2017, I sent a letter to counsel for Aerometals challenging each designation of "Highly Confidential-Attorney Eyes Only" in Aerometals' Responses to MDHI's First Set of Interrogatories.  Attached as **Exhibit A** is a true and correct copy of my letter of March 1, 2017.

4.     In my letter of March 1, 2017, I informed Aerometals that MDHI was challenging each designation of "Highly Confidential-Attorney Eyes Only" and that Aerometals should bring a motion under the terms of the Protective Order to maintain the designation.  Excerpts from my letter are below.

> Your mass and indiscriminate use of confidential designations is improper and must be removed or Aerometals will be subject to sanctions.  Pursuant to Paragraphs 6.1 and 6.2 of the Protective Order, MDHI challenges each of Aerometals' designation of material as "Highly Confidential – Attorney Eyes Only."  MDHI maintains that there is no material contained in Aerometals' interrogatory responses that meets the definition for this level of classification.  If the dispute resolution process outlined in the Protective Order fails to achieve a resolution, Aerometals is required to file a motion to retain confidentiality, and the burden of persuasion is on Aerometals.  (Dkt. 33 at 6.3).  As examples of Aerometals blatant over designation, you have designated the cover page, every subsequent page, and the proof of service as "Highly Confidential – Attorney Eyes Only."  You have even designated answers which merely list objections, answers that lists materials publically posted to Aerometals' website, or answers that list Aerometals' documents that contain infringing material. MDHI requests that you remove the confidentiality designations or bring a motion to retain such designations in accordance with paragraph 6.3 of the Protective Order.

5.     The parties met and conferred regarding Aerometals' confidentiality designations, but were unable to resolve their differences.  The dispute resolution process outlined in the Protective Order failed to achieve a resolution such that Aerometals was required to bring a motion to maintain such designations within 21 days after the initial challenge.  Dkt 33 at 6.3. Failure to bring such motion shall automatically waive the challenged confidentiality designations. *Id.*

6.     Aerometals failed to bring a motion to maintain their confidentiality designations within 21 days of MDHI's challenge and therefore the designations are waived.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

DECLARATION OF W. JANICKI ISO PLTF'S MTN TO COMPEL RESPONSES TO ROGS AND FOR SANCTIONS

7.      On March 28, 2017 I sent a letter to counsel for Aerometals explaining that Aerometals' confidentiality designations have now been waived due to its failure to bring a motion pursuant to the terms of the protective order.  Attached as **Exhibit B** is a true and correct copy of my letter of March 28, 2017.

8.      Attached as **Exhibit C** is a true and correct copy of a letter dated March 13, 2017 from the FAA to me along with exhibits regarding the production of Aerometals' documents.

9.      Attached as **Exhibit D** is a true and correct copy of a Certificate of Registration issued by the United States Copyright Office to MD Helicopters, Inc. for a copyright in MD 500 OEM Drawings for Spare Parts, with effective date August 25, 2016.

10.     In responding to Aerometals' improper interrogatory responses and bringing this motion to compel complete and proper responses to MDHI's First Set of Interrogatories, I spent approximately 40 hours.  My hourly rate is $550.00.  Total fees incurred by MDHI in dealing with Aerometals' improper interrogatory responses are therefore $22,000.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 12th day of April 2017, at San Francisco, CA.


    /s/ William D. Janicki
William D. Janicki

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

DECLARATION OF W. JANICKI ISO PLTF'S MTN TO COMPEL RESPONSES TO ROGS AND FOR SANCTIONS

Exhibit A



650 CALIFORNIA STREET   19TH FLOOR
SAN FRANCISCO, CA 94108-2736
415.364.6700   FAX 415.364.6785   schnader.com

March 1, 2017

William (Bill) D. Janicki
Direct Dial 415-364-6729
Direct Fax 415-364-6749
E-Mail: wjanicki@schnader.com

**VIA U.S. MAIL AND E-MAIL: mbaldwin@rjo.com**

Merri A. Baldwin, Esq.
Rogers Joseph O'Donnell
311 California Street, 10th Floor
San Francisco, CA 94104

> **Re:** ***MD Helicopters, Inc.v. Aerometals, Inc.***, EDCA 16-cv-02249-TLN-AC
> **Aerometals' Responses to MDHI's First Set of Interrogatories**

Dear Ms. Baldwin:

I write regarding Aerometals' deficient and improper responses to MDHI's First Set of Interrogatories. This letter is intended to partially serve as MDHI's meet and confer obligations under Rule 37 and the Eastern District's local rules prior to filing a motion to compel proper responses to MDHI's discovery. I will follow up with a phone call to satisfy our meet and confer obligations. MDHI intends to bring a motion to compel if proper interrogatory responses are not immediately provided.

> **I.     Improper Designation of Material as "Highly Confidential – Attorney Eyes Only"**

Aerometals' designation of every page of its response to MDHI's First Set of Interrogatories as "Highly Confidential – Attorney Eyes Only" is improper. The protective order for this matter requires such designation be limited to "trade secrets and other proprietary and confidential information, disclosure of which to another Party or Non-Party would create a risk of serious harm that could not be avoided by less restrictive means." (Dkt. 33 at 2.7). The material you designated does not meet this requirement. Paragraph 5.1 prohibits your use of mass and indiscriminate designations of confidential material.

