1  William D. Janicki (SBN 215960)
   wjanicki@schnader.com
2  Jennifer K. Thai (SBN 258612)
   jthai@schnader.com
3  Lilian M. Loh (SBN 296196)
   lloh@schnader.com
4  SCHNADER HARRISON SEGAL & LEWIS LLP
   650 California Street, 19th Floor
5  San Francisco, CA 94108-2736
   Telephone: 415-364-6700
6  Facsimile: 415-364-6785

7  William R. Black (CSBN 134048)
   william.black@mdhelicopters.com
8  MD Helicopters, Inc.
   4555 East McDowell Road
9  Mesa, Arizona 85215
   Telephone: 480-346-6410
10 Facsimile: 480-346-6410

11 Attorneys for Plaintiff MD Helicopters, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MD HELICOPTERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AEROMETALS, INC., <br><br> Defendant. | Case No. 2:16-cv-02249-TLN-AC <br><br> **DECLARATION OF WILLIAM BLACK IN SUPPORT OF MD HELICOPTERS, INC.'S MOTION TO COMPEL FULL AND COMPLETE RESPONSES TO MDHI'S FIRST SET OF INTERROGATORIES TO AEROMETALS, INC. (DKT. 35)** <br><br> **[L.R. 141]** <br><br> Date: April 19, 2017 <br> Time: 10:00 a.m. <br> Judge: Hon. Allison Claire <br> Place: Courtroom 26, 8th Floor |

**DECLARATION OF W. BLACK ISO MOTION TO COMPEL ROG 1 RESPONSES**

I, William R. Black, hereby declare as follows:

1. I make this declaration and state the matters herein of my own personal knowledge, or on information gathered from those with personal knowledge following a reasonable investigation, and could competently testify to the matters stated herein.

2. I am the Vice President and General Counsel for MD Helicopters, Inc. ("MDHI") and have appeared as counsel of record in this matter.

3. I have reviewed Aerometals' Responses to MDHI's First Set of Interrogatories dated February 22, 2017, and signed under oath by Lorie Symon, Executive Director of Aerometals, Inc., on February 23, 2017.

4. Aerometals' response to Interrogatory No. 4. identifies thirteen applications made by Aerometals to the Federal Aviation Administration ("FAA") for approval to manufacture MD500 helicopter parts. Each of the thirteen applications was made within three years from the date of MDHI's complaint, and each lists several excerpts from MDHI's Technical Manuals that were submitted by Aerometals to the FAA.

5. Without disclosing the content of Interrogatory No. 4, I conducted a reasonable investigation of MDHI personnel to determine if MDHI knew that Aerometals had been submitting excerpts of MDHI's Technical Manuals to the FAA as part of its applications for approval to manufacture helicopter parts.

6. Following this reasonable investigation, MDHI was not aware, and did not know, that Aerometals was submitting excerpts of its Technical Manuals to the FAA as part of its applications for approval to manufacture MD500 parts. This type of information is submitted confidentially to the FAA and is not available to the public. MDHI learned for the first time that Aerometals was submitting MDHI's Technical Manuals to the FAA upon receipt of Aerometals' response to Interrogatory No. 4. MDHI had no evidentiary-based reason to know that Aerometals was infringing on its intellectual property through Aerometals' confidential submissions the FAA before this litigation.

///

///

2

**DECLARATION OF W. BLACK ISO MOTION TO COMPEL ROG 1 RESPONSES**

7. Based on this evidence, MDHI now suspects that applications made by Aerometals to the FAA outside of the three-year statutory window contain excerpts from MDHI's Technical Manuals, just as do the applications identified in Interrogatory No. 4.

8. The applications identified in Interrogatory No. 4 lists several of Aerometals' associated reports, such as Compliance Reports, Certification Reports, and Substantiation Reports. Following a reasonable investigation, MDHI was not aware before this litigation began of the content of any of Aerometals' reports submitted to the FAA as part of its applications for approval to manufacture MD 500 parts.

9. As of the date of this declaration, Aerometals has not produced the documents identified in Interrogatory No. 4. I therefore have not had an opportunity to review the documents identified in Interrogatory No. 4.

10. I reviewed a very small portion of the same documents identified in Interrogatory No. 4, which were produced by third party Aircraft Manufacturing Company ("AMC"). The documents produced by AMC are voluminous and will require a significant number of hours to fully review.

11. AMC is a company that Aerometals used to submit applications to the FAA on behalf of Aerometals for approval to manufacture MD 500 helicopter parts.

12. I reviewed several Certification Plans and Compliance Reports prepared by AMC on behalf of Aerometals and which were submitted to the FAA for approval to manufacture MD500 parts.

13. The Certification Plans and Compliance Reports prepared by AMC contain MDHI's OEM drawings and excerpts from MDHI's Technical Manuals.

14. Following a reasonable investigation, MDHI was not aware, and did not know the content of AMC's Certification Plans and Compliance Reports before this litigation. MDHI was not aware, and did not know, that Aerometals provided AMC with MDHI's OEM Drawings and Technical Manuals to incorporate them into AMC's reports. MDHI was not aware, and did not know, that AMC was submitting MDHI's OEM Drawings and Technical Manuals to the FAA on behalf of Aerometals with these reports. MDHI had no evidentiary-based reason to know that

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

3
**DECLARATION OF W. BLACK ISO MOTION TO COMPEL ROG 1 RESPONSES**

Aerometals was infringing on its intellectual property through Aerometals' confidential submissions the FAA before this litigation.

15. Based on this evidence, MDHI now suspects that the Certification Plans and Compliance Reports submitted by Aerometals to the FAA outside of the three-year window contain MDHI's OEM Drawings and excerpts from MDHI's Technical Manuals, just as do the Certification Plans and Compliance Reports prepared by AMC.

16. The Compliance Reports prepared by AMC on behalf of Aerometals state that AMC used MDHI's OEM drawings in order to develop the AMC drawings.

17. I have reviewed exemplar Certification Plans and Compliance Reports submitted by Aerometals to the FAA, as well as Aerometals' drawings compared to MDHI's OEM drawings. It appears that AMC and Aerometals prepared derivative works from MDHI's OEM drawings and submitted those derivative works to the FAA as Aerometals' drawings.

18. MDHI was not aware and did not know before this litigation that AMC and Aerometals were preparing derivative works from MDHI's OEM drawings.

I declare under penalty of perjury under the laws of California, Arizona and the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 11th day of April 2017, at Mesa, AZ.

_____
William R. Black