UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MD HELICOPTERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AEROMETALS, INC., <br><br> Defendant. | No. 2:16-cv-2249 TLN AC <br><br><br> ORDER |

On April 19, 2017, the court heard oral argument on plaintiff MD Helicopters, Inc.'s ("MD Helicopters") motions to compel. William Janicki and William Black appeared for plaintiff and Merri Baldwin and Joshua Deitz appeared on behalf of defendant Aerometals, Inc. ("Aerometals"). After carefully considering the parties' papers and arguments, MD Helicopters' motions to compel are GRANTED IN PART and DENIED IN PART as follows.

## I. FACTUAL BACKGROUND

The court's prior order on plaintiff's motion for a protective order provides the relevant factual background:

> MD Helicopters manufactures helicopters for the civilian and U.S. military markets. It also makes replacement parts for its civilian helicopters. The U.S. is permitted to use MD Helicopters' intellectual property "to obtain spare and replacement parts for its military helicopters from third party suppliers." Complaint (ECF No. 1) at 5 ¶ 15. However, "[u]se of MDHI's proprietary and

1

> copyright protected [Original Equipment Manufacturer ("OEM")] drawings … may only be used by third party suppliers pursuant to the U.S. government license for the production of parts for the military Model 369 (OH-6A) helicopters and its derivatives, and not for the MD 500 Series civilian market."
>
> Defendant Aerometals "supplies aftermarket spare and replacement parts for the military and civilian versions of the MD 500 Series helicopters." Complaint at 8 ¶ 30. As such, it has access to MD Helicopters' intellectual property, but is permitted to use it only for making spare parts for military helicopters. According to the complaint, Aerometals used this information to compete unfairly against MD Helicopters in the market for civilian spare and replacement parts for helicopters. Plaintiff MD Helicopters sues for copyright infringement and for violations of federal and state unfair competition laws.

ECF No. 32 at 1-2.

## II. PROCEDURAL BACKGROUND

Plaintiff filed its original complaint on September 21, 2016. On October 24, 2016, defendant filed a motion to dismiss that is currently under submission before Judge Nunley. ECF No. 5. A protective order is in place to govern the confidentiality of certain materials to be exchanged during discovery. ECF Nos. 32, 34. A joint status report has been filed (ECF No. 22) but no scheduling order has been issued in this case. Due to the pendency of defendant's motion to dismiss, an answer has not been filed.

Plaintiff filed the instant motions to compel on March 21, 2017 and March 28, 2017. ECF Nos. 35, 39. The Joint Statements for both motions were filed on April 12, 2017. ECF Nos. 45, 46. Plaintiff also filed a notice of request to seal documents pursuant to Local Rule 141 in support of its March 21st motion to compel. ECF No. 40. After the hearing, defendant filed a request to seal documents it had electronically filed on the case docket. ECF No. 49. See also ECF No. 48.

## III. THE MOTIONS TO COMPEL

A. <u>Meet and Confer</u>

The parties met and conferred and did not reach agreement.

////

B. First Set of Interrogatories

Defendant served responses to plaintiff's first set of interrogatories by first class mail on February 22, 2017. ECF No. 46 at 2. Plaintiff received the responses on February 27, 2017. Id. On March 1, 2017, plaintiff emailed a letter to defendant detailing its objections to defendant's responses, requesting further responses, and indicating that a motion to compel would be filed. Id. On March 9, 2017, a meet and confer telephone conference took place to discuss defendant's responses. Id. The parties agreed defendant would provide a written response to plaintiff's March 1 letter. Id. A subsequent telephone conference took place on March 20, 2017 to discuss remaining disagreements. Defendant agreed to produce supplemental interrogatory responses and consider plaintiff's objections. Id. During the call, plaintiff's counsel stated he would file a motion to compel regarding defendant's responses. Id. at 1-2. On March 21, 2017, plaintiff filed this motion. Id. at 2.

