UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MD HELICOPTERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AEROMETALS, INC., <br><br> Defendant. | No. 2:16-cv-02249-TLN-AC <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S SPECIAL MOTION TO STRIKE** |

This matter is before the Court pursuant to Defendant Aerometals, Inc.'s ("Defendant") Motion to Dismiss Counts 4–7 and Special Motion to Strike Counts 5 and 6. (ECF No. 5.) Plaintiff MD Helicopters, Inc. ("Plaintiff") filed an opposition, (ECF No. 11), and Defendant filed a reply, (ECF No. 18). For the reasons set forth below, the Court DENIES Defendant's Motion to Dismiss and DENIES Defendant's Special Motion to Strike. (ECF No. 5.)

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 21, 2016, Plaintiff filed a complaint against Defendant for various causes of action resulting from the alleged misappropriation of Plaintiff's copyrighted material. (ECF No. 1.) Specifically, Plaintiff asserts the following causes of action against Defendant: (1) Direct Copyright Infringement; (2) Contributory Copyright Infringement; (3) Inducing Copyright Infringement; (4) Federal Unfair Competition; (5) California Statutory Unfair Competition; (6) California Common Law Unfair Competition; (7) Unjust Enrichment; and (8) Injunctive Relief. (ECF No. 1.)

Plaintiff's complaint alleges the following. Plaintiff manufactures helicopters for commercial, military, and law enforcement markets. (ECF No. 1 ¶ 8.) One of Plaintiff's most successful product lines is a family of helicopters based on the single engine MD 500 model. (ECF No. 1 ¶ 9.) This product line includes civilian and military helicopters, with the civilian line called the "MD 500 Series." (ECF No. 1 ¶¶ 9–10.) Plaintiff maintains the intellectual property rights in the Original Equipment Manufacturer ("OEM") drawings for the component parts of the MD 500 Series. (ECF No. 1 ¶ 14.) The OEM drawings include material specifications, dimensions, tolerances, production processes, performance data, and other information necessary to manufacture helicopters, as well as spare and replacement parts. (ECF No. 1 ¶ 18.)

On February 18, 1999, the Federal Aviation Administration ("FAA") approved Plaintiff's overall designs for the MD 500 Series civilian helicopters, including the OEM drawings, and issued Plaintiff a "Type Certificate." (ECF No. 1 ¶¶ 19, 21.) A Type Certificate is required only for civilian helicopters and signifies that the helicopter's design complies with all federal airworthiness requirements and certification standards. (ECF No. 1 ¶¶ 20, 22.) Once a Type Certificate is issued for a design, the design cannot be altered without subsequent FAA approval. (ECF No. 1 ¶ 20.) As a Type Certificate holder, the FAA requires Plaintiff to issue instructions for continued airworthiness for the MD 500 Series. (ECF No. 1 ¶ 23.) This is done through an FAA-approved maintenance program and the use of various FAA-approved technical publications. (ECF No. 1 ¶ 23.)

Plaintiff produces the following technical publications to support the continued airworthiness of the MD 500 series: The MDHI Basic Handbook of Maintenance Instructions; The MDHI Component Overhaul Manual; The MDHI Structural Repair Manual; and The MDHI Illustrated Parts Catalogue (collectively, "Technical Manuals"). (ECF No. 1 ¶ 24.) Plaintiff maintains intellectual property rights, including copyrights, in all of the Technical Manuals. (ECF No. 1 ¶ 25.) In 1999, after acquiring the intellectual property rights in the Technical Manuals, Plaintiff began placing a copyright notice on the Technical Manuals. (ECF No. 1 ¶ 27.) Plaintiff also began including the following proprietary rights notice and restricted use description in its Technical Manuals:

> PROPRIETARY RIGHTS NOTICE
> The technical data and information contained in this publication is the property of and proprietary to MD Helicopters, Inc. and is not to be disclosed or reproduced in whole or in part without the written consent of MD Helicopters, Inc.
> RESTRICTED USE
> MDHI provides this manual for use by owners, operators and maintainers of MDHI products and authorized parts. Use by STC or PMA applicants or holders as documentation to support their certificates is not an authorized use of this manual and is prohibited. MDHI takes no responsibility for customer's use of parts manufactured under an STC or PMA when this manual is used as documentation with the Federal Aviation Administration to justify the SCT or PMA. Use of unauthorized parts on MDHI products will void the MDHI warranty offered to the customer on components and may void the warranty on the helicopter.

(ECF No. 1 ¶ 27.)

Plaintiff granted the United States Government ("Government") a limited, non-exclusive license to use and reproduce Plaintiff's proprietary and copyrighted materials, including the OEM drawings, for the purpose of obtaining spare and replacement parts for the military versions of the MD 500 Series. (ECF No. 1 ¶ 15.) This means the Government is authorized to use Plaintiff's OEM drawings to obtain spare and replacement parts for its military helicopters from third-party suppliers. (ECF No. 1 ¶ 15.) Defendant is a Government contractor that produces spare and replacement parts for the military versions of the MD 500 Series helicopters. (ECF No. 1 ¶ 31.) As a Government contractor, Defendant has access to Plaintiff's OEM drawings for spare and replacement parts for the military versions of the MD 500 Series helicopters. (ECF No. 1 ¶ 32.)

However, Defendant may only use these drawings in accordance with the terms of its contract with the Government and subject to the limited, non-exclusive license Plaintiff granted to the Government. (ECF No. 1 ¶ 32.) Defendant is not permitted to use the OEM drawings to produce spare and replacement parts for the civilian MD 500 Series market. (ECF No. 1 ¶ 33.)

The OEM drawings used for the civilian MD 500 Series helicopters are often identical to the OEM drawings used for their military counterparts. (ECF No. 1 ¶ 34.) Thus, because the military and civilian versions of the MD 500 Series helicopters share numerous identical parts, Plaintiff placed a proprietary notice on many of its OEM drawings restricting the use of the drawings by parties other than the Government. (ECF No. 1 ¶ 35.) The notice reads as follows:

> MD HELICOPTERS, INC. PROPRIETARY.
> THIS MATERIAL IS ALSO LIMITED RIGHTS DATA OR RESTRICTED RIGHTS DATA IN ACCORDANCE WITH FAR SUBPART 27.4. OR LIMITED RIGHTS TECHNICAL DATA IN ACCORDANCE WITH DOD FAR SUPPLEMENT 227.7102-1(B)(2)RECIPIENT BY ACCEPTING THIS DOCUMENT AGREES THAT NEITHER THIS DOCUMENT NOR ANY PART THEREOF SHALL BE REPRODUCED OR TRANSFERRED TO OTHER DOCUMENTS OR USED BY RECIPIENT, OR DISCLOSED TO OTHERS, FOR MANUFACTURING (SUCH AS PMA AUTHORITY) OR ANY OTHER PURPOSE EXCEPT AS SPECIFICALLY AUTHORIZED IN WRITING BY MD HELICOPTERS, INC. ALL RIGHTS RESERVED BY MD HELICOPTERS, INC. UNDER UNITED STATES AND FOREIGN COPYRIGHT LAWS.

(ECF No. 1 ¶ 36.) This notice acknowledges the limited, non-exclusive license granted to the Government and reserves all other rights to Plaintiff. (ECF No. 1 ¶ 37.) Plaintiff has never granted Defendant a license, authorization, consent, or permission to use or exercise any of the exclusive rights in Plaintiff's OEM drawings or Technical Manuals. (ECF No. 1 ¶ 29.)

Without authorization and in contravention of the proprietary notice, Defendant used the OEM drawings to compete in the civilian market for MD 500 Series spare and replacement parts. (ECF No. 1 ¶ 38.) Specifically, Defendant removed Plaintiff's proprietary markings from Plaintiff's OEM drawings and replaced the markings with its own in order to obtain a Parts Manufacturer Approval ("PMA") from the FAA. (ECF No. 1 ¶¶ 39, 42–43.) A PMA is a combined design and production approval issued for replacement parts and is required to manufacture and sell replacement parts for helicopter designs that are Type Certified by the FAA,

such as the civilian MD 500 Series. (ECF No. 1 ¶ 40–41.) Through the improper use of Plaintiff's OEM drawings, Defendant infringed Plaintiff's intellectual property rights in order to fraudulently and unfairly obtain a PMA to manufacture and sell spare and replacement parts for the MD 500 Series civilian helicopters. (ECF No. 1 ¶ 42.) Defendant continues to update and make minor design changes to its PMA parts and submits these changes to the FAA to obtain updated approval. (ECF No. 1 ¶ 44.) Thus, Defendant is competing unfairly in the market for MD 500 Series civilian helicopters. (ECF No. 1 ¶ 47.)

Additionally, Defendant uses Plaintiff's OEM drawings and Technical Manuals in order to fraudulently and unfairly obtain an approval from the FAA known as a Supplemental Type Certificate ("STC"), which allows Defendant to manufacture and sell certain modified spare and replacement parts for MD 500 Series civilian helicopters. (ECF No. 1 ¶ 48.) Defendant contracted with Aircraft Manufacturing Company, LLC ("AMC") to prepare STC applications to modify MD 500 Series parts and to prepare Installation Instructions for the parts. (ECF No. 1 ¶ 49.) When preparing the STC applications, Defendant improperly, and in violation of Plaintiff's intellectual property rights, provided AMC copies of Plaintiff's OEM drawings and Technical Manuals, which were subsequently submitted to the FAA as Defendant's proprietary materials. (ECF No. 1 ¶ 49.)

Defendant continues to use, copy, display, distribute, publish, and create derivative works from Plaintiff's OEM drawings and Technical Manuals, without authorization from Plaintiff, to obtain PMA and STC approval from the FAA. (ECF No. 1 ¶ 51.) Defendant further infringes Plaintiff's copyrighted material by creating Installation Instructions and Instructions for Continued Airworthiness for these parts. (ECF No. 1 ¶ 51.) Defendant's Installation Instructions are derivative works prepared from Plaintiff's Technical Manuals and are provided to Defendant's customers on its website, in violation of Plaintiff's intellectual property rights. (ECF No. 1 ¶ 52.) Defendant has removed Plaintiff's name and proprietary notices from the infringing copies, and has engaged in passing off Plaintiff's work as originating from Defendant. (ECF No. 1 ¶ 53.) Defendant displays this infringing work under the AMC name, even though it was created by Plaintiff. (ECF No. 1 ¶ 53.) This is likely to cause confusion or mistake as to the

association between Plaintiff, Defendant, and AMC. (ECF No. 1 ¶ 53.) Defendant, through its infringing acts, has willfully, intentionally, and purposefully violated Plaintiff's proprietary rights, its copyright notice, and its restricted use notice in its Technical Manuals to unlawfully and unfairly compete in the civilian market for spare and replacement parts for the MD 500 Series helicopters. (ECF No. 1 ¶ 59.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. RingrosHee*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.  ANALYSIS**

Defendant moves to dismiss Plaintiff's fourth, fifth, sixth, and seventh causes of action. (ECF No. 5-1.) First, Defendant argues these causes of action are premised solely on copyright

infringement, and therefore, are preempted by the Copyright Act. (ECF No. 5-1 at 11–12.) Second, Defendant argues the Court should strike Plaintiff's state law unfair competition claims pursuant to California's anti-SLAPP statute, California Code of Civil Procedure § 425.16. (ECF No. 5-1 at 19.) The Court will address each of Defendant's arguments in turn.

### A. Preemption

Defendant argues that Plaintiff's fourth, fifth, sixth, and seventh causes of action are preempted by the Copyright Act. The Copyright Act specifically preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). The Ninth Circuit has adopted a two-part test to determine whether a state law claim is preempted by the Copyright Act. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006). First, the Court must "determine whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103." *Id.* Second, the Court "must determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Id.* at 1137–38. "The Supreme Court has extended [the] principle of copyright preemption to the Lanham Act and federal trademark protection." *Lions Gate Entm't Inc. v. TD Ameritrade Servs. Co.*, 170 F. Supp. 3d 1249, 1264 (C.D. Cal. 2016) (citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33–38 (2003)).

####   i. *Whether Plaintiff's Causes of Action Fall Within the Subject Matter of Copyright*

Defendant argues that Plaintiff's causes of action fall within the subject matter of copyright because the works described in the complaint are literary and pictorial works under 17 U.S.C. § 102(a). (ECF No. 5-1 at 12–13.) Plaintiff responds that its causes of action expressly include subject matter outside of the Copyright Act because Defendant not only misappropriated Plaintiff's drawings, but also misappropriated Plaintiff's "procedures and processes for manufacturing MD 500 helicopter parts." (ECF No. 11 at 4–5.) Plaintiff argues that Defendant's misappropriation of its procedures and processes falls outside the scope of the Copyright Act because copyright protection does not extend to procedures and processes. (ECF No. 11 at 4–5.)

Defendant does not address this argument in its reply brief. (*See* ECF No. 18.)

Plaintiff is correct that the Copyright Act does not protect procedures and processes. 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery regardless of the form in which it is described, explained, illustrated, or embodied in such work."). Rather, the Copyright Act protects only the expression of procedures and processes. *Bikram's Yoga Coll. of India, Ltd. P'ship v. Evolation Yoga, LLC*, 803 F.3d 1032, 1037–38 (9th Cir. 2015). Recognizing the "vital distinction between ideas and expression, courts have routinely held that the copyright for a work describing how to perform a process does not extend to the process itself." *Id.*

Although Plaintiff's opposition argues that Defendant unlawfully used the procedures and processes contained in Plaintiff's OEM drawings and therefore Plaintiff's causes of action fall outside the scope of copyright, Plaintiff's complaint contains no such allegations. Rather, Plaintiff alleges only that Defendant unlawfully misappropriated its OEM drawings and Technical Manuals. (ECF No. 1 ¶¶ 88, 89, 100, 101, 111, & 121.) "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). Therefore, the Court finds that Plaintiff's fourth, fifth, sixth, and seventh causes of action fall within the subject matter of the Copyright Act as they involve Plaintiff's OEM drawings and Technical Manuals, which may be classified as literary and pictorial works under 17 U.S.C. § 102(a).[1]

### ii. *Equivalency of State Law Rights*

To survive preemption, a state law claim must involve an "extra element" that makes the right asserted qualitatively different from the rights protected under the Copyright Act. *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005). Section 106 of the Copyright

---
[1] Even assuming arguendo that Plaintiff's complaint contained allegations that Defendant unlawfully used Plaintiff's procedures and processes, the protection of procedures and processes "is more properly sought through the patent process." *Bikram's Yoga*, 803 F.3d at 1040; s*ee G.S. Rasmussen & Assocs. v. Kalitta Flying Serv.*, 958 F.2d 896, 904 (9th Cir. 1992) ("[T]he instruments required to modify the plane in accordance with the STC, and the entire modification process, must be protected by patent law or not at all.").

Act outlines the exclusive rights of a copyright owner, including reproduction of the copyrighted work, preparation of derivative works, distribution of the work, and public performance and display of the work. 17 U.S.C. § 106(1)–(6). Defendant asserts that Plaintiff's fourth, fifth, sixth, and seventh causes of action do not involve an extra element such that the rights provided for under state law are qualitatively different from those provided under the Copyright Act. (ECF No. 5-1 at 14–19.) Plaintiff responds that its causes of action involve extra elements because the complaint contains allegations of private contract, reverse passing off with bodily appropriation, and implied passing off. (ECF No. 11 at 6–11.) Defendant contends Plaintiff has failed to plead any of these theories in its complaint, and therefore, Plaintiff seeks to improperly amend the complaint through its opposition. (ECF No. 18 at 4–9.)

The Court agrees with Defendant that Plaintiff's complaint does not contain allegations of private contract issues, reverse passing off, or implied passing off. Nonetheless, the Court finds that Plaintiff's complaint contains allegations beyond the scope of copyright. In *G.S. Rasmussen*, the Ninth Circuit addressed a question similar to the one the Court now faces. There, the defendant copied the plaintiff's supplemental flight manual and included a photocopy of the plaintiff's STC in its application to the FAA for an airworthiness certificate. *G.S. Rasmussen*, 958 F.2d at 900. The Ninth Circuit held that the plaintiff's state law claims for conversion and unjust enrichment were not preempted by the Copyright Act because the plaintiff did not allege "an exclusive right to copy the manual, the drawings and plans or the STC itself." *Id.* at 904. Instead, the plaintiff claimed "[t]he right to *use* the STC as a basis for obtaining an airworthiness certificate for an airplane that is modified in a particular way." *Id.* Thus, the Court found the plaintiff was not complaining "about the actual copying of the documents, but [rather] of their use as a shortcut in obtaining a valuable government privilege—the right to modify an airplane in a particular way without going to the trouble and expense of proving that the modification meets FAA standards." *Id.* The Ninth Circuit held that the plaintiff's state law claims were not preempted because using the plaintiff's documents "to obtain an airworthiness certificate from the FAA does not interfere in any way with the operation of the copyright laws." *Id.* Plaintiff raises the exact same issue contemplated in *G.S. Rasmussen*. Specifically, Plaintiff alleges that

Defendant improperly used Plaintiff's "OEM drawings to unfairly obtain authority and approval from the FAA, in the form of a PMA or an STC, to produce spare and replacement parts for the MD 500 Series." (ECF No. 1 ¶¶ 89, 101.) Therefore, the Court finds that Plaintiff's fourth, fifth, sixth, and seventh causes of action are not preempted by the Copyright Act.[2]

### B. Anti-SLAPP

Defendant argues that Plaintiff's state law unfair competition claims should be stricken pursuant to California's anti-SLAPP statute because "the claims arise from the fact that [Defendant] filed applications with the FAA," and thus are based on "petitioning activity." (ECF No. 5-1 at 19.) "California's anti-SLAPP statute allows a defendant to move to strike a plaintiff's complaint if it 'aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) (quoting Cal. Civ. Proc. Code § 425.16(b)(1)). "The California legislature has instructed that the statute should be 'construed broadly.'" *Id.* (quoting Cal. Civ. Proc. Code § 425.16(a)). Anti-SLAPP motions can be raised in federal court to target state law claims. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999). In determining a motion to strike under California's anti-SLAPP statute, courts must engage in a two-part inquiry. "First, a defendant 'must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech.'" *Vess*, 317 F.3d at 1110 (quoting *Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 63 F. Supp. 2d 1127, 1129 (N.D. Cal. 1999)). "Second, once the defendant has made a prima facie showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.'" *Id.* (quoting *Globetrotter Software*, 63 F. Supp. 2d at 1129). If "the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim," the court must deny the motion. Cal. Civ. Proc. Code § 425.16(b)(1).

///

---

[2] The Court makes no holding regarding whether Plaintiff has sufficiently stated all four causes of action because Defendant has not raised this argument.

11

*i.*     *Act in Furtherance of Defendant's Rights of Petition or Free Speech*

Defendant argues that filing FAA applications constitutes protected petitioning activity because they are communications made in the course of "official proceedings." (ECF No. 5-1 at 21.) Defendant provides two cases in support of its proposition. First, Defendant provides *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 596–97 (9th Cir. 2010), which held that the filing of a trademark application is a protected act under California's anti-SLAPP statute. Second, Defendant provides *Ray Charles Foundation v. Robinson*, 919 F. Supp. 2d 1054, 1061–65 (C.D. Cal. 2013), *rev'd on other grounds*, 795 F.3d 1109 (9th Cir. 2015), which held that the filing of a termination notice with the Copyright Office is a protected act under California's anti-SLAPP statute. Plaintiff responds that the filing of FAA applications involves commercial speech, and therefore, the activity at issue is specifically exempt from California's anti-SLAPP statute under § 425.17(c). Section 425.17(c) provides that causes of action arising from commercial speech are exempt from the anti-SLAPP law when:

> (1) the cause of action is against a person primarily engaged in the business of selling or leasing goods or services;
>
> (2) the cause of action arises from a statement or conduct by that person consisting of representations of fact about that person's or a business competitor's business operations, goods, or services;
>
> (3) the statement or conduct was made either for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services or in the course of delivering the person's goods or services; and
>
> (4) the intended audience is an actual or potential buyer or customer, or a person likely to repeat the statement to, or otherwise influence, an actual or potential buyer or customer, or the statement or conduct arose out of or within the context of a regulatory approval process, proceeding, or investigation.

*See* Cal. Civ. Proc. Code § 425.17(c); *Simpson Strong-Tie Co. v. Gore*, 49 Cal. 4th 12, 30 (2010) (setting out four-part test under Cal. Civ. Proc. Code § 425.17(c)).

Plaintiff argues that the § 425.17(c) exemption applies because (1) Defendant is engaged in the business of selling helicopter parts; (2) the claims arise from representations made by Defendant to the FAA about MD 500 helicopter parts, which are both Plaintiff's and Defendant's business goods; (3) the claims arise from the fact that Defendant filed applications with the FAA,

12

as is required by federal regulation in order to obtain legal authorization to manufacture replacement parts for installation and use in aircraft; and (4) Defendant's statements and conduct arose in the context of the FAA's approval process for the manufacture of MD 500 parts. (ECF No. 11 at 13.) Defendant offers no direct argument in response, but instead broadly states that "[t]he critical issue here is whether the statements at the heart of the claims here constitute 'representations of fact about that person's or a business competitor's business operations, goods and services, that is made for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services.'" (ECF No. 18 at 10 (quoting Cal. Civ. Proc. Code § 425.17(c)(1)).) Defendant then relies on the case law it provided in its opening brief, none of which discusses the § 425.17(c) commercial speech exemption.

Analyzing the four elements of the § 425.17(c) commercial speech exemption, the Court agrees with Plaintiff and finds they are satisfied. First, Defendant is engaged in the business of selling helicopter parts. Second, Plaintiff's unfair competition claims arise from representations made by Defendant in its STC and PMA applications about MD 500 helicopter parts, which are both Plaintiff's and Defendant's business goods. Third, STC and PMA applications are submitted to the FAA for obtaining approval to manufacture helicopter parts. Finally, Defendant's statements and conduct arose within the context of a regulatory approval process, namely, the FAA's approval process for the manufacture of MD 500 parts. Therefore, the Court finds that the commercial speech exemption applies and Plaintiff's unfair competition claims are exempted from California's anti-SLAPP statute.

*ii. Probability of Prevailing*

Even assuming arguendo that Plaintiff's unfair competition claims did not fall under the commercial speech exemption, the Court finds that Plaintiff has demonstrated a probability of prevailing on the challenged claims. "In the anti-SLAPP context, 'probability' is a low bar." *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1163 (9th Cir. 2011). The plaintiff can demonstrate a probability of prevailing on its claim by showing that "the complaint is both legally sufficient and supported by a sufficient *prima facie* showing of facts to sustain a favorable judgment." *Id.* (quoting *Manufactured Home Cmtys., Inc. v. Cty. of San Diego*, 655 F.3d 1171, 1176 (9th Cir.

2011)). Plaintiff argues that it has established facts demonstrating its unfair competition claims because Defendant has "misappropriated and used without authorization [Plaintiff's] OEM drawings and Technical Manuals to manufacture and sell spare and replacement parts for MD 500 Series helicopters." (ECF No. 11 at 18.) Defendant's sole argument in response is that Plaintiff cannot demonstrate a probability of prevailing because its unfair competition claims are preempted by the Copyright Act. (ECF No. 5-1 at 26; ECF No. 18 at 11.) However, as discussed above, the Court finds that Plaintiff's claims are not preempted by the Copyright Act. Thus, the Court finds that Plaintiff has satisfied the second prong of the anti-SLAPP inquiry. *See Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018) ("In defending against an anti-SLAPP motion, if the defendants have urged only insufficiency of pleadings, then the plaintiff can properly respond merely by showing sufficiency of pleadings . . . ."). Accordingly, the Court denies Defendant's motion to strike Plaintiff's state law unfair competition claims.

### iii. Fees and Costs Under Anti-SLAPP

Plaintiff seeks fees and costs for opposing Defendant's anti-SLAPP motion. (ECF No. 11 at 20.) A court shall award costs and reasonable attorney's fees to a plaintiff prevailing on a special motion to strike "[i]f the court finds that [the motion] is frivolous or is solely intended to cause unnecessary delay." Cal. Civ. Proc. Code § 425.16(c)(1). A motion is frivolous when it is "totally and completely without merit or for the sole purpose of harassing an opposing party." *Id.* § 128.5(b)(2); *see also Karwasky v. Zachay*, 146 Cal. App. 3d 679, 681 (1983) ("[A] motion is frivolous and in bad faith where . . . any reasonable attorney would agree such motion is totally devoid of merit.").

Plaintiff argues that Defendant's anti-SLAPP motion is frivolous for three reasons. First, Plaintiff argues that the speech at issue is commercial speech that is specifically exempt from California's anti-SLAPP statute by § 425.17(c). (ECF No. 11 at 20.) Second, Plaintiff argues that Defendant's statements made to the FAA are not protected speech under § 425.16 because they are illegal, false, and/or misleading statements. (ECF No. 11 at 20.) Third, Plaintiff argues that Defendant does not deny Plaintiff's allegations of wrongdoing and infringing activity. (ECF

14

No. 11 at 20.) In response, Defendant asserts its motion "clearly is not frivolous." (ECF No. 18 at 11 n.11.)

The Court finds that Defendant's motion is not frivolous. First, it was not unreasonable for Defendant to argue that filing an FAA application constitutes protected petitioning activity under California's anti-SLAPP statute, particularly in light of the case law provided by Defendant. Given that Plaintiff provided no case law, nor is the Court aware of any, explicitly holding that filing a PMA or an STC application with the FAA falls under the commercial speech exemption articulated in § 425.17(c), the Court cannot find that Defendant's motion is totally and completely without merit. Second, in order to establish that Defendant's statements are not protected speech under California's anti-SLAPP statute because they are illegal, Defendant must concede, or the evidence must conclusively establish, "that the assertedly protected speech or petition activity was illegal as a matter of law." *Flatley v. Mauro*, 39 Cal. 4th 299, 320 (2006); *see also City of Montebello v. Vasquez*, 1 Cal. 5th 409, 424 (2016) ("The defendant must concede the point, or the evidence conclusively demonstrate it, for a claim of illegality to defeat an anti-SLAPP motion at the first step."). Plaintiff has made no such showing. Finally, Defendant is not required to deny Plaintiff's allegations and Plaintiff provides no authority in support of such a proposition. Accordingly, the Court finds that Defendant's motion to strike is not frivolous and denies Plaintiff's motion for fees and costs for opposing Defendant's anti-SLAPP motion.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss and DENIES Defendant's Special Motion to Strike. (ECF No. 5.) The parties are hereby ordered to file a Joint Status Report within thirty (30) days of this Order.

Dated: November 28, 2018

Troy L. Nunley
United States District Judge