UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MD HELICOPTERS, INC., | No. 2:16-cv-02249 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| AEROMETALS, INC., | |
| Defendant. | |

This matter is before the court on separate motions regarding damages discovery brought by plaintiff and by defendant (ECF Nos. 120 and 121), a motion to compel by plaintiff (ECF No. 104), and a motion to quash by plaintiff (ECF No. 119). These discovery motions were referred to the undersigned pursuant to E.D. Cal. R. 302(c)(1). The parties attended a hearing on March 13, 2019 at 10:00 a.m. All motions are DENIED, and the court will temporarily stay discovery regarding damages.

**I.     Relevant Background**

A. <u>Procedural Background</u>

Plaintiff filed its original complaint on September 21, 2016. On October 24, 2016, defendant filed a motion to dismiss that is currently under submission before Judge Nunley. ECF No. 5. A protective order is in place to govern the confidentiality of certain materials to be exchanged during discovery. ECF Nos. 32, 34. Defendant filed an answer and counterclaims on December 14, 2018. ECF No. 96. Plaintiff filed a motion to amend its complaint on January 3,

2019. ECF No. 102. That motion is pending before the District Judge in this case. Because of the pending motion for leave to amend, no scheduling order has been issued and there are no pending discovery deadlines.

Plaintiff filed the instant motions to compel on January 18, 2019 and February 19, 2019. ECF Nos. 104, 120. Plaintiff filed the instant motion to quash on February 19, 2019. ECF No. 119. The Joint Statements for all three motions were filed on March 6, 2019. ECF Nos. 125, 126, 127 (respectively). Defendant filed a motion for a protective order regarding damages discovery on March 3, 2016. ECF No. 121. The hearing on that motion was advanced to be heard concurrently with the other filed discovery motions. ECF No. 129. Plaintiff also filed notices of requests to seal documents pursuant to Local Rule 141 in support of its motion to quash and motion to compel. ECF Nos. 115, 124. The requests were granted. ECF No. 128, 130. At the March 13, 2019 hearing, defense counsel indicated defendant's intent to file in the near future a motion to bifurcate the liability and damages portions of this case, at least as to discovery. Because bifurcation of discovery will necessarily impact the scheduling of dispositive motions and trial, it is a matter properly decided by the District Judge.

B. Factual Background

The court's prior order on plaintiff's motion for a protective order provides the relevant factual background:

> MD Helicopters manufactures helicopters for the civilian and U.S. military markets. It also makes replacement parts for its civilian helicopters. The U.S. is permitted to use MD Helicopters' intellectual property "to obtain spare and replacement parts for its military helicopters from third party suppliers." Complaint (ECF No. 1) at 5 ¶ 15. However, "[u]se of MDHI's proprietary and copyright protected [Original Equipment Manufacturer ("OEM")] drawings … may only be used by third party suppliers pursuant to the U.S. government license for the production of parts for the military Model 369 (OH-6A) helicopters and its derivatives, and not for the MD 500 Series civilian market."
>
> Defendant Aerometals "supplies aftermarket spare and replacement parts for the military and civilian versions of the MD 500 Series helicopters." Complaint at 8 ¶ 30. As such, it has access to MD Helicopters' intellectual property, but is permitted to use it only for making spare parts for military helicopters. According to the complaint, Aerometals used this information to compete unfairly against MD Helicopters in the market for civilian spare and

2

> replacement parts for helicopters. Plaintiff MD Helicopters sues for copyright infringement and for violations of federal and state unfair competition laws.

ECF No. 32 at 1-2.

## II. Motion

Four separate discovery motion are before the court. Plaintiff brings a motion to compel damages related discovery (ECF No. 120) and defendant brings a motion for protective order regarding damages related discovery (ECF No. 121). Plaintiff also brings a motion to compel production as to several document requests (ECF No. 104), and a motion to quash a third-party subpoena (ECF No. 119). Each motion is addressed below, with the two motions regarding damages discovery addressed together.

## III. Analysis/Summary of the Evidence

A. <u>Legal Standard for Motion to Compel</u>

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Federal Rules 33 and 34 provide that discovery requests must be responded to within 30 (or in some cases 45) days. <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992). In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Accordingly, a party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, <u>National Ass'n of Radiation Survivors v. Turnage</u>, 115 F.R.D. 543, 554– 56 (N.D. Cal. 1987), and, based on that inquiry, "[a] party responding to a Rule 34 production request...'is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control.'" <u>Gray v. Faulkner</u>, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (citation omitted).

B. <u>Motions re: Damages Discovery (ECF Nos. 120 and 121) are DENIED</u>

The issue of damages discovery presents, at this juncture, a case management challenge as

opposed to a substantive discovery dispute. Upon review of the docket and the parties' arguments, the undersigned finds that the most prudent course of action is to issue a temporary STAY of damages discovery, which will be automatically lifted upon the entry of a scheduling order in this case.

A temporary stay of damages related discovery is appropriate for several reasons. First, defendant represents that it intends to file a motion to bifurcate liability and damages discovery (ECF No. 126 at 7), and confirmed at hearing that this motion will be filed in the very near future. Such a motion must be directed to the District Judge, because it implicates the structure of the scheduling order that he will issue in due course. Second, the pendency of plaintiff's motion to amend (ECF No. 102) and motion to strike (ECF No. 103) demonstrate that the contours of this case (and thus the appropriate scope of damages discovery) is currently unsettled. Third, there is no scheduling order issued in force because of the pending substantive motions. Accordingly, resolution of the discovery motions regarding damages would be premature. How to proceed with such discovery is a determination best made when it is clear what claims, counter-claims and defenses frame the matters at issue in this case. The complete absence of a discovery cutoff date means that neither party will be prejudiced by a temporary stay of damages related discovery.

At hearing, there was discussion of a time-based temporary stay. A time-based temporary stay is not appropriate here, because the need for a stay is based on the open issues as to the scope of the case and the case schedule. The undersigned therefore orders a temporary stay of damages related discovery until the entry of a scheduling order in this case, at which point the stay will automatically lift. In light of this ruling, both plaintiff and defendant's motions (ECF Nos. 120 and 121) are DENIED as MOOT.

C. Plaintiff's Motion to Compel Production (ECF No. 104) is DENIED

Plaintiff seeks to compel production regarding several requests for production. ECF No. 125. The court finds that each request is either moot, premature, or lacking merit, and thus DENIES the motion. Each category of documents sought is addressed independently below.

1. Aerometals' List of Electronic Copies of MDHI's OEM Drawings

Plaintiff contends that defendant must produce its list of OEM drawings which have been

scanned on Aerometals' server. ECF No. 125 at 3.  Plaintiff maintains that Aerometals has previously provided false representations that it did not maintain such a list and could not produce drawings because they were on fragile, original paper.  Id. at 3-4.  Plaintiff maintains that it needs the electronically stored versions of the drawings to ascertain the version stored by Aerojet, to see what proprietary markings may be on them, and to understand where the drawings may have come from.  Id. at 5.  Plaintiff further argues that sanctions should be levied against defendant for providing false information in relation to the existence of these electronically stored documents. Id.

Aerometals counters that the allegation of misrepresentation is baseless because no false testimony was provided: the list at issue is not a central list of all OEM drawings in its possession, but a partial and incomplete list generated over ten years ago that does not appear to pertain to drawings in Aerometals' possession.  ECF No. 125 at 6.  Further, defendant argues that theis issue arose in the context of plaintiff's motion to compel information regarding the source of the drawings, and characterizing the issue as simply a demand for a list of drawings is inaccurate, especially in light of the fact that the list does not include information regarding the source of the drawings.  Id.  Defendant argues there is no reason to order it to produce electronic copies of the drawings on the partial list because it has already produced all of the packages it provided to the FAA including all copies of any OEM drawings included in those packages.  Id. at 7.  Because the issue in this case is defendant's purported use of the drawings and defendant has produced all of the documents it purportedly used, there is nothing further to compel that would not be duplicative.  Id.  Further, insofar as plaintiff asks the court to identify the drawings in the partial list that have been submitted to the FAA, plaintiff is equally able to identify which documents contained on the partial list have been submitted.  Id.  To the extent plaintiff asks the court to order defendant to identify the source for each drawing on the partial list, the court already ruled on an analogous request by limiting identification duties to drawings that have come into its possession to 10 years prior to the filing of this lawsuit.  Id., ECF No. 63 at 12.

In sum, the court finds defendant's argument on this matter persuasive.  At issue in this case is defendant's use of the OEM drawings, which plaintiff has in its possession as part of the

FAA packages. It is not at all clear that there was malfeasance regarding defendant's representations as to the exitance of the partial list, and sanctions are not warranted. Plaintiff is capable of comparing the partial list to the FAA packages to determine which documents on the partial list were submitted to the FAA. As to source identification, the court maintains its previous limitation: defendant's duty to identify OEM drawing sources is limited to documents that came into its possession within 10 years prior to the filing of this lawsuit. ECF No. 63 at 12. Plaintiff's motion on this point is DENIED.

### 2. Production of PMA and STC Applications to FAA

Plaintiff contends that Aerometals failed to comply with the Court's May 15, 2017 order to produce its PMA and STC submissions to the FAA. ECF No. 125 at 8, ECF No. 63 at 10. Aerometals contends that it did complete production as of January 31, 2019. ECF No. 129 at 10. In light of the fact that defendant has completed the production at issue, this matter is moot and the motion on this point must be denied. There are no discovery deadlines pending in this case and plaintiff cannot show any prejudice based on the length of time taken for production. This is particularly so in light of the complex docket in this case, which demonstrates that despite the fact that the case was filed in September of 2016 (ECF No. 1), the basic structure of this action is still very much in flux. For example, defendant's Answer and Counterclaim was not filed until December 14, 2019 (ECF No. 96), and plaintiff filed a motion for leave to amend its complaint on January 3, 2019 (ECF No. 102) and a motion to strike defendant's counterclaim on January 4, 2019 (ECF No. 103). The motion to amend and motion to strike are still under submission before the District Judge. There is no discovery deadline in place. Because defendant has made the production at issue and there is no harm from any delay, plaintiff's motion on this point must be denied.

### 3. Request to Compel Confidentiality Designation

Plaintiff alleges that it has discovered its own trade secret materials in defendant's document production, and that defendant has refused to comply with plaintiff's request to designate these materials as Highly Confidential under Sections 6.2 and 6.3 of the Protective Order entered in this case. ECF No. 125 at 12. Defendant argues, among other things, that

plaintiff's position reflects a fundamental misunderstanding of the Protective Order, which permits a receiving party to challenge "a designation of confidentiality" made by the designating party with respect to documents produced by the designating party in discovery. Id. at 15.

Defendant is clearly correct on this point. The protective order in this case, ECF No. 33, contains a procedure for challenging a designation of confidentiality; there is no process for challenging a party's decision not to designate documents in their own production as confidential. ECF No. 33 at 7. The protective order itself contains no process to force a producing party to make a confidentiality designation on its own production; indeed, such a procedure would be highly unusual. The court agrees with defendant's position that plaintiff appears to be attempting to use the discovery process as a back door to injunctive relief by forcing restrictions on documents that defendant had in its possession and was using without restriction before this litigation began. The court will not allow defendant to accomplish through discovery would it could not accomplish by seeking injunctive relief. Defendant has not violated the protective order and the motion to compel on this point must be denied.

### 4. Document Production Requests

Plaintiff moves to compel further production as to several document requests, including: (1) Request for Production of Documents Set 2, RFP No. 12; and (2) Request for Production of Documents Set 3, RFP Nos. 2, 3, 45, 6, 7, 8 and 9. Defendant's position with respect to each of these requests, with the exception of Set 3, RFP 2, is the same: the process of production is ongoing, and a supplemental document production was to take place on March 8, 2019. ECF No. 125 at 17-25. The production as to Set 3, RFP 2 was completed as of February 27, 2019. Id. at 18. At hearing, defense counsel confirmed that the productions described above have been made. The motion on these points is moot.

### D. Plaintiff's Motion to Quash Third Party Subpoena (ECF No. 119) is DENIED

Plaintiff seeks to quash a Rule 45 subpoena issued by defendant to non-party The Boeing Company ("Boeing"), which would require Boeing to produce certain documents related to arbitration proceedings between plaintiff and Boeing arising from an Asset Acquisition Agreement ("AAA") and Cross License. ECF Nos. 119, 127 at 2. The dispute between Boeing

and plaintiff, which is ongoing in parallel arbitration and federal litigation, addresses ownership of intellectual property regarding parts for use in military aircraft, but which defendant asserts are common to products involved in the litigation at bar. ECF No. 127 at 14. Plaintiff asserts that the litigation with Boeing is solely related to military helicopters and is entirely irrelevant to the litigation at bar. ECF No. 127 at 10. Plaintiff argues that the subpoena should be quashed because (1) it invades attorney work-product doctrine; (2) some documents at issue have already been produced by plaintiff or could be obtained from plaintiff; (3) the documents are not relevant; and (4) the subpoena seeks plaintiff's confidential information. ECF No. 127 at 4.

1. Legal Standard for Motion to Quash

A nonparty may be compelled to produce documents and tangible things via a Rule 45 subpoena. Fed. R. Civ. P. 34(c). Rule 45 permits a party to issue a "subpoena commanding the person to whom it is directed to attend and give testimony or to produce and permit inspection of designated records or things." Fed. R. Civ. P. 45(a)(1)(C). The recipient may object to a subpoena, or move to quash or modify it. Fed. R. Civ. P. 45(c)(2), 45(c)(3). "The district court has wide discretion in controlling discovery" and "will not be overturned unless there is a clear abuse of discretion." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988). "[T]he court that issued the subpoena ... can entertain a motion to quash or modify a subpoena." S.E.C. v. CMKM Diamonds, Inc., 656 F.3d 829, 832 (9th Cir.2011). The issuing court must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts *643 business in person-except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A). Additionally, the issuing court may quash or modify a subpoena if it requires:

8

>  (i) disclosing a trade secret or other confidential research, development, or commercial information;
>
>  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
>
>  (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Fed. R. Civ. P. 45(c)(3)(B).

### 1. Plaintiff's Standing Is Limited

The Ninth Circuit has "yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed non-party may move to quash. The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought". California Sportfishing Prot. All. v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997)). Under this general rule, plaintiff lacks standing to object to the subpoena on grounds of relevance or undue burden. A party cannot seek to quash a Rule 45 subpoena except to the extent that it has "a personal right or privilege in the information sought to be disclosed." Freed v. Home Depot U.S.A., Inc., No. 18CV359-BAS (LL), 2019 WL 582346, at *2 (S.D. Cal. Feb. 13, 2019) (quoting Chevron Corp. v. Donziger, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013)). Here plaintiff argues that the subpoena seeks irrelevant documents and requires Boeing to produce materials that are available from parties to the litigation. These are objections that Boeing is free to raise, but they do not implicate any right or privilege belonging to plaintiff.

The only ground for the motion that plaintiff has standing to pursue is the work product argument, to which the court now turns. The motion is denied for lack of standing as to all other asserted grounds.

### 2. Attorney Work Product is Waived

"The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." In re Grand Jury Subpoena (Mark Torf/Torf Environmental

Management), 357 F.3d 900, 906 (9th Cir. 2004). Such documents may only be ordered produced upon an adverse party's demonstration of "substantial need [for] the materials" and "undue hardship [in obtaining] the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3). In order to come within the work-product protection created by Rule 26(b)(3), the material must be (1) "documents and tangible things" (2) "prepared in anticipation of litigation or for trial" (3) "by or for another party or by or for that other party's representative."

"The work product doctrine affords a qualified protection from discovery for all trial preparation materials prepared "in anticipation of litigation." Hickman v. Taylor, 329 U.S. 495 (1947); Fed. R. Civ. P. 26(b)(3). "[B]ecause the work product doctrine is intended only to guard against the divulging of attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within the work product." Garcia v. City of El Centro, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (citations omitted). "Only when a party seeking discovery attempts to ascertain facts, 'which inherently reveal the attorney's mental impression,' does the work product protection extend to the underlying facts." Id.

When a party withholds information otherwise discoverable by claiming that the information is protected by the work product doctrine, the party must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). "An existing privilege exemption from discovery must be raised in a proper fashion to be effective in justifying a refusal to provide discovery. Failure to assert the privilege objection correctly can mean that the privilege is waived." 8 Fed. Prac. & Proc. Civ. § 2016.1 (3d ed.). The party asserting the protection has the burden of proving its application. California Sportfishing Prot. All., 299 F.R.D. at 644.

In this case, any attorney work product protection has been waived. Although work-product protection is not automatically waived by production to third parties, "[i]f a document otherwise protected by work-product immunity is disclosed to others with an actual intention, or reasonable probability, that an opposing party may see the document, the party who made the

10

disclosure cannot subsequently claim work-product immunity." California Sportfishing Prot. All., 299 F.R.D. at 645 (citing In re Imperial Corp. of Am., 167 F.R.D. 447, 456 (S.D. Cal. 1995) aff'd, 92 F.3d 1503 (9th Cir. 1996)). Here, the documents at issue have been disclosed by plaintiff to an opposing party in separate litigation; there is no question that "an opposing party" has seen the document, and plaintiff cannot now claim the documents remain protected by work product.

Plaintiff's argument that the documents were disclosed in the context of a private arbitration, and thus with the understanding that they would not be disclosed to the outside world, is a red herring. Plaintiff cites no caselaw that supports this argument. Plaintiff's citation to United States v. Deloitte LLP, 610 F.3d 129, 134 (D.C. Cir. 2010) is inapposite because in that case, though disclosure was made to a third party, work product was not waived because the disclosure was not made to a potential adversary. Here, disclosure was made to an *actual adversary in the context of litigation*. The same problem exists with defendant's citation to Sugar Hill Music v. CBS Interactive Inc., No. CV 11-9437 DSF(JCX), 2014 WL 12586744, at *8 (C.D. Cal. Sept. 5, 2014), which states that "the voluntary disclosure of work product to a third party does not waive the work product protection *unless such disclosure enables an adversary to gain access to the information.*" (emphasis added). Another case cited by plaintiff further supports a finding of waiver: in United States v. All Assets Held at Bank Julius Baer & Co., Ltd., the court stated that "if the party has engaged in self-interested selective disclosure by revealing work product to some adversaries but not others, this militates in favor of finding waiver." 315 F.R.D. 103, 110 (D.D.C. 2016) (internal citation omitted). Here plaintiff voluntarily disclosed allegedly work-product materials to an actual adversary in the context of litigation, and now seeks to invoke work product protection against a different adversary in separate litigation. This selective disclosure "militates in favor of finding waiver." Id.

The work product doctrine is not concerned with the general secrecy of documents; it exists specifically to protect attorney work product prepared in anticipation of litigation from falling into the hands of an opposing party. These allegedly work-product documents have already been disclosed to an opposing party in the context of litigation; any applicable work-

11

product protection is waived.

### 3. The Standing Protective Order Resolves Confidentiality Concerns

Plaintiff asserts that the subpoena to Boeing must be quashed because of the sensitive nature of the documents at issue, which were disclosed with the understanding of confidentiality in the context of private arbitration. ECF No. 127 at 10. The cursory argument made by plaintiff on this point betrays its futility. As discussed above, there is a standing protective order in this case that already addresses confidentiality concerns such as the one raised here. ECF No. 33 and 34. Plaintiff's argument on this point is rejected.

## IV. Conclusion

The court hereby ORDERS as follows:

1. Plaintiff's motion to compel (ECF No. 104) is DENIED in its entirety;
2. Plaintiff's motion to quash (ECF No. 119) is DENIED;
3. Damages related discovery is temporarily STAYED. The stay will lift automatically upon the entry of a scheduling order by the District Judge in this case following resolution of pending motions;
4. Plaintiff's motion to compel damages discovery (ECF No. 120) and defendant's motion for a protective order as to damages discovery (EFR No. 121) are each DENIED without prejudice as MOOT.

IT IS SO ORDERD.

DATED: March 15, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

12