UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MD HELICOPTERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AEROMETALS, INC., <br><br> Defendant. | No. 2:16-cv-02249 TLN AC <br><br><br> ORDER |

This matter is before the court on plaintiff's motion to compel discovery. ECF No. 136. This motion was taken under submission without oral argument pursuant to E.D. Cal. R. 230(g). See ECF No. 160. Upon review of the record and the parties' joint statement, the motion will be DENIED for the following reasons.

**I.     Relevant Background**

A. Procedural Background

Plaintiff filed its original complaint on September 21, 2016. ECF No. 1. A protective order is in place to govern the confidentiality of certain materials to be exchanged during discovery. ECF Nos. 32, 34. Defendant filed an answer and counterclaims on December 14, 2018. ECF No. 96. Plaintiff filed a motion to amend its complaint on January 3, 2019. ECF No. 102. That motion is pending before the District Judge in this case. Because of the pending motion for leave to amend, no scheduling order has been issued and there are no pending

discovery deadlines.

On December 14, 2018, plaintiff served 111 requests for admissions ("RFAs"), the responses to which are the subject of the present motion. ECF No. 153 (Joint Statement) at 3, 13. The RFAs seek admissions concerning documents that defendant has previously produced. Plaintiff granted defendant an extension to respond, and on February 13, 2019, defendant served its responses. Id. The parties met and conferred regarding the alleged deficiencies in the responses, and plaintiff filed the instant motion to compel on April 1, 2019. ECF No. 136. The Joint Statement was filed on May 8, 2019 along with supporting exhibits (ECF Nos. 153, 153.1), six of which have been filed under seal with the court's permission (ECF Nos. 157, 158.1). The Joint Statement reproduces nine examples of the RFAs and responses, with the complete version attached (ECF No. 153.1 at 5-63).

B. Factual Background

The court's prior order on plaintiff's motion for a protective order provides the relevant factual background:

> MD Helicopters manufactures helicopters for the civilian and U.S. military markets. It also makes replacement parts for its civilian helicopters. The U.S. is permitted to use MD Helicopters' intellectual property "to obtain spare and replacement parts for its military helicopters from third party suppliers." Complaint (ECF No. 1) at 5 ¶ 15. However, "[u]se of MDHI's proprietary and copyright protected [Original Equipment Manufacturer ("OEM")] drawings … may only be used by third party suppliers pursuant to the U.S. government license for the production of parts for the military Model 369 (OH-6A) helicopters and its derivatives, and not for the MD 500 Series civilian market."
>
> Defendant Aerometals "supplies aftermarket spare and replacement parts for the military and civilian versions of the MD 500 Series helicopters." Complaint at 8 ¶ 30. As such, it has access to MD Helicopters' intellectual property, but is permitted to use it only for making spare parts for military helicopters. According to the complaint, Aerometals used this information to compete unfairly against MD Helicopters in the market for civilian spare and replacement parts for helicopters. Plaintiff MD Helicopters sues for copyright infringement and for violations of federal and state unfair competition laws.

ECF No. 32 at 1-2. As relevant to the present motion, plaintiff's complaint alleges that "Aerometals used MDHI's OEM drawings to compete unfairly in the civilian market for MD 500

2

Series spare and replacement parts." ECF No. 1 at 9-10 ¶ 38. Further, it alleges that Aerometals improperly "used plaintiff's OEM drawings" in order to fraudulently and unfairly obtain a Parts Manufacturer Approval ("PMA") from the Federal Aviation Administration ("FAA") to manufacture and sell spare and replacement parts for the civilian versions of the MD 500 Series helicopters. Id. at 10 ¶ 42.

In December 2018, defendant filed an answer asserting the following as part of its affirmative defenses and counterclaims. ECF No. 96.

> Defendant's PMA and STC applications have included OEM Drawings and Technical Manuals as reference materials for the FAA's convenience and to facilitate the review process. Defendant's use of these materials in PMA applications is consistent with and explicitly sanctioned by FAA regulations and directives.

Id. at 14 ¶ 25.

> Defendant's applications to the FAA consist of numerous reports that describe the substantial independent research, analysis and testing that Defendant conducts to demonstrate that it can manufacture its part to meet FAA standards. In those reports, Defendant has used relevant excerpts from the alleged copyrighted materials to support the FAA's review. The alleged copyrighted materials are clearly attributed to the OEM in Defendant's applications.

Id. at 14 ¶ 27.

> FAA AC 21.303-4, Application for Parts Manufacturer Approval Via Test and Computations or Identicality, provides guidance on how to obtain PMA approval. Paragraph 11(b) of AC 21.303-4 directs the applicant to "identify the corresponding article [i.e., the OEM part] from the type design by a descriptive name and part number." To support the FAA's review of the proposed PMA part and its eligibility for installation on the OEM aircraft, the applicant is encouraged to use "an IPC [Illustrated Parts Catalog] along with other data like drawings, purchase orders, service bulletins, maintenance manuals, technical publications indexes, or master drawing lists from holders of design and production approvals." AC 21.303-4(b).

Id. at 23 ¶ 89.

> The FAA also approves replacement parts using Supplemental Type Certificates ("STC") pursuant to 14 C.F.R. 21, Subpart E, Advisory Circular AC 21-40A and FAA Order 8110.4C. The FAA uses the STC process to approve replacement parts that have some sort of alteration that qualifies as a "major change" to the original part. The FAA uses a similar process to approve STCs as it does for PMAs.

> In evaluating PMA and STC applications, the FAA compares these applications to the original reports, specifications, and drawings for the type certificate part. The FAA refers to these descriptive and supporting documents as the "type design." 14 C.F.R. § 21.31. The type design holder must make these documents available to the FAA for review at the FAA's request pursuant to 14 C.F.R. § 21.49. The type design includes all relevant documents for the particular aircraft and part or subpart being considered by the FAA. 14 C.F.R. §§ 21.31, 21.41. This includes data that would allow the FAA to compare the type design to potential replacement parts to determine whether those parts meet the standards in the type design. 14 C.F.R. § 21.31(e).
>
> The vast majority of Aerometals' PMA applications are on the basis of Test and Computations, which requires Aerometals to engage in a months-long process of testing and compiling reports to submit to the FAA, and then revising those tests and reports to meet the FAA's standards. The FAA then compares those application packages to the data and specifications for the original part to determine whether to grant Aerometals a PMA. As a general practice, the FAA requests that applicants provide copies of the original type design documents to make the comparison process easier for FAA engineers. Aerometals received its first PMA approval in 1998, and has received over 240 PMAs since that date.

Id. at 28-29 ¶¶ 22-24.

## II. Motion

Plaintiff brings this motion to compel full responses to its RFAs, and for discovery sanctions. ECF No. 136. Specifically, plaintiff contends that (1) defendant's "general objections" to the RFAs do not comply with federal discovery rules, (2) defendant's individual responses fail to address the subject matter of the requests, and (3) defendant's objections to the undefined nature of the words "used," "included," "to develop," and "aid in developing" are improper. ECF No. 153 at 4, 9-12. With regard to the vagueness objections, plaintiff argues that defendant's use of the same terms in its own communications demonstrates that the terms are not vague or ambiguous. Plaintiff has filed under seal six documents produced by defendants, containing these terms. ECF No. 158.1.

Defendant argues that the RFAs at issue improperly seek to obtain legal admissions, rather than resolve factual disputes. ECF No. 153 at 13. Further, the terms at issue are ambiguous in the context of this lawsuit, and that ambiguity goes to the heart of the claims in this case. Id. at 13-15.

**III.     Analysis/Summary of the Evidence**

A. Legal Standard for Requests for Admissions

Under the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." See Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 36(a) allows a party to serve a written request seeking to have another party admit the truth of any matters within the scope of Rule 26(b)(1) relating to "facts, the application of law to fact, or opinions about either." The purpose of requests for admission is to narrow the issues for trial by identifying and eliminating those matters on which the parties agree. Safeco of Am. v. Rawstron, 181 F.R.D. 441, 443 (C. D. Cal. 1998). Rule 36(a) is designed to "expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981). The response to a request for admission must consist of one of the following: an admission, a denial, or a statement explaining why a party is unable to admit or deny the request. "[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4).

If a party contends that the response to the request for admission does not comply with Rule 36(a), then the party may "move to determine the sufficiency of an answer or objection." Fed. R .Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served." Id. If the court finds that an answer does not comply with Rule 36, "the court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed." Asea, 669 F.2d at 1247. However, "this determination, like most involved in the oversight of discovery, is left to the sound discretion of the district judge." Id.

"[A] party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation." U.S. ex rel. Englund v. Los Angeles Cty., 235 F.R.D. 675, 684 (E.D. Cal. 2006).

///

///

5

> Finally, it is not ground for objection that the request is "ambiguous" unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." Failure to do so may result in sanctions.

Englund, 235 F.R.D. at 685.

### B. Defendant's General Boilerplate Objections Are Overruled

"Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." Walker v. Lakewood Condo. Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999). See, e.g., Anderson v. Hansen, No. 09-cv-01924-LJO, 2012 WL 4049979, at *8 (E. D. Cal. Sept. 13, 2012) (overruling the defendant's boilerplate objections to requests for admissions in their entirety because "boilerplate objections do not suffice" and because objections must be clarified, explained, and supported).

All of defendant's responses to plaintiff's RFPs are made "subject to" an introductory section entitled "General Objections." ECF No. 153.1 at 6-7. Defendant's General Objections are boilerplate, non-specific, and unsupported objections based on, for instance, proportionality, calling for legal conclusions, attorney-client privilege "or any other privilege or exclusionary doctrine." Id. The court agrees with plaintiff that these objections are improper and must be stricken. See Springer v. Gen. Atomics Aeronautical Sys. Inc., No. 16-CV-2331-BTM(KSC), 2018 WL 490745, at *5 (S.D. Cal. Jan. 18, 2018) (overruling party's general objections to requests and striking "General Objections" section of discovery responses). Defendant's general objections are all overruled.

### C. Defendant's Individual Vagueness Objections Are Sustained in Part

Likely due to the volume of RFPs at issue in this motion, the parties' joint statement does not fully comply with Local Rule 251(c) because it fails to reproduce in full each specific request objected to and the objection thereto. Nevertheless, because the issues are common to virtually all of the RFPs, the court sets out the general contours of the requests and defendant's objections.

RFP Numbers 5–111 all request an admission that defendant either "used" or "included" certain documents or portions thereof in its applications to the FAA. In response to each of these requests, defendant objects to those terms as "vague and ambiguous," but proceeds to admit that it

either "has attached" or "refers to" the materials in its application. ECF No. 153.1 at 8-63. As to three of the requests within that set—RFP Numbers 5, 8, and 11—defendant additionally objects to the terms "aid in developing" or "to develop" as vague and ambiguous. Id. at 8, 10, 12.

While the terms at issue have generally accepted common definitions, the court will sustain defendant's objections to the RFPs as vague in the context of this case. This copyright infringement case turns on the nature of defendant's "use" of the intellectual property at issue. Defendant should not be compelled to respond to a question that leaves it vulnerable to the argument that it has admitted a type of usage that would prove its liability, when in fact it may have only been admitting that it "used" the documents in a more limited reference sense. Moreover, for each RFP, defendant has provided a substantive response. Although the better course would have been to stipulate to a narrower definition of the term "used," the court finds that the factual admissions defendant did provide in its responses were adequate. To the extent plaintiff sought to establish whether certain documents were referenced or attached to certain of defendant's applications, that factual question has been resolved or narrowed. Although the term "included" strikes the court as less fraught, on balance, it finds that the same analysis applies, and sustains defendant's vagueness objections to that term as well.

The court overrules the three objections to "aid in developing" and "to develop" because these terms have an obvious meaning unlikely to prejudice defendant's claims or defenses. However, because the prior objections have been sustained with regard to the same three RFPs covered by these objections, no further production is warranted.

On review, the court finds that defendant's qualified answers were appropriate given the language of the requests in the context of this litigation. Thus, the motion to compel further responses to the RFPs is denied.

  D. <u>No Sanctions Warranted</u>

Because defendant's objections were largely justified, and its responses to the individual RFPs were adequate, the court will not order sanctions.

////

////

**IV. Conclusion**

The court hereby ORDERS that:

1. The non-specific, boilerplate objections in the "General Objections" section of Aerometals' response to request for admissions (set one) are OVERRULED and STRICKEN for failure to comply with the specificity requirements in the Federal Rules; and

2. Plaintiff's motion to compel and for discovery sanctions (ECF No. 136) is otherwise DENIED.

IT IS SO ORDERED.

DATED: May 14, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE