1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   MD HELICOPTERS, INC.,                    No. 2:16-cv-02249-TLN-AC

12              Plaintiff,

13       v.                                   **ORDER**

14   AEROMETALS, INC.,

15              Defendant.

16

17          This matter is before the Court on Defendant Aerometals, Inc.'s ("Defendant") Motion for

18   Judgment on the Pleadings, or, in the Alternative, a Stay of all Proceedings.  (ECF No. 143.)

19   Plaintiff MD Helicopters, Inc. ("Plaintiff") has filed an opposition (ECF No. 147), and Defendant

20   has filed a reply (ECF No. 156.)  For the reasons set forth herein, Defendant's Motion is

21   DENIED.  (ECF No. 143.)

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

2    Plaintiff is a helicopter manufacturer seeking damages and injunctive relief based on

3    Defendant's alleged copyright infringement of certain helicopter parts.  One of Plaintiff's most

4    successful product lines is a family of helicopters based on the single engine MD 500 model,

5    which includes civilian and military helicopters.  (ECF No. 1 at ¶ 9.)  The civilian line is called

6    the "MD 500 Series."  (*Id.* at ¶ 10.)  Plaintiff alleges Defendant used its Original Equipment

7    Manufacturer drawings, in which Plaintiff claims intellectual property rights, to compete in the

8    civilian market for MD 500 Series spare and replacement parts.[1]  (*Id.* at ¶ 38.)

9    On April 18, 2019, Defendant filed the instant Motion for Judgment on the Pleadings, or

10   in the alternative, a Stay of all Proceedings based on an ongoing arbitration between Plaintiff and

11   a third party, The Boeing Company ("Boeing").  (ECF No. 143.)  Defendant argues the Court

12   should dismiss the action because Plaintiff failed to join Boeing as a necessary party under

13   Federal Rule of Civil Procedure ("Rule") 19.  (*See* ECF No. 143-1.)  Plaintiff filed an opposition

14   on May 5, 2019 (ECF No. 147), and Defendant filed a reply on May 9, 2019 (ECF No. 156).

15   **II.    STANDARD OF LAW**

16   Rule 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial

17   — a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The issue presented

18   by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion — whether the

19   factual allegations of the complaint, together with all reasonable inferences, state a plausible

20   claim for relief.  *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 (9th Cir.

21   2011).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

22   court to draw the reasonable inference that the defendant is liable for the misconduct

23   alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

24   U.S. 544, 556 (2007)).

25   ///

26

---

27   [1]    The Court need not recount all background facts of the instant case here, as they are set
forth fully in the Court's November 30, 2018 Order denying Defendant's Motion to Dismiss and

28   Special Motion to Strike.  (ECF No. 95.)

2

1    Rule 12(h)(2) provides failure to join a person required by Rule 19(b) may be raised "by a

2    motion under Rule 12(c)."  Fed. R. Civ. P. 12(h)(2).  "Rule 19 . . . sets forth considerations to

3    guide a district court's determination whether a particular party should be joined in a suit if

4    possible, referred to as a 'necessary party,' and, if so, whether, if the party cannot be joined, the

5    suit should be dismissed because the absent party is 'indispensable.'"  *Disabled Rights Action*

6    *Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 878 (9th Cir. 2004) (citations omitted).  A party

7    is "necessary" under Rule 19 "if complete relief cannot be granted in its absence" or if "the absent

8    party's participation is necessary to protect its legally cognizable interests or to protect other

9    parties from a substantial risk of incurring multiple or inconsistent obligations because of those

10   interests."  *Id.* at 879–80 (citing Fed. R. Civ. P. 19(a)).  The burden of proving that joinder is

11   necessary is ultimately on the moving party.  *Bekins v. Zhelznyak*, Case No. 2:15-cv-04478-

12   CAS(ASx), 2016 WL 126729, at *2 (C.D. Cal. Jan. 11, 2016) (citing *Makah Indian Tribe v.*

13   *Verity*, 910 F.2d 555, 558 (9th Cir. 1990)).  If the district court "determines that a party should be

14   joined, [it] must determine whether joinder is feasible."  *Id.* (citing Fed. R. Civ. P. 19(a)–(b)).

15   If joinder of a necessary party is infeasible, Rule 19(b) provides the district court with a

16   list of factors to decide whether "in equity and good conscience," the action should be dismissed

17   because the party is indispensable: "(1) the extent to which a judgment rendered in the person's

18   absence might prejudice that person or the existing parties; (2) the extent to which any prejudice

19   could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief;

20   or (C) other measures; (3) whether a judgment rendered in the person's absence would be

21   adequate; and (4) whether the plaintiff would have an adequate remedy if the action were

22   dismissed for nonjoinder."  *Id.* (citing Fed. R. Civ. P. 19(b)).  None of these factors is dispositive,

23   but should "be determined in the context of particular litigation."  *Id.*; *Merrill Lynch, Pierce,*

24   *Fenner & Smith, Inc. v. ENC Corp.*, 464 F.3d 885, 891 (9th Cir. 2006), *rev'd on other grounds by*

25   *Republic of Philippines v. Pimentel*, 553 U.S. 851 (2008).

26   ///

27   ///

28   ///

3

1   **III.    ANALYSIS**

2          Defendant moves for judgment on the pleadings based on Plaintiff's failure to join Boeing

3   as a necessary party[2] under Rule 19.  (ECF No. 143-1 at 6, 16.)  Defendant argues Boeing "is

4   required under Rule 19(a) because it claims ownership interest in copyrights that lie at the heart

5   of [Plaintiff's] claims," but it is infeasible to join Boeing because Plaintiff and Boeing have

6   agreed that any dispute over ownership of intellectual property ("IP") must be resolved by

7   arbitration and "such an arbitration is ongoing."  (*Id.* at 16.)  Defendant notes Plaintiff's claim to

8   ownership of IP "cannot be resolved in Boeing's absence," and thus dismissal of Plaintiff's case

9   avoids prejudice to both Plaintiff and Boeing.  (*Id.*)  Defendant asserts, in the alternative, that "[a]

10  brief stay pending the outcome of the arbitration . . . will not harm [Plaintiff's] position here."

11  (*Id.*)

12         Plaintiff argues in opposition that Boeing is not a necessary party under Rule 19(a)

13  because Plaintiff "unquestionably maintains all copyrights in materials relating to the MD

14  500 . . . including the design drawings at issue in this litigation," and "Boeing's rights, whether

15  owned or licensed, are strictly limited to the [Mission Enhanced Little Bird] for use in the military

16  market" as copyrights are divisible.  (ECF No. 147 at 14–15.)  Plaintiff also emphasizes

17  Defendant fails to argue "complete relief cannot be accorded among the existing parties without

18  Boeing."  (*Id.* at 20.)  Plaintiff argues that "[e]ven if Boeing has some interest in the copyrights at

19  issue, Boeing's rights would not be impaired by its absence" because Plaintiff's and Boeing's

20  interests are "perfectly aligned."  (*Id.*)  Plaintiff concedes joinder of Boeing is infeasible due to its

21  agreement with Boeing to arbitrate disputes, but asserts Boeing is not "indispensable" because

22  "[t]here would be no prejudice to either Defendant or Boeing if this action proceeds without

23  Boeing because Boeing has no interest in the copyrights at issue."  (*Id.* at 21–22.)  Plaintiff

24  maintains the Court should not stay the matter, as Plaintiff "would be prejudiced by any further

25  delay to these proceedings."  (*Id.* at 23.)

26  

27  _____
[2]      Both Defendant and Plaintiff use the term "required party" throughout their briefing,
which the Court construes as meaning "necessary party" under Rule 19, especially given that the
28  case law to which both parties cite references **necessary** parties.

4

The arbitration between Plaintiff and Boeing concluded approximately eight and a half months after Defendant filed the instant motion.  More specifically, the arbitral tribunal issued its Final Award in the Matter of Arbitration Between The Boeing Company and MD Helicopters, Inc. ("Arbitration Award") on January 31, 2020 (ECF No. 200-3), Boeing filed a Petition to Confirm the Arbitration Award in the District of Arizona (Case No. CV-20-00271-PHX-JAT) on February 5, 2020 (ECF No. 200-4), and the district court granted Boeing's petition on March 4, 2020 (ECF No. 200-5).  However, regardless of the results of said arbitration, Defendant fails to persuade the Court that Boeing is a necessary party under Rule 19.  If Boeing owns the IP at issue, then Plaintiff will be unable to prove copyright infringement at the time of a dispositive motion or at trial.  Alternatively, if Plaintiff owns the IP at issue — either outright or divided with Boeing[3] — Boeing's presence in this action is irrelevant.  In other words, "complete relief" can be granted in Boeing's absence, and Boeing's presence is not necessary "to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests."  *Disabled Rights Action Comm.*, 375 F.3d at 879–80.  Nothing precludes Boeing from bringing its own copyright infringement claim against Defendant to protect the IP it owns.  As the Court finds that Boeing is not a necessary party under Rule 19 to this litigation, it does not need to reach the question of whether Boeing is an indispensable party.

## IV.   CONCLUSION

For the reasons set forth above, the Court hereby DENIES Defendant's Motion for Judgment on the Pleadings, or, in the Alternative, a Stay of all Proceedings.  (ECF No. 143).

IT IS SO ORDERED.

DATED:  February 28, 2021

Troy L. Nunley
United States District Judge

---

[3]     Plaintiff asserts the IP for the MELB has been divided such that Boeing owns the IP for military use and Plaintiff owns the IP for commercial or non-military use.  (*See* ECF No. 147 at 5–6.)