> 5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that

**Schnader**
ATTORNEYS AT LAW

March 1, 2017
Page 2

qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

Your mass and indiscriminate use of confidential designations is improper and must be removed or Aerometals will be subject to sanctions. Pursuant to Paragraphs 6.1 and 6.2 of the Protective Order, MDHI challenges each of Aerometals' designation of material as "Highly Confidential – Attorney Eyes Only." MDHI maintains that there is no material contained in Aerometals' interrogatory responses that meets the definition for this level of classification. If the dispute resolution process outlined in the Protective Order fails to achieve a resolution, Aerometals is required to file a motion to retain confidentiality, and the burden of persuasion is on Aerometals. (Dkt. 33 at 6.3). As examples of Aerometals blatant over designation, you have designated the cover page, every subsequent page, and the proof of service as "Highly Confidential – Attorney Eyes Only." You have even designated answers which merely list objections, answers that lists materials publically posted to Aerometals' website, or answers that list Aerometals' documents that contain infringing material. MDHI requests that you remove the confidentiality designations or bring a motion to retain such designations in accordance with paragraph 6.3 of the Protective Order.

## II. Improper Boilerplate Objections

Each of your interrogatory responses recite boilerplate objections devoid of factual support or specificity. MDHI requests that you either remove your boilerplate objections or properly support them with factual information. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"); *Thompson v. Yates,* 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011) (boilerplate objections do not suffice). This court has held that unsupported boilerplate objections to interrogatories are insufficient, and their use waives any legitimate objection.

General or boilerplate objections, i.e., those based on broad assertions of irrelevance, attorney-client privilege, overbreadth and burdensomeness, are improper and do not meet this standard, especially when a party fails to submit any evidentiary declarations supporting such objections. See *Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Exclusive reliance on such

March 1, 2017
Page 3

boilerplate objections waives any legitimate objection that could have been raised. *Gorrel v. Sneath*, 292 F.R.D. 629, 634-635 (E.D. Cal. 2013).

*Cengage Learning, Inc. v. Davis Textbooks*, Case No. 2:15-cv-2401 TLN AC (E.D. Cal. Sep. 2, 2016).

Under the Federal Rules, the objecting party has the burden of explaining why the discovery is improper and unsupported boilerplate objections are insufficient. *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379-80 (C.D. Cal. 2009) ("such unexplained and unsupported boilerplate objections are improper"); *Walker v. Lakewood Condo. Owners Ass'n*. 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

Instead of using boilerplate objections, the objecting party is required to specifically show how each discovery request is objectionable with factual support. *El-Shaddai v. Wheeler*, 2009 WL 301824 at *2 (E.D. Cal. 2009) (a party must "clarify[], explain[], and support[] its objections."); *Josephs v. Harris Corp.*, 677 F.2d 985 (3d Cir 1982). ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery must show specifically how … each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive."). The objecting party "has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007); Fed R. Civ. P. 26 (b)(1), (5).

Please remove all boilerplate objections that are not supported by factual information or explanation, and fully respond to each interrogatory as required by the Federal Rules.

### III.     Incomplete and Vague Responses

Aerometals' interrogatory responses are also vague, evasive and incomplete. MDHI requests that you fully respond to each interrogatory according to your obligations under the Federal Rules. *Bryant v. Armstrong*, 285 F.R.D. 596, 612 (S.D. Cal. 2012) ("A party answering interrogatories has an affirmative duty to furnish any and all information available to the party."). Rule 37 provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### Interrogatory No. 1

Aerometals' boilerplate objections are improper. If any documents have been withheld from identification due to an objection, this must be clearly stated.

PHDATA 5928173_1

March 1, 2017
Page 4

 Aerometals' response lists several responsive Installation Instructions that may have been posted on its website, but fails to completely respond with the title, author, release date, any subsequent revision and date of revision for each document.  See Definition F.  The request asks for any responsive Installation Instruction prepared by You or on Your behalf and is not limited to documents posted on Aerometals' Website or submitted to the FAA.  Furthermore, the request is not limited to three years prior to the date of the complaint, but applies to any time.  See Instruction A.  The copyright statute of limitations is relevant to the measure of damages, but is not relevant to limit discovery, particularly when MDHI has pending unfair competition claims.

 Please fully respond to this request without improper limitations.

**Interrogatory No. 2**

 Aerometals' boilerplate objections are improper.  If any documents have been withheld from identification due to an objection, this must be clearly stated.

 Aerometals' response lists several responsive Instructions for Continued Airworthiness that may have been posted on its website, but fails to completely respond with the title, author, release date, any subsequent revision and date of revision for each document.  See Definition F.  The request asks for any responsive Instructions for Continued Airworthiness prepared by You or on Your behalf and is not limited to documents posted on Aerometals' Website or submitted to the FAA.  Furthermore, the request is not limited to three years prior to the date of the complaint, but applies to any time.  See Instruction A.  The copyright statute of limitations is not relevant to limit discovery, particularly when MDHI has pending unfair competition claims.

 Please fully respond to this request without improper limitations.

**Interrogatory No. 3**

 Aerometals' boilerplate objections are improper.  If any documents have been withheld from identification due to an objection, this must be clearly stated.

**Interrogatory No. 4**

 Aerometals' boilerplate objections are improper.  If any documents have been withheld from identification due to an objection, this must be clearly stated.

 Aerometals' response lists several responsive documents that were submitted to the FAA, but fails to completely respond with the title, author, release date, any subsequent revision and date of revision for each document.  See Definition F.  The request asks for any responsive documents prepared by You or on Your behalf and is not limited to documents submitted to the FAA.  Furthermore, the request is not limited to three years prior to the date of the complaint, but applies to any time.  See Instruction A.  The copyright statute of limitations is relevant to the

March 1, 2017
Page 5

measure of damages, but is not relevant to limit discovery, particularly when MDHI has pending unfair competition claims.

Please fully respond to this request without improper limitations.

**Interrogatory No. 5**

Aerometals' boilerplate objections are improper. If any information has been withheld due to an objection, this must be clearly stated.

Aerometals response states that it has incorporated material from MDHI's Illustrated Parts Catalogue and Basic Handbook of Maintenance Instructions, but fails to provide the document title, revision, date, page number and figure number (if applicable) for each item copied. Moreover, Aerometals' response to Interrogatory No. 4 lists more MDHI technical manuals than the Illustrated Parts Catalogue and Basic Handbook of Maintenance Instructions from which infringing material was taken.

Please fully respond to this request without improper limitations.

**Interrogatory No. 6**

Aerometals' boilerplate objections are improper. If any information has been withheld due to an objection, this must be clearly stated.

Aerometals' response states that it incorporated MDHI illustrations into its own documents using a cut and paste method through word, but fails to state the name of the individual performing the process, the individual's supervisor, the method used to perform the process, the computer hardware used, the data storage location, and any alteration, addition, or modification made to the diagram, figure, image, drawing, or excerpt.

Please fully respond to this request without improper limitations.

**Interrogatory No. 7**

Aerometals' boilerplate objections are improper. If any information has been withheld due to an objection, this must be clearly stated.

Aerometals' response states that it possesses many MDHI OEM Drawings but fails to completely respond with the title, author, release date, any subsequent revision and date of revision for each OEM Drawing, and fails to state the source from where Aerometals obtained each OEM Drawing.

Please fully respond to this request without improper limitations.

March 1, 2017
Page 6

### Interrogatory No. 8

Aerometals' boilerplate objections are improper.  If any information has been withheld due to an objection, this must be clearly stated.

Aerometals fails to identify any derivative works prepared from MDHI's OEM drawings and that it cannot respond to the interrogatory as phrased.  The term "prepared" has its ordinary dictionary definition.  The term "derivative work" is defined 17 U.S.C. § 101.  The terms together have the same meaning as used in 17 U.S.C. § 106 (2) ("to prepare derivative works based upon the copyrighted work").  Your objection that these terms as vague and ambiguous is not well taken, nor will it withstand scrutiny from the court.

Aerometals' objection that this request calls for a legal conclusion is also not well taken.  A request that requires application of law to facts is not improper.  *Garcia v. Clark*, 2012 U.S. Dist. LEXIS 51771, 2012 WL 1232315 (E.D. Cal. 2012) *citing Safeco Ins. Co. Of Am. v. Rawston*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).  See also Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact, or the application of law to fact…"); *Cal. Sportfishing Prot. Alliance v. Callaway*, 2012 U.S. Dist. LEXIS 75703, 2012 WL 1969206 (E.D. Cal. 2012); *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1029-1030 (E.D. Cal. 2010) (collecting cases holding this objection is improper in the context of an interrogatory).

Discovery requests may properly require responses that apply law to facts or that require opinions or conclusions.  *First Options of Chicago, Inc. v. Wallenstein,* No. CIV. A. 92-5770, 1996 WL 729816, at *3 (E.D. Pa. Dec. 17, 1996) ("Requests for admission are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case." (internal citation omitted).); *Rhone-Poulenc Rorer, Inc. v. Homelndem. Co*., Civ. A. No. 88-9752, 1992 WL 394425, at *7 (E.D. Pa. Dec. 28, 1992) ("The application of law to fact is a perfectly acceptable matter of which to request an admission.").

Please fully respond to this request without improper limitations.

### IV.    MDHI's Pending Motion to Dismiss Does Not Limit Discovery

A pending motion to dismiss is not sufficient to justify a stay of discovery.  In order to limit discovery, Aerometals must bring a motion for a protective order, which it has not done.  As one court in the Northern District of California has stated:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery.  4 J. Moore, Federal Practice § 26.70[2], at 461.  Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision

PHDATA 5928173_1

Schnader
ATTORNEYS AT LAW

March 1, 2017
Page 7

to that effect.   In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N. D. Cal. 1990).  See also *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-601 (C.D. Cal. 1995) quoting *Gray*, 133 F.R.D. at 40.

### V.    Conclusion

Aerometals' interrogatory responses are blatantly improper.  The law on boilerplate objections is well settled.  Your use of unsupported objections to discovery in this manner may subject you to sanctions by the court.  Discovery responses containing boilerplate objections fail to satisfy the requirements under Rule 26(g) that an attorney reflect on the legitimacy of any objections they make.  Rule 26(g)(3) specifically gives courts the power to sanction lawyers whose discovery objections do not comport with Rule 26(g)(1).  In addition, Rule 37(d) authorizes broad sanctions for attorney misconduct in discovery.

Should MDHI be required to bring a motion to compel proper interrogatory responses, MDHI will seek appropriate sanctions.  Pursuant to Rule 37(a)(5)(A), if MDHI brings motion to compel discovery which is granted, the court must  require Aerometals to pay MDHI's expenses and attorney's fees for bringing such as motion.

I look forward to hearing from you regarding this matter.

Regards,

William (Bill) D. Janicki

WDJ

Exhibit B



**S c h n a d e r**
ATTORNEYS AT LAW

650 CALIFORNIA STREET   19TH FLOOR
SAN FRANCISCO, CA 94108-2736
415.364.6700   FAX 415.364.6785   schnader.com

March 28, 2017

William (Bill) D. Janicki
Direct Dial 415-364-6729
Direct Fax 415-364-6749
E-Mail: wjanicki@schnader.com

**Via U.S. Mail and E-mail:  mbaldwin@rjo.com**

Merri A. Baldwin, Esq.
Rogers Joseph O'Donnell
311 California Street, 10th Floor
San Francisco, CA  94104

> Re:    ***MD Helicopters, Inc.v. Aerometals, Inc.***, EDCA 16-cv-02249-TLN-AC
>          **Aerometals' Responses to MDHI's First Set of Interrogatories**
>          **Confidentiality Designations**

Dear Ms. Baldwin:

I write again regarding Aerometals' deficient and improper responses to MDHI's First Set of Interrogatories, particularly with respect to Aerometals designation of material as "Highly Confidential-Attorney Eyes Only."  As you know, MDHI has set a motion to compel for this matter on April 19, 2017.  Our Joint Statement is due to the Court no later than April 12, 2017.

On March 1, 2017, I sent a letter to you challenging each designation of "Highly Confidential-Attorney Eyes Only" in Aerometals' Responses to MDHI's First Set of Interrogatories pursuant to Paragraphs 6.1 and 6.2 of the Protective Order.  In my letter I informed you that Aerometals should bring a motion under the terms of the Protective Order to maintain the designations if a resolution was not reached among the parties.  We met and conferred regarding these confidentiality designations but were unable to resolve our dispute.

The dispute resolution process outlined in the Protective Order failed to achieve a resolution such that Aerometals was required to bring a motion to maintain such designations within 21 days after the initial challenge.  Dkt 33 at 6.3.  Failure to bring such motion shall automatically waive the challenged confidentiality designations. *Id*.

Aerometals failed to bring a motion to maintain its confidentiality designations within 21 days of MDHI's challenge and therefore the designations are waived.  I request that Aerometals provide supplemental Interrogatory responses with all confidentiality designations removed.  If Aerometals does not provide supplemental responses, this issue will be brought before the Court in MDHI's motion to compel.

**Schnader**
ATTORNEYS AT LAW

March 28, 2017
Page 2

I look forward to hearing from you regarding this matter.

Regards,

William (Bill) D. Janicki

WDJ

PHDATA 5960642_1

Exhibit C



*One Copy of 3/15*
*letter + Enclosures*

**U.S. Department
of Transportation**

**Federal Aviation
Administration**

800 Independence Ave., S.W.
Washington, D.C. 20591

MAR 1 3 2017

William D. Janicki, Esq.
Schnader Attorneys at Law
650 California St., Suite 1900
San Francisco, CA 94814

Robert S. Metzger, Esq.
Rogers Joseph O'Donnell
Bowen Building
875 15th St., NW, Suite 725
Washington, DC  20005

> **Re:**   **MD Helicopters, Inc. v. Aerometals, Inc.; Case No. 2:16-cv-02249-TN-AC
> (E.D. Calif., Filed September 21, 2016)**

Dear Sirs:

We received the February 27, 2017 letter of Mr. Janicki **(Enclosed Attachment "A")**, concerning another request of MD Helicopters for "Documentary Records and Testimony of FAA Employees in Private Litigation."  In response to his earlier request, the December 29, 2016 letter of Mr. Jerome Mellody, FAA Deputy Chief Counsel, requested that a Protective Order be sought for the protection of the parties' confidential information.  In that letter, Mr. Mellody enclosed for Mr. Metzger's benefit, the documents provided by Mr. Janicki, relating to the "Parts" PMA of Aerometals, Inc.

Mr. Janicki subsequently provided the FAA with a copy of the February 15, 2017 Protective Order signed by U.S. Magistrate Judge Allison Claire, as well as an un-signed, 16 page description of its terms, copies of which I assume Mr. Metzger was provided.

On March 2, 2017, a messenger delivered to me the letter of Mr. Metzger of that date (Enclosed, **Attachment "B"**), referring to the December 29, 2016 letter of Mr. Mellody, which transmitted the documents provided by Mr. Janicki, described above.  More important, in that letter Mr. Metzger acknowledged that the documents requested by Mr. Janicki, containing "(1) Aerometals' proprietary secrets; (2) **are currently within Aerometals' possession, custody and control** pursuant to a data retention Memorandum of Agreement ("MOA") (Enclosed, **Attachment "C"**), dated September 12, 1999."

While Mr. Metzger states that "Notwithstanding the statute of limitations, MDHI would have the FAA undergo a burdensome fishing expedition to find documents dating back over two decades", as seen in the MOA, the FAA need not become involved in such research.  The August 24, 1999 MOA letter of Michael A. Murphy, then Manager, Technical & Administrative Support Staff of Transport Airplane Directorate, Los Angeles aircraft Certification Office in Lakewood, CA, sent the MOA for the signature of Rex Kamhefner, General Manager, Aerometals, which is dated September 13, 1999.  In keeping with the FAA's limited storage facilities, it does not retain such records, but rather, in its discretion, as seen on page 2, par. B.3 of the MOA, expressly states that "Once stored at Aerometals, Compliance Records are not considered Agency Records," and in par. B.5, "Records made available to FAA personnel at Aerometals facilities will not enter the formal possession or control of the FAA and are not subject to procurement or processing upon public request."  The obvious end-result is that review of documents in the possession of Aerometals sought by Mr. Janicki will have to be resolved by the parties in accordance with FRCP discovery procedures.

With respect to Mr. Janicki's proposed request, in accordance with 49 C.F.R. §9.15, for testimony of FAA employees **"with personal knowledge,"** after the production of such documents for the review of Mr. Janicki, it appears quite unlikely that the deposition(s) of such FAA employees can be arranged, because my review of the current FAA computer list of employees discloses that the named employees involved in the certification of MD Helicopters Model 500 series, or Aerometals, Inc. PMA Parts certification, have apparently retired from the FAA.  However, if after the production of Aerometals, Inc. documents by Court Order or otherwise, should a request be made to the FAA for the taking of the deposition(s) of named FAA employees with personal knowledge, consideration of the same pursuant to the regulations will be given by this office.

Sincerely,

Andrew J. Dilk
Litigation Division

Encls.

-2-

# Schnader
### ATTORNEYS AT LAW

650 CALIFORNIA STREET   19TH FLOOR
SAN FRANCISCO, CA 94108-2736
415.364.6700   FAX 415.364.6785   schnader.com



February 27, 2017

William D. Janicki
Direct Dial 415-364-6729
Direct Fax 415-364-6749
E-Mail: wjanicki@schnader.com

**VIA UPS NEXT DAY AIR**
Mr. Jerome M. Mellody
Assistant Chief Counsel for Litigation
Office of the Chief Counsel
Federal Aviation Administration
600 Independence Avenue, SW
Washington, DC 20591

RE:   **REQUEST FOR DOCUMENTARY RECORDS AND TESTIMONY OF FAA EMPLOYEES IN PRIVATE LITIGATION**

**MD Helicopters, Inc. v. Aerometals, Inc., Case No. 2:16-cv-02249-TLN-AC (E.D. Cal., filed September 21, 2016)**

Dear Mr. Mellody:

I write in response to your letter to counsel in the above captioned litigation dated December 29, 2016. In your letter, you stated that the FAA would consider MD Helicopter's request for documents and testimony pursuant to 49 C.F.R § 9.9 *et seq.* once a protective order is in place for the protection of the parties' confidential information. On February 15, 2017, Magistrate Claire of the Eastern District of California signed an order approving MDHI's proposed protective order. See Exhibit A. The terms of the protective order are contained in Exhibit B.

Aerometals expressed its concerns regarding the protection of its proprietary trade secrets by the release of its documents by the FAA pursuant to MDHI's request. These concerns are now fully satisfied by the entry of this protective order. Aerometals' materials may be marked as "Confidential" or "Highly Confidential - Attorney Eyes Only" and used only for this litigation pursuant to the terms of the protective order. MDHI therefore renews its request for documentary records and testimony pursuant to 49 C.F.R § 9.9 *et seq.* MDHI's original request is attached without exhibits as Exhibit C for reference.

Schnader
ATTORNEYS AT LAW

Mr. Jerome M. Mellody
February 27, 2017
Page 2

Pursuant to 49 C.F.R. § 9.13, FAA Counsel is to notify MDHI of the approval or denial
of this request for documentary records. Should FAA Counsel deny any part of this request,
MDHI would like FAA Counsel's position with respect to *Exxon Shipping Co. v. U.S. Dept. of
Interior*, 34 F.3d 774 (9th Cir. 1994) and its progeny as applied by the Court where this action is
pending.

*Exxon Shipping* held that non-party federal agencies must produce evidence in response
to federal subpoenas of private litigants, subject only to a federal court's discretionary right to
limit burdensome discovery under Rules 26 and 45 of the Federal Rules of Civil Procedure.
*Exxon Shipping* applies to federal subpoenas in a federal action in the Ninth Circuit. The Eastern
District of California applied *Exxon Shipping* in *Owings v. Hunt & Henriques*, 673 F.Supp 2d
1104 (E.D. Cal. 2009). The *Owings* court held that "[t]he U.S. Army's *Touhy* regulations do not
authorize the Army to ignore discovery requests or court orders addressing those discovery
requests in a pending federal action. The Ninth Circuit has specifically held that *Touhy*
regulations do not authorize 'federal agencies to refuse to comply with proper discovery
requests'" quoting *Exxon Shipping*. A similar result was reached in *Robinson v. County of San
Joaquin*, Case No. 2:12-cv-2783 MCE GGH PS (E.D. Cal. May 14, 2014). *Robinson* further
held that exemptions from disclosure under the Freedom of Information Act are not applicable to
federal court subpoenas for the production of documents.

Pursuant to *Exxon Shipping* and *Robinson*, MDHI takes the position that the FAA should
fully comply with this request for documentary evidence without application of the exemptions
from disclosure under the Freedom of Information Act at 49 C.F.R. § 7.29. Furthermore, MDHI
maintains that this request for documents is governed by the Federal Rules of Civil Procedure
and not by 49 C.F.R § 9.9 *et seq.* or 49 C.F.R § 7.1 *et seq.*

Schnader
ATTORNEYS AT LAW

Mr. Jerome M. Mellody
February 27, 2017
Page 3

MDHI desires to work cooperatively with the FAA to limit the burden with respect to the production of the documents requested by this letter and looks forward to working with FAA Counsel on this matter.

Sincerely,

William D. Janicki

WDJ
Enclosures:   Ex A Magistrate Claire's Order
              Ex B Protective Order
              Ex C Letter to J. Mellody dated December 12, 2016 (without exhibits).

cc:   Merri A. Baldwin, Esq., Counsel for Aerometals, Inc. (with exhibits) via email
      mbaldwin@rjo.com

      William R. Black, Esq., MD Helicopters, Inc. (with exhibits) via email
      william.black@mdhelicopters.com

202.777.8950 (t)   Bowen Building
202.347.8429 (f)   875 15th Street, NW, Suite 725
Washington DC  20005

415.956.2828 (t)   Robert Dollar Building
415.956.6457 (f)   311 California Street, 10th Flr.
www.rjo.com      San Francisco CA  94104

## ROGERS JOSEPH O'DONNELL

Robert S. Metzger
rmetzger@rjo.com

2017 MAR -2 PM 4: 11

March 2, 2017
RECEIVED
Litigation Division

Mr. Andrew J. Dilk, AGC-400
Office of the Chief Counsel
Federal Aviation Administration
800 Independence Avenue, SW
Washington, DC 20591



Re:  *MD Helicopters, Inc. v. Aerometals, Inc., Case No. 2:16-cv-02249-TLN-AC
(E.D. Cal., filed September 21, 2016)*

**Supplemental Objection of Aerometals, Inc., under 49 C.F.R. § 7.29 to
"Request for Documentary Records and Testimony of FAA Employees in
Private Litigation" Sent by MD Helicopters, Inc., to FAA on Feb. 27, 2017**

Dear Mr. Dilk:

On December 12, 2016, counsel for MD Helicopters, Inc., ("MDHI"), Mr. William D.
Janicki, submitted a written request for documentary records and for testimony of Federal
Aviation Authority ("FAA") employees in the above-referenced private litigation in which
the United States is not a party.  Pursuant to 49 C.F.R. § 7.29, Aerometals, Inc.[1]
("Aerometals") sent the FAA its initial objections to MDHI's extraordinarily broad requests.
In a letter dated December 19, 2016, Aerometals promptly objected on the basis that the
requested documents (1) contain Aerometals' propriety trade secrets; (2) are currently within
Aerometals' possession, custody and control pursuant to a data retention Memorandum of
Agreement ("MOA") between the FAA and Aerometals, dated September 12, 1999; and (3)
are totally irrelevant to the extent they relate to alleged infringing acts that occurred prior to
September 2013 because any claims based on such acts are *completely time-barred* by the
Copyright Act's three-year statute of limitations. 17 U.S.C. § 507(b).[2]  Notwithstanding the
statute of limitations, MDHI would have the FAA undergo a burdensome fishing expedition
to find documents dating back over two decades.

In a letter dated December 29, 2016, signed by Mr. Jerome Mellody, FAA Deputy
Chief Counsel, the FAA produced a limited number of documents responsive to MDHI's
requests related to Parts Manufacturer Approvals ("PMAs") and Supplemental Type
Certificates ("STCs") issued by the FAA to Aerometals.[3]  The FAA refused to produce the
remainder of the documents requested, recognizing Aerometals' objection that the

---

[1] For your convenience, the MDHI letter of Dec. 12, 2016 is attached hereto as Enclosure (1).
[2] Enclosure (2), attached hereto.
[3] Enclosure (3), attached hereto.

A Professional Law Corporation

**ROGERS JOSEPH O'DONNELL**

Mr. Andrew J. Dilk, AGC-400
Office of the Chief Counsel
March 2, 2017
Page 2

documents contained Aerometals' proprietary trade secrets. Mr. Mellody's letter acknowledged that there was no protective order in place at that time and declined to produce any documents containing Aerometals' trade secrets. Mr. Mellody's letter further stated the FAA's position "that the parties need to initially resolve in court, through the Federal Rules of Civil Procedure, the 'proprietary trade secrets' issue with respect to those specific FAA 'agency records'" requested. In conclusion, the letter noted that if and when the court issued a protective order, the "FAA will consider a request, pursuant to 49 C.F.R. § 9.15, for the taking of the deposition of an FAA employee." Mr. Mellody's letter did not indicate that MDHI's requests for documents would be considered further.

We read Mr. Mellody's letter as acknowledging Aerometals' initial objections to the release of any additional FAA documents. Specifically, because Mr. Mellody only acknowledged that the FAA would consider MDHI's *deposition request* after the protective order was resolved, we believe that the FAA has produced all the documents it intends to produce in connection with this litigation when it answered MDHI's request the first time on December 29, 2016. To the extent the FAA now intends to reconsider MDHI's document requests, or to make an additional production of requested documents, we write to provide Aerometals' supplemental objections to MDHI's requests which incorporate and reference all of the previous objections made in our letter dated December 19, 2016.

As an initial matter, MDHI's original request and its latest follow-up letter cite the Ninth Circuit's decision in *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774 (9th Cir. 1994), to assert that the FAA is required to produce documents pursuant to the Federal Rules of Civil Procedure. Although MDHI is generally correct that federal agencies are subject to discovery, the *Exxon* court explicitly "acknowledge[d] the government's serious and legitimate concern that its employee resources not be commandeered into service by private litigants to the detriment of the smooth functioning of government operations." *Id.* at 779. The holding in *Exxon* was underpinned by the court's "confiden[ce] that district courts can, and will, balance the government's concerns under the general rules of discovery." *Id.* Given the extraordinarily broad scope of documents MDHI seeks from the FAA, the vast majority of which are irrelevant to any claims that could possibly fall within the statute of limitations period, we are confident that the district court here will apply the third-party discovery principles recognized by the *Exxon* court to quash this subpoena.

Indeed, "Rule 26(c) and Rule 45(c)(3) give ample discretion to district courts to quash or modify subpoenas causing 'undue burden.' The Federal Rules also afford nonparties special protection against the time and expense of complying with subpoenas." *Id.* (citing Fed. R. Civ. P. 45(c)(3)(A)(ii)). Moreover, "the Rules can prevent private parties from exploiting government employees as tax-supported pools of experts." *Id.* Finally, the Ninth Circuit specifically noted that "a court may use Rule 26(b) to limit discovery of agency

A Professional Law Corporation

**ROGERS JOSEPH O'DONNELL**

Mr. Andrew J. Dilk, AGC-400
Office of the Chief Counsel
March 2, 2017
Page 3

documents or testimony of agency officials if the desired discovery is relatively unimportant when compared to the government interest in conserving scarce government resources." *Id.* at 779-80. The procedural safeguards afforded to federal agencies when faced with overly broad and oppressive subpoenas provide ample grounds for the FAA to reject MDHI's invitation here to unearth decades-old documents that will not be relevant to any MDHI claims as a matter of law. For those reasons, we respectfully request that the FAA decline to produce any additional documents in its possession that are responsive to MDHI's requests.

To the extent the FAA decides to disclose additional documents, we ask that you provide Aerometals written notice of your intent to disclose pursuant to 49 C.F.R. § 7.29(b) at least 30 days prior to the intended disclosure date. Due to the highly-sensitive and proprietary nature of the documents MDHI seeks (unjustly in our view), we intend to request relief from the court by filing a motion to quash the subpoena should you determine that the FAA is required to disclose such materials in response thereto. We respectfully request that you permit us the opportunity to have that motion heard by the court prior to any disclosure. Alternatively, should you conclude that disclosure is not required, we would be willing to provide the FAA and Department of Justice attorneys any additional information that would be necessary for you to quash the subpoena by filing your own motion.

Finally, we would like to reiterate our understanding that most, if not all, of the documents responsive to MDHI's request have been retained by Aerometals. Pursuant to the MOA, the FAA has returned all PMA and STC "Compliance Records" to Aerometals which are maintained by Aerometals in accordance with the procedures set forth in the MOA. The MOA provides that "[o]nce stored at Aerometals, *Compliance Records are not considered 'Agency Records.'*" As such, we believe that the FAA may easily extricate itself from this dispute and any perceived obligation to comply with an overly broad subpoena on the basis that any responsive records are not within the FAA's possession and therefore not subject to MDHI's third-party discovery. A copy of the MOA is attached hereto as Enclosure (4).

Aerometals appreciates your attention to this matter and we are willing to provide any additional information you may need to consider our objections to MDHI's requests. I can be reached by phone at (202) 777-5355 or by email at rmetzger@rjo.com. My colleague, Steve Bacon, can be reached at (202) 777-8956 or by email at sbacon@rjo.com. Thank you for considering our position.

Very truly yours,

Robert S. Metzger
ROGERS JOSEPH O'DONNELL, PC

Enclosures (1)-(4)

387573.3

A Professional Law Corporation



U.S. Department
of Transportation

**Federal Aviation
Administration**

**Transport Airplane Directorate
Los Angeles Aircraft
Certification Office**

3960 Paramount Boulevard
Lakewood, California 90712-4137

AUG 24 1999

Mr. Keith B. D'Ooge
3920 Sandstone Drive
El Dorado Hills, CA  95762

Dear Mr. D'Ooge:

On April 1, 1981, the Federal Aviation Administration, Northwest Mountain Region, issued Directive NW8110.2, "Management of Airworthiness Approval Records." This document, in part, directed the Aircraft Certification Service to enter into agreements with customers who implement policies designed to establish formal FAA operating procedures for the receipt, storage, and processing of technical data. The enclosed document is such an agreement. It was developed by combining FAA guidelines with comments provided by you, representing Aerometals during informal discussions and as indicated by the signature, and has been found acceptable to the FAA. A signature by an authorized representative of your company will signify your acceptance of the terms of this Memorandum of Agreement (MOA). Please sign the MOA and forward to this office for FAA concurrence and signature. We will send your company a copy of the final signed agreement.

The implementation of this agreement will require that sufficient space be set aside at your facility to store the specified records and allow a minimal amount of work space for research by FAA employees. Please contact Ms. Linda Gerke at this office (562) 627-5234 if you have any questions concerning any aspect of this effort.

Sincerely,

Michael A. Murphy
Manager, Technical & Administrative
 Support Staff

Enclosure

*Purpose - Aviation Safety     Professionalism - Technical Excellence   Pride - Highest Quality*

## MEMORANDUM OF AGREEMENT

### Management of Records

This is an AGREEMENT between the Northwest Mountain Region of the Federal Aviation Administration (FAA) and Aerometals, which establishes procedures for the management of type certification records submitted by Aerometals to the FAA on a formal or informal basis. This AGREEMENT is based on and implements FAA Directive NW 8110.2, "Management of Airworthiness Approval Records".

A. Definitions:

1. Airworthiness Approval Records consist of: (a) Compliance Records which have been obtained by the FAA under the procedures set forth in FAA Directive NW 8110.2 and which are currently in the possession of the FAA, and (b) FAA prepared documents associated with the airworthiness approval project, which documents may refer to or incorporate portions of Compliance Records. All Airworthiness Approval Records are "Agency Records".

2. Applicant's Records are documents and data prepared or used by or on behalf of the applicant, which are associated with the design of the product, material, part, process, or appliance to be approved, but which have not been formally submitted to the FAA for the express purpose of establishing the applicant's entitlement to type certification. Applicant's records are not "Agency Records".

3. The Certification Basis is the set of airworthiness standards for the product sought to be certificated, which are prescribed by:

   (a) The applicable requirements of Title 14 CFR, Subchapter C, which are effective on the date of an application for type certification;

   (b) Safety provisions required through grants of exemption;

   (c) Special Conditions promulgated by the Administrator where it is found that existing airworthiness regulations otherwise applicable do not contain adequate or appropriate safety standards due to novel or unusual design features;

   (d) Subsequently enacted amendments to Subchapter C made applicable to the product either through election by the applicant or through retroactive rulemaking by the FAA administrator;

   (e) Equivalent safety findings made under Title 14 CFR, Part 21.21(b)(1); and

   (f) Special requirements imposed by the Administrator under Title 14 CFR, Part 21.21(b)(2), in order to correct an unsafe feature or characteristic determined to exist after the requirements of (a) through (e) have been met.

1

4. Compliance Records consist of documents and data, wherever physically located, which have been formally submitted by the applicant to the FAA for the express purpose of establishing entitlement to airworthiness approval. (A formally submitted document is one what has been provided to the FAA under a cover letter by the applicant, in accordance with the procedures specified in paragraph B.1. of this AGREEMENT.) Compliance Records also include documents submitted to and approved by Designated Engineering Representatives.

5. Public Airworthiness Records are documents obtained or created during an airworthiness approval project, for the purpose of substantiating the FAA's decision-making process for that project. No trade secret or competitively harmful data will be included in these documents, which will be routinely available to the public.

B. Aerometals and the FAA agree to the following procedures:

1. Aerometals, in the course of normal certification activities, shall submit to the FAA all Compliance Records, including those approved by Designated Engineering Representatives, by means of a formal letter of transmittal. Each transmittal letter shall specify: (a) the title of the record; (b) the date of the record; (c) the FAA unit or employee to receive the record; (d) the identification of the specific airworthiness requirement with which the record is intended to show compliance where applicable; (e) a complete listing and a brief description of the record transmitted; and (f) identification of those portions of the record which are considered by Aerometals to be exempt from public disclosure.

2. The FAA will maintain all letters of transmittal in a correspondence file, most of which is considered Public Airworthiness Records. Letters of transmittal should not contain information considered proprietary.

3. At the completion of the FAA review of formally submitted Compliance Records, such records may, at the discretion of the FAA, be returned to Aerometals on the condition that Aerometals agrees to return all the records to the FAA, if, and when, the specified design approval is transferred, terminated, or otherwise becomes void. Once stored at Aerometals, Compliance Records are not considered "Agency Records". A copy of the Aerometals transmittal letter, or some other mutually acceptable control form, will accompany this submittal from the FAA for records management purposes and to identify any record which may not have been returned.

4. Aerometals shall maintain all returned Compliance Records separately from its other records in a secured storage area acceptable to the FAA, have an employee assigned to maintain the filing, develop an indexing system for ease of retrieval, and limit access only to the FAA and those Aerometals employees authorized. These records will be stored as received from the FAA and may not be amended or updated unless specifically authorized by the FAA. The FAA may, as necessary, inspect the repository file for compliance to the AGREEMENT, and make recommendations.

2

Aerometals shall make all Compliance Records readily available to the FAA for examination upon demand during normal working hours. The FAA may request Aerometals to forward the desired records via overnight mail if the FAA contacts Aerometals prior to 3:00 p.m. the previous day.

If appropriate, a phone number and the name of an employee with authorized access to the Aerometals repository file should be provided to the FAA in case of emergency need of record after working hours, weekends and holidays as a result of an accident, incident or serious service difficulty.

5. The FAA will neither copy nor incorporate applicant's records in the FAA-prepared airworthiness documents without the prior written permission of Aerometals. Records made available to FAA personnel at Aerometals facilities will not enter the formal possession or control of the FAA and are not subject to procurement or processing upon public request.

6. All communication related to the AGREEMENT shall be addressed as follows:

If to the FAA:

> Manager, Los Angeles Aircraft Certification Office
> Northwest Mountain Region
> Federal Aviation Administration
> 3960 Paramount Boulevard
> Lakewood, California  90712-4137

If to Aerometals::

> Keith B. D'Ooge
> Aerometals
> 3920 Sandstone Drive
> El Dorado Hills, CA  95762
> Emergency Telephone No.:  (916) 933-5025

7. This AGREEMENT may be amended, waived, or terminated at any time by written notification by the FAA or agreement of the parties. If the AGREEMENT is terminated, the parties agree that all Compliance Records will be returned to the FAA, in accordance with a mutually agreed upon schedule and that FAA access to the repository file will not be terminated until the record transfer is completed.

8. Immediately upon the receipt of a public request for Airworthiness Approval Records, the FAA will provide Aerometals with a copy of the request and solicit its response. The FAA will process the public request strictly in accordance with applicable Federal Statutes and Code of Federal Regulations.

Following the acceptance of the terms of this AGREEMENT by the FAA and Aerometals, Aerometals will prepare an implementation plan outlining the method of compliance with these terms for review and concurrence by the FAA.

ACCEPTED AND AGREED TO THIS ⟪13⟫ day of ⟪Sept 1999⟫

BY: _____
Rex Kamphefner
General Manager
Aerometals

ACCEPTED AND AGREED TO THIS _____ day of _____

BY: _____
Gilbert L. Thompson, Manager
Federal Aviation Administration
Los Angeles Certification Office
Northwest Mountain Region

Attachment:
LAACO Filing Procedures

4

Exhibit D

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

**Registration Number**
# VAu 1-259-339
**Effective Date of Registration:**
August 25, 2016

*Kayn Teyle Clayett*

Acting United States Register of Copyrights and Director

## Title
_____

**Title of Work:**   MD500 OEM Drawings for Spare Parts

## Completion/Publication
_____

**Year of Completion:**   2016

## Author
_____

**Author:**   MD Helicopters, Inc.
**Author Created:**   technical drawing, Textual notations
**Work made for hire:**   Yes
**Citizen of:**   United States
**Domiciled in:**   United States

## Copyright Claimant
_____

**Copyright Claimant:**   MD Helicopters, Inc.
4555 East McDowell Road, Mesa, AZ, 85215, United States

## Rights and Permissions
_____

**Organization Name:**   Schnader Harrison Segal & Lewi
**Name:**   W. Drew Kastner
**Email:**   dkastner@schnader.com
**Telephone:**   (212)972-8122
**Address:**   1600 Market St STE 3600
Philadelphia, PA 19103 United States

## Certification
_____

**Name:**   Stephenie Yeung
**Date:**   August 25, 2016
**Applicant's Tracking Number:**   3015124-0001