On March 28, 2017, plaintiff sent another letter to defendant stating defendant had failed to preserve their confidentiality designations within 21 days of plaintiff's challenge and as a result they had been waived. Id. Plaintiff further stated that supplemental responses still had not been received. Id. On March 30, 2017, defendant responded that it was preparing supplemental responses and that plaintiff's demand regarding the confidential designations should be decided by the court. Id. On April 10, 2017, the parties had a meet and confer telephone conference. That same day defendant provided supplemental responses. Id. Defendant expected a subsequent conference would take place on April 11, 2017 in order to narrow the discovery issues in dispute. Id. Plaintiff's counsel "did not make himself available" for the meeting and informed defendant he was having difficulty reviewing the supplemental responses. Id. The parties could not resolve their disputes.

Plaintiff requests that the court compel the defendant to respond fully and completely to the following interrogatories:

> **INTERROGATORY NO. 1**: IDENTIFY each "Installations Instructions" prepared by You or on Your behalf relating to MD 500 helicopter parts that incorporates, displays, depicts, or shows a diagram, figure, image, drawing, or excerpt taking from any MDHI TECHNICAL MANUAL. See Ex. A, example

3

Installation Instructions.

**INTERROGATORY NO. 2:** IDENTIFY each "Instructions for Continued Airworthiness" prepared by YOU or on YOUR behalf relating to MD 500 helicopter parts that incorporates, displays, depicts, or shows a diagram, figure, image, drawing, or excerpt taking from any MDHI TECHNICAL MANUAL. See Ex. B, example Continued Airworthiness Instructions.

**INTERROGATORY NO. 3:** IDENTIFY each "Service Bulletin" prepared by YOU or on YOUR behalf relating to MD 500 helicopter parts that incorporates, displays, depicts, or shows a diagram, figure, image, drawing, or excerpt taken from any MDHI TECHNICAL MANUAL. See Ex. C, example Service Bulletin.

**INTERROGATORY NO. 4:** IDENTIFY each DOCUMENT not already IDENTIFIED that was prepared by YOU or on YOUR behalf relating to MD 500 helicopter parts that incorporates, displays, depicts, or shows a diagram, figure, image, drawing, or excerpt taken from any MDHI TECHNICAL MANUAL.

**INTERROGATORY NO. 5:** For each DOCUMENT IDENTIFIED in response to Interrogatories 1, 2, 3 and 4, fully describe the source of each diagram, figure, image, drawing or excerpt taken from any MDHI TECHNICAL MANUAL including the source DOCUMENT title vision, date, page number and figure number (if applicable.)

**INTERROGATORY NO. 6:** For each DOCUMENT IDENTIFIED in response to interrogatories 1, 2, 3 and 4, fully describe the process YOU used to incorporate, display, depict, or show each diagram, figure, image, drawing or excerpt taken from any MDHI TECHNICAL MANUAL into the subject DOCUMENT including the name of the individual performing the process, the individual's supervisor, the method used to perform the process computer program used, the computer hardware used, the data storage location, and any alteration, addition, or modification made to the diagram, figure, drawing or excerpt.

**INTERROGATORY NO. 7:** IDENTIFY each MDHI Original Equipment Manufacturer ("OEM") drawing for MD 500 helicopter parts that has ever been in YOUR possession custody or control, as referenced by Mr. Rex Kamphefner in paragraph 2 of Exhibit D, and state the source from where YOU obtained each drawing.

**INTERROGATORY NO. 8:**
IDENTIFY each DOCUMENT prepared by YOU or anyone acting on YOUR behalf that is derivative work, as defined by 17 U.S.C. §101, of an MDHI Original Equipment Manufacturer ("OEM") drawing for MD 500 helicopter parts.

ECF No. 46 at 13-47.

C. First Set of Request for Production of Documents

On March 6, 2017, defendant served written responses to plaintiff's first set of request for

production of documents. ECF No. 45 at 2. Plaintiff received the responses on March 9, 2017. Id. On March 10, 2017, defendant produced a limited set of documents to one of plaintiff's request. Id. On March 20, 2017, a meet and confer telephone conference took place to discuss defendant's document production. Id. Defendant agreed to produce additional responsive documents. Id. On March 21, 2017, plaintiff emailed a letter to defendant objecting to defendant's responses. Id. On March 28, 2017, plaintiff requested a meet and confer telephone conference to discuss defendant's responses and document production. Plaintiff also informed defendant it would be filing a motion to compel. This motion was filed the same day. On April 4, 2017, plaintiff sent defendant an email requesting the parties meet and confer prior to the hearing for this motion. Id. On April 10, 2017, the parties met and conferred to discuss the remaining disagreements. Id. That same day, defendant produced supplemental responses and produced some responsive documents. Similar to the other motion to compel before the court, defendant expected a subsequent meet and confer would take place on April 11, 2017 in order to narrow the discovery issues in dispute. Id. at 2-3. The parties could not resolve their disputes.

Plaintiff requests that the court compel defendant to supply responsive documents to the following requests for production:

**REQUEST NO. 1:** All DOCUMENTS identified by YOU in response to MDHI's Interrogatories to Defendant Aerometals Inc., Set One, Nos. 1 to 8.

**REQUEST NO. 2:** All versions of CSP-H-2 MDHI Model Helicopters Model 369H Basic Handbook of Maintenance Instructions.

**REQUEST NO.3:** All versions of CSP-H-3, MDHI Model Helicopters Model 369H Appendix A Optional Equipment Manual Handbook of Maintenance Instructions.

**REQUEST NO. 4:** All versions of CSP-H-4, MDHI Model Helicopters Model 369H Appendix B Airworthiness Limitations, Overhaul and Replacement Schedules, Periodic Inspections, Weight and Balance Procedures.

**REQUEST NO. 5:** All versions of CSP-H-5, MDHI Model Helicopters Model 369H Appendix C Component Overhaul Manual.

**REQUEST NO. 6:** All versions of CSP-H-7, MDHI Model Helicopters Model 369H/HS/HM/HE Illustrated Parts Catalog.

**REQUEST NO. 7:** All versions of CSP-HMI-2 MDHI Model Helicopters Models

369D/E/FF — 500/600N Basic Handbook of Maintenance Instructions.

**REQUEST NO. 8:** All versions of CSP-HMI-3 MDHI Model Helicopters Models 369D/E/FF 500/600N Basic Handbook of Maintenance Instructions - Instruments — Electrical — Avionics.

**REQUEST NO. 9:** All versions of CSP-IPC-4 MDHI Model Helicopters Models 369D/E/FF — 500/600N Illustrated Parts Catalog.

**REQUEST NO. 10:** All versions of CSP-COM-5, MDHI Model Helicopters Models 369D/E/FF —500/600N Component Overhaul Manual.

**REQUEST NO. 11:** All versions of CSP-SRM-6 MDHI Model Helicopters Models 369D/E/FF —500/600N Structural Repair Manual.

**REQUEST NO. 12:** All versions of CSP-ISC-7 MDHI Model Helicopters Models 369D/E/FF — 500/600N Illustrated Structures Catalog.

**REQUEST NO. 13:** All MDHI technical manuals, not already produced, related to the MD 500 Series helicopters, including all their revisions.

**REQUEST NO. 14:** All COMMUNICATIONS between YOU and AMC relating to MD 500 spare or replacement helicopter parts.

**REQUEST NO. 15:** All COMMUNICATIONS between YOU and Lawrence Timmons relating to MD 500 spare or replacement helicopter parts.

**REQUEST NO. 16:** All DOCUMENTS relating to the work AMC performed for YOU concerning MD 500 spare or replacement helicopter parts.

**REQUEST NO. 17:** All DOCUMENTS YOU provided to AMC relating to MD 500 spare or replacement helicopter parts.

**REQUEST NO. 18:** All DOCUMENTS YOU received from AMC relating to MD 500 spare or replacement helicopter parts.

**REQUEST NO. 19:** All contracts or agreements between YOU and AMC relating to MD 500 spare or replacement helicopter parts.

**REQUEST NO. 21:** All COMMUNICATIONS between YOU and MDHI.

**REQUEST NO. 23:** All DOCUMENTS relating to MDHI's purported authorization for YOU to utilize MDHI's intellectual property, data, engineering drawings, copyrighted material or proprietary information relating to MD 500 spare or replacement helicopter parts.

**REQUEST NO. 24:** All DOCUMENTS relating to Armed Services Board of Contract Appeals Case No.53688 including the declaration of Mr. Rex Kamphefner.

**REQUEST NO. 25:** All original equipment manufacturer drawings for parts for the MD 500 series of helicopters obtained by YOU from any source.

**REQUEST NO. 26:** All contracts between YOU and representatives of the United States Special Operations Command ("SOCOM") for MD 500 spare and replacement parts.

**REQUEST NO. 27:** All COMMUNICATIONS between YOU and representatives of the United States Special Operations Command ("SOCOM") for MD 500 spare and replacement parts.

**REQUEST NO. 28:** All contracts between YOU and representatives of any branch of the United States Government for MD 500 spare and replacement parts.

**REQUEST NO. 29:** All COMMUNICATIONS between YOU and representatives of any branch of the United States Government for MD 500 spare and replacement parts.

**REQUEST NO. 30:** All contracts between YOU and representatives of the Republic of Korea relating to MD500 spare and replacement parts.

**REQUEST NO. 31:** All COMMUNICATIONS between YOU and representatives of the Republic of Korea relating to MD 500 spare and replacement parts.

ECF No. 45 at 8-70.

### D. Contentions of the Parties

Regarding most of plaintiff's requests, defendant has argued that it is in the process of producing supplemental responses to the requested information and documents. At oral argument, defendant further clarified that it is not withholding information on the basis of statute of limitation grounds and is attempting to meaningfully respond to plaintiff's discovery requests but that more time is needed. In the Joint Statement and at the hearing, defendant did object to certain requests as overly broad, burdensome, and not proportional to the needs of the case. Plaintiff argues that any FAA approval defendant receives for MD 500 parts based upon the submission of plaintiff's intellectual property is an "ongoing infringement of MDHI's intellectual property rights" and that discovery therefore necessarily includes discovery regarding "all FAA applications submitted" by defendant that include "infringing material." Plaintiff argues that this is needed because plaintiff was not aware that defendant had been "confidentially submitting" plaintiff's "proprietary material to the FAA" until discovery began, and therefore discovery is necessary to discover further "specific acts of infringing activity." Plaintiff also argues that it is

7

entitled to discover all Original Equipment Manufacturer ("OEM") drawings in defendant's possession and the source of each of them. Plaintiff argues that such discovery goes to the "heart" of plaintiff's Complaint regarding unfair competition.

### E. Legal Standards

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad, although not unlimited. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . . and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b). In responding to a document request, "the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Rule 34(b)(2)(B).

Under the Federal Rules of Civil Procedure, interrogatories must be "answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A party is obligated to respond to the fullest extent possible and state any objections with specificity. Rule 33(b)(3), (b)(4). While extensive research is not required, a reasonable effort to respond must be made. L.F. v. Schwarzenegger, 2007 U.S. Dist. LEXIS 73752 at *9, 2007 WL 2781132 (E.D. Cal. Sept. 21, 2007). In a motion to compel, the moving party bears the burden of showing why the other party's responses are inadequate or their objections unjustified. See e.g., Ellis v. Cambra, 2008 U.S. Dist. LEXIS 24418 at *2, 2008 WL 860523 (E.D. Cal. Mar. 27, 2008). A district court has broad discretion in deciding whether to require answers to interrogatories. See 8A Wright, Miller & Marcus, Federal Practice & Procedure § 2176 at 311 & n.1 (Civil 2d ed. 1994).

1 Under Rule 37(a), a party may move for an order compelling disclosure or discovery if "a
2 party fails to produce documents . . . as requested under Rule 34." Rule 37(a)(3)(B)(iv). "The
3 party seeking to compel discovery has the burden of establishing that its request satisfies the
4 relevancy requirements of Rule 26(b)(1). The party opposing discovery then has the burden of
5 showing that the discovery should be prohibited, and the burden of clarifying, explaining or
6 supporting its objections." See Bryant v. Ochoa, 2009 U.S. Dist. LEXIS 42339 at *3, 2009 WL
7 1390794 (S.D. Cal. 2009). The party opposing discovery is "required to carry a heavy burden of
8 showing" why discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th
9 Cir. 1975).

   F. Resolution
   
   1. General Rulings
   
   a. Confidential Designations

13 Plaintiff argues that defendant has waived confidentiality designations by failing to bring
14 a motion within 21 days of plaintiff's challenge to its usage of those designations. Defendant
15 argues it agreed to remove disputed designations except for those in Interrogatory No. 4.
16 The court notes that the supplemental response did correct the overuse of the designations.
17 However, defendant left designations on its entire supplemental response to Interrogatory 4,
18 including arguments that do not contain confidential information and are publicly filed on the
19 docket. Defendant is therefore strongly cautioned to conduct discovery in compliance with the
20 Protective Order and to take care in designating documents as confidential. However, because
21 part of the information does contain sensitive material, the court will deny the request to deem
22 designations waived.

   b. General Objections

24 Defendant states it reconsidered its general objections and removed them in its
25 supplemental responses. Since defendant has withdrawn its general objections, they are moot.
26 ////
27 ////
28 ////

2. Specific Rulings

a. Submissions to the FAA - Interrogatory No. 5 & RFP No. 1

Regarding some of the requested material, defendant has indicated its willingness to produce supplemental responses but sought additional time. See Interrog. No. 5; see also RFP No. 1. At the hearing defendant agreed that plaintiff is entitled to discovery of defendant's submissions to the FAA. Defendant argued only that an order compelling discovery was unnecessary because supplemental responses were "forthcoming" despite being "extremely burdensome" to produce.

The court notes that a Rule 26 discovery plan has not been established in this case, and no discovery deadlines have been set. Nonetheless, because the propriety of discovery is clear and essentially undisputed, plaintiff's motion to compel further responses to Interrogatory No. 5 and RFP No. 1 are granted.

b. Declaration of Rex Kamphefner - RFP No. 24

Plaintiff asks for "all documents relating to" the Armed Services Board of Contract Appeals Case ("Appeals Case") "including the declaration of Mr. Rex Kamphefner." In its objections, defendant makes the boilerplate objection that such a request is "ambiguous, overly broad, unduly burdensome, and oppressive." Defendant also objects on the basis that discovery must be proportional to the needs of the case, that the documents "are not relevant to any party's claims or defenses in this action," and that the information is subject to attorney-client privilege and the attorney work product doctrine. At the hearing on this motion, defendant reiterated these objections, further elaborating that the request as written is too broad and information of "any OEM drawings obtained by" defendant pursuant to government contracts for military parts are "entirely separate" and irrelevant to the claims in plaintiff's Complaint.

Plaintiff's request for "all documents relating to" the Appeals Case is simply too broad to support compelled production. However, the Kamphefner declaration is relevant to plaintiff's Complaint. Specifically, plaintiff notes that the declaration references OEM drawings, their source, and the use and application of these drawings, which are the same OEM drawings in dispute in this case and subject to discovery.

Accordingly, defendant's objections, to the degree they are based upon privilege and the doctrine, will be overruled without prejudice to their renewal in proper form, accompanied by a privilege log complying with Fed. R. Civ. Proc. 26(b)(5)(A), and with proper legal and factual support.

Plaintiff's motion to compel the production of the declaration of Rex Kamphefner will therefore be granted. The motion as to RFP No. 24 will be otherwise denied as overbroad.

### c. OEM Drawings –Interrogatories No. 7, 8 & RFP No. 25

Plaintiff seeks the identities and sources of all OEM drawings in the "possession", "custody", or "control" of defendant. See Interrog. Nos. 7, 8; RFP No. 25. At the hearing on this matter, plaintiff indicated it was "willing to compromise" and that a list would be sufficient if it identified the OEM drawings in defendant's possession, which OEM drawings are used in current applications, and the source of each OEM drawing. Defendant argued that there are "thousands of OEM drawings" and that many are irrelevant to this lawsuit. Defendant cited to Declarations from Symon and Ackert arguing that even producing a list would be "intense and excessive" and "extremely burdensome" due to some of the drawings going as far back as the 1960s. See ECF Nos. 42 (Declaration of Ackert), 43 (Declaration of Symon).

Defendant's declaration states that defendant does not maintain an "index, catalog, or other list" of OEM drawings in its possession. In order to create an index, defendants would have to hire an additional employee, train the employee on how to handle and read the drawings, and have the employee work exclusively on this matter. The estimated timeframe to create an index would be 3-5 weeks of full time work. See ECF No. 43 at 4 ¶¶11-12.

The court must limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). The court adopts plaintiff's modification in its request for all OEM drawings, and finds that narrowing the chronological scope of the request will appropriately limit burden being imposed on defendant. Accordingly, the request will be granted but only for OEM documents obtained within 10 years prior to the filing of the complaint in this matter.

Plaintiff's motions to further responses to Interrogatories No. 7-8 and RFP No. 25 are

granted in part. Defendant shall identify the OEM drawings that have come into its possession within 10 years prior to the filing of this lawsuit, identify the source of each, and specify which are used in current applications.

      d. <u>"All Communications" & "All Documents"- RFP Nos. 14-18, 21, 27, 29, 31</u>

Plaintiff asks for "all communications" and "all documents" between various entities and related to various matters. In some of its objections, defendant states that it "will produce responsive documents in its possession as can be located pursuant to a reasonably diligent search." <u>See</u> RFP Nos. 14-18. The court will grant the motion as to these requests, which require no more than defendant has agreed to produce.

Plaintiff also requests "all communications" between plaintiff and defendant. <u>See</u> Request for Prod. No. 21. Defendant argues that that the request is overbroad and its relevant indeterminable in the "absence of any stated period or subject matter." The court agrees. Defendant has noted in its objections that it will conduct a diligent search and produce documents related to the sales of MD 500 helicopter parts. The court will partially grant this request and narrow the scope of production to communications related to the sales of MD 500 helicopter parts.

Plaintiff also requests "all communications" between defendant and SOCOM (RFP No. 27), the U.S. Government (RFP No. 29), and the Republic of Korea (RFP No. 31). These requests, which are not limited in time or subject matter, are overbroad on their face. The motion will be denied as to these requests.

Plaintiff's motion to compel is granted as to RFP Nos. 14-18 and 21. However, the court will limit RFP No. 21 to communications related to the sales of MD 500 helicopter parts. The motion is denied as to RFP Nos. 27, 29, and 31.

      e. <u>"All contracts" or "agreements" – RFP Nos. 19, 26, 28, 30</u>

Plaintiff requests "all contracts" or "agreements" between the defendant and various entities. This includes contracts and agreements with AMC (RFP No. 19), SOCOM (RFP No. 26), the U.S. Government (RFP No. 28), and the Republic of Korea (RFP No. 30).

At the hearing, defendant objected to the production of contracts related to SOCOM, the U.S. Government, and the Republic of Korea on relevance grounds. Because there is no indication that every contract between defendant and these entities is related to matters potentially relevant to the lawsuit, the requests are facially overbroad. To the extent that such contracts and agreements relate to the OEM drawings that are currently in use, however, they are relevant and discoverable. Accordingly, the motion will be granted as to those contracts and agreements in defendant's possession or control that relate to the OEM drawings that are currently in use. In regards to the contracts between defendant and AMC, defendant has indicated in the Joint Statement that it is producing. Accordingly, the motion is granted as to materials involving AMC.

### f. "All versions" – RFP Nos. 2-13

Plaintiff requests "all versions" of handbooks, procedures, manuals, and catalogs related to various models of MDHI Model Helicopters that are in the possession of defendant. See RFP Nos. 2-13. The court must limit discovery when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Here, the court notes that the requests seek documents in public record that are equally accessible to all parties.[1] Therefore, these requests will be denied.

### g. Remaining Objections

Defendant's objections to discovery requests other than those specified above (i.e., RFP No. 23 and Interrogatories No. 1-4, 6) will be overruled. The relevance of these requests is apparent, and defendant has not met its burden to show that production should not occur.

### h. Request for Sanctions

Plaintiff argues sanctions are appropriate pursuant to Rule 26, 37, and the Protective Order. Plaintiff argues that because defendant refused to remove the improper boilerplate

---

[1] See http://download.mdhelicopters.com/etm/500/tech_manuals/md500pdf/500pubs/hmi2.pdf
https://www.mdhelicopters.com/md369h-series-manuals.html
http://download.mdhelicopters.com/etm/500/tech_manuals/md500pdf/500pubs/hmi3.pdf
http://download.mdhelicopters.com/Pubs/Archive%20files/500%20manuals/csp-com-5/csp-com-5_i0r20p.pdf (last visited by the Court on April 18, 2017).

objections until after these motions were filed and "two days before" the joint statements were due, discovery was obstructed.  Plaintiff also argues that sanctions should be awarded pursuant to the Protective Order for defendant's inappropriate usage of the confidential designations in Interrogatory No. 4.

Defendant argues sanctions are not appropriate because it agreed during the meet and confer process to reconsider its use of boilerplate objections, and indeed supplied supplemental responses removing the boilerplate objections.  Defendant further argues that discovery was not withheld on the basis of these objections and that plaintiff has failed to meet and confer in good faith.  Defendant also argues that plaintiff has not provided specific confidentiality challenges to the designations nor has attempted to meet and confer in good faith regarding this issue.  Defendant has compromised on this issue and redacted its designations except in Interrogatory No. 4.

Plaintiff's request for sanctions is denied based on the finding that defendant has not willfully failed to cooperate in discovery and was substantially justified in opposing the motions.  See generally Fed. R. Civ. Proc. 37.  In the Joint Statement and at the oral hearing, defendant made clear its willingness to produce requested documents and to compromise.  Furthermore, the court is granted discretion in apportioning reasonable expenses for bringing a motion that is granted in part and denied in part.  See Fed. R. Civ. Proc. 37(a)(4)(C).

For the reasons set forth above, the court does not find sanctions are warranted at this time.  The parties are reminded of their obligation to further meet and confer in good faith in order to resolve disagreements in the future and to follow the terms of the Protective Order.

         a. <u>Request to Seal</u>

As noted at the hearing, plaintiff's notice of request to seal (ECF No. 40) is granted in relation to this motion to compel only.

After the hearing, defendant filed an application and proposed order to seal (ECF No. 49) a document (ECF No. 48) that it had filed on the public docket of this court, unsealed and un-redacted. Defendant asserts that the document contains "sensitive and confidential information which Defendant intended to file under seal."

In general, there must be, at a minimum, "good cause" for overriding the "strong presumption" in favor of public access to judicial records. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). While there might have been good cause to seal the document at issue before it was made public – it contains confidential and sensitive information, and the defendant requested that it be sealed – defendant has not offered sufficient good cause to withdraw the document from the public record. Furthermore, the document is a list that does not seem to contain sensitive information.

While the court is sympathetic to defendant's plight, it does not remove publicly available documents from the public's view without a strong showing that sealing is necessary and proper. Defendant has identified no rule, statute, case or other authority requiring that the document it filed must be sealed or redacted. The court does not find defendant's request to be frivolous, however, and accordingly will deny the request without prejudice. Defendant may, if it wishes, renew its request if it can direct the court's attention to a statute, rule or other authority *requiring* the document to be sealed or redacted.

Plaintiff's request to seal is granted in relation to these motions only. Defendant's request to seal is denied.

## VI. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motions to Compel (ECF Nos. 35, 39), are GRANTED in part and DENIED in part as follows. All production will be conducted pursuant to the operative Protective Order (ECF No. 34).
2. Defendant's objection to the confidential designations is SUSTAINED.
3. Plaintiff's Motion to Compel is GRANTED as to Interrogatory No. 5 and RFP No. 1.
4. Plaintiff's Motion to Compel in regard to RFP No. 24 is GRANTED as to the declaration of Rex Kamphefner and otherwise DENIED.
5. Plaintiff's Motion to Compel is GRANTED as to Interrogatory Nos. 7-8 and RFP No. 25 insofar as defendant shall identify the OEM drawings that have come into

| | |
|---|---|
| 1 | its possession within 10 years prior to the filing of this lawsuit, identify the source |
| 2 | of each, and specify which are used in current applications. |

6. Plaintiff's Motion to Compel is GRANTED as to RFP Nos. 14-18, and as to RFP No. 21 as limited to communications related to the sales of MD 500 helicopter parts. The Motion to Compel is DENIED as to RFP Nos. 27, 29, and 31.

7. Plaintiff's Motion to Compel is GRANTED as to RFP Nos. 19, 26, 28, 30. Production in response to Nos. 26, 28, and 30 is limited to contracts and agreements related to OEM drawings currently in use.

8. Plaintiff's Motion to Compel is DENIED as to RFP Nos. 2-13.

9. Defendant's boilerplate privilege and statutory objections are OVERRULED without prejudice to their renewal in proper form.

10. Plaintiff's request to seal (ECF No. 40) is GRANTED in relation to these motions only.

11. Defendant's request to seal (ECF No. 49) is DENIED without prejudice.

DATED: May 15, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE