1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MD HELICOPTERS, INC., | No. 2:16-cv-02249-TLN-AC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO BIFURCATE DISCOVERY** |
| AEROMETALS, INC., | |
| Defendant. | |

This matter is before the Court on Defendant Aerometals, Inc.'s ("Defendant") Motion to Bifurcate Discovery.  (ECF No. 137).  Plaintiff MD Helicopters, Inc. ("Plaintiff") has filed an opposition (ECF No. 144), and Defendant has filed a reply (ECF No. 145).  For the reasons set forth herein, Defendant's Motion is GRANTED.  (ECF No. 137.)

///
///
///
///
///
///
///
///

1

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a helicopter manufacturer seeking damages and injunctive relief based on Defendant's alleged copyright infringement of certain helicopter parts.  One of Plaintiff's most successful product lines is a family of helicopters based on the single engine MD 500 model, which includes civilian and military helicopters.  (ECF No. 1 at ¶ 9.)  The civilian line is called the "MD 500 Series."  (*Id.* at ¶ 10.)  Plaintiff alleges Defendant used its Original Equipment Manufacturer ("OEM") drawings, in which it claims intellectual property rights, to compete in the civilian market for MD 500 Series spare and replacement parts.[1]  (*Id.* at ¶ 38.)

On April 1, 2019, Defendant filed the instant Motion to Bifurcate Discovery, seeking to bifurcate discovery into separate phases for liability and damages.  (*See* ECF Nos. 137, 137-1.)  Plaintiff filed an opposition on April 18, 2019 (ECF No. 144), and Defendant filed a reply on April 25, 2019 (ECF No. 145).

## II.   STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 42(b) provides a district court with discretion to bifurcate proceedings "[f]or convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b); *see also Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("Rule 42(b) . . . confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues.").  In ruling on a Rule 42(b) motion, the district court is to consider a number of factors, including "complexity of issues, factual proof, risk of jury confusion, difference between the separated issues, and the chance that separation will lead to economy in discovery."  *Moreno v. NBCUniversal Media, LLC*, No. CV 13-1038 BRO (VBKx), 2013 WL 12123988, at *2 (C.D. Cal. Sept. 30, 2013) (citing *Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 866 (C.D. Cal. 1994)).  "The Court should also consider whether bifurcation 'will best serve the

---

[1]   The Court need not recount all background facts of the instant case here, as they are set forth fully in the Court's November 30, 2018 Order denying Defendant's Motion to Dismiss and Special Motion to Strike.  (ECF No. 95.)

1   convenience of the parties and the court, avoid prejudice, and minimize expense and delay." *Id.*

2   (citing *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986)) (applying those

3   factors); *see also Reed v. AutoNation, Inc.*, No. CV 16-08916-BRO (AGRx), 2017 WL 6940519,

4   at *2 (C.D. Cal. Apr. 20, 2017) (same).

5       Courts have found bifurcation proper "when resolution of a single claim or issue could be

6   dispositive of the entire case." *Clark v. I.R.S.*, 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009) (citing

7   *Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005)).  Conversely, courts

8   have found bifurcation improper "where the issues are so intertwined that separating them would

9   'tend to create confusion and uncertainty.'" *Id.* (citing *Miller v. Fairchild Indus., Inc.*, 885 F.2d

10   498, 511 (9th Cir. 1989)).  The Ninth Circuit has clearly articulated that Rule 42(b) "gives courts

11   the authority to separate trials into liability and damage phases." *Estate of Diaz v. City of

12   Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2098 (2017) (citing *De Anda

13   v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993)).  "The party seeking bifurcation bears

14   the burden of establishing that bifurcation will promote judicial economy or avoid inconvenience

15   or prejudice to the parties." *Reed*, 2017 WL 6940519, at *2 (internal quotations omitted).

16       **III.   ANALYSIS**

17       Defendant seeks to bifurcate discovery into separate phases for liability and damages on

18   the bases that its defenses will eliminate or reduce the scope of discovery, liability discovery is

19   distinct and separate from damages discovery, it will face a substantial burden if damages

20   discovery proceeds, and Plaintiff will not be prejudiced by bifurcation.  (*See generally* ECF No.

21   137-1.)  In opposition, Plaintiff asserts bifurcation is disfavored (as it requires a showing of

22   particularized and specific harm), there are no exceptional circumstances to warrant bifurcation,

23   Defendant fails to show a clear possibility of prevailing on its defenses, and bifurcation would

24   prejudice Plaintiff.  (*See* ECF No. 144.)  The Court will consider the parties' arguments in its

25   evaluation of the factors of "convenience [to] the parties and the court," "avoid[ing] prejudice,"

26   and "minimiz[ing] expense and delay." *Moreno*, 2013 WL 12123988, at *2.

27   ///

28   ///

3

1              A.    Convenience

2                    i.     *Possible Reduction or Elimination of Damages Discovery*

3       Defendant argues its defenses are likely to reduce or eliminate the need for damages

4 discovery and cites a litany of case law for its proposition that "complex liability issues" in the

5 instant case "should be resolved before the parties are forced to engage in burdensome and costly

6 damages discovery that may be drastically curtailed or rendered unnecessary." (ECF No. 137-1

7 at 9–10.) Defendant maintains Plaintiff cannot prove infringement and evaluates the merits of its

8 own affirmative defenses. (*Id.* at 10–19.)

9       In response, Plaintiff contends there are no exceptional circumstances to warrant

10 bifurcation, as "[c]ourts routinely reject the argument that a future dispositive motion is sufficient

11 grounds to bifurcate damages discovery." (ECF No. 144 at 8.) Plaintiff asserts each case cited by

12 Defendant "can be distinguished on their facts because they involve exceptional circumstances

13 which are not at issue in this case." (*Id.* at 9.) Plaintiff proceeds to note Defendant "fails to show

14 a clear possibility of prevailing on its defenses" and also evaluates the merits of Defendant's

15 defenses. (*Id.* at 12–23.)

16       The Court notes at the outset that a considerable portion of both parties' briefings address

17 the merits of Defendant's defenses and whether or not they are likely to reduce or eliminate

18 damages discovery. (*See* ECF No. 137-1 at 10–19; *see also* ECF No. 144 at 12–23.) Such a

19 discussion is improper in a Rule 42(b) analysis to evaluate whether or not to grant a motion to

20 bifurcate discovery and therefore the Court declines to address the merits of those defenses at this

21 juncture. Indeed, none of the relevant case law relied upon by the parties engages in such a

22 discussion on the merits. *See, e.g., Moreno*, 2013 WL 12123988, at *1–3; *AVIA Group Intern.,*

23 *Inc. v. Nike, Inc.*, No. 91-326-JU, 1991 WL 340569 (D. Or. Nov. 21, 1991); *Giro Sport Design*

24 *Inc. v. Pro-Tec Inc.*, No. C-88-20228-RPA, 1989 WL 418774 (N.D. Cal. Mar. 16, 1989); *Brooks*

25 *v. Motsenbocker Advanced Developments, Inc.*, No. 07cv773 BTM (NLS), 2008 WL 698470

26 (S.D. Cal. Mar. 14, 2008); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Stumpf*, No.

27 C 11-2369 SI, 2012 WL 12920191 (N.D. Cal. May 17, 2012); *Copper Innovations Grp., LLC v.*

28 *Nintendo Co., Ltd.*, No. 07-1752, 2008 WL 11341318 (W.D. Pa. Sept. 12, 2008).

1    Regardless, Defendant is correct that courts grant motions to bifurcate "in copyright

2    infringement cases where the failure to prove liability would eliminate or reduce the need for

3    burdensome damages discovery" or in cases "involving questions of intellectual property liability,

4    where liability issues are complex and the failure to prove infringement would moot damages

5    discovery."[2]  (ECF No. 137-1 at 9); *see also Moreno*, 2013 WL 12123988, at *2 (finding

6    bifurcation of discovery into liability and damages phases "could save both Parties significant

7    time and money); *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc*., No. 02 C 2523,

8    2004 WL 609326, 2004 WL 609326, at *2 (N.D. Ill. Mar. 23, 2004) ("Separating the issues of

9    liability and damages for . . . discovery will avoid unnecessary time and expense and further the

10   interest of expedition by expediting the decision on liability."); *Advertise.com, Inc. v. AOL, LLC*,

11   No. CV 09-5983-VBF(CWx), 2011 WL 13186156, at *3 (C.D. Cal. Aug. 15, 2011) (concluding

12   that denial of the motion to bifurcate "will require both parties to incur substantial additional

13   expenses for discovery on issues that may be moot if [defendant's] marks are deemed invalid");

14   *AVIA Grp. Int'l, Inc.*, 1991 WL 340569, at *2 ("A separate trial on liability will likely result in

15   simplification of damage issues or the elimination of such an inquiry altogether."); *Giro Sport*

16   *Design, Inc.*, 1989 WL 418774, at *4 ("Bifurcation of liability and damages issues is warranted in

17   this case in light of the complex nature of [trademark infringement] . . . It will be difficult enough

18   to establish liability without the addition of information relating to damages issue, and the time

19   and money spent on assessing damages may not be necessary if no liability is found.").

20   Plaintiff attempts to distinguish the facts of these cases as each involving "exceptional

21   circumstances" not present in the instant case, in addition to citing additional case law for the

22   proposition that "[c]ourts routinely reject the argument that a future dispositive motion is

23   sufficient grounds to bifurcate damages discovery."  (S*ee* ECF No. 144 at 8–12.)  However,

24   Plaintiff's arguments are unpersuasive.  First, the cases Plaintiff cites in support of this

25   proposition are inapposite to the instant case.[3]  Second, the instant case regarding the alleged

---

26   [2]   Many of the cases evaluating Rule 42(b) motions to bifurcate often overlap the factors of

27   convenience, prejudice, and judicial economy (expense and delay).

28   [3]   In *Brooks v. Motsenbocker Advanced Dev., Inc.*, the magistrate judge denied defendants'

infringement of numerous copyrights involves complex liability issues.  As Defendant correctly notes, failure to prove liability may moot further complex damages discovery, which may involve a review of "all of [Defendant's] sales, financial, and accounting data for more than 200 parts dating back to the initial approval of those parts beginning in 1998."  (ECF No. 137-1 at 21.)  The Court is also persuaded that Plaintiff's damages theory "will require a complicated apportionment analysis to prove . . . what percentage of [Defendant's] profits (if any) are 'attributable' to the alleged infringement, as opposed to a myriad of other factors that could have influenced [Defendant's] profits over two decades."  (*See* ECF No. 145 at 5.)  Defendant further notes that it will not just be required to provide "an undifferentiated gross revenue number," but instead "formulate the initial evidence of gross revenue duly apportioned to relate to infringement."  (*Id.*)  Indeed, Plaintiff admits that "[t]he liability issues here are complex."  (ECF No. 144 at 6.)

Plaintiff further argues bifurcation is disfavored because it requires the movant to "meet a heavy burden of making a strong showing why discovery should be denied."  (ECF No. 144 at 7 (citing *White v. E-Lona, Inc.*, No. C 05-02080 SI, 2006 WL 2850041, at *2 (N.D. Cal. Oct. 5, 2006); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D Cal. 1990)).)  However, in support

---

request to bifurcate liability and damages discovery while the summary judgment motion was pending because it would have involved a consideration of the merits "of the not-fully briefed summary judgment motion" and the request was more appropriate for the district judge to consider.  2008 WL 698470, at *3.  In *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Stumpf*, the district court denied defendants' motion to bifurcate discovery with the initial phase limited to demand futility because there was "significant overlap between demand futility and breach of fiduciary duty issues" such that "phase two of discovery would undoubtedly involve duplicative discovery requests and depositions, resulting in inefficiencies and increased costs for all parties."  2012 WL 12920191, at *1.  In *Copper Innovations Grp., LLC v. Nintendo Co., Ltd.*, the magistrate judge found that defendant had not adequately borne its burden as the party seeking bifurcation, as it offered "only conclusory statements" that amounted "to nothing more than speculation," it failed to submit evidence "to show that the issues and/or discovery in this case are any more complex or complicated than in the typical patent case," and its concern about "the production of sensitive financial information and the risk of inadvertent disclosure" could be adequately assuaged through a protective order.  2008 WL 11341318, at *2–3.  Defendant filed a motion for a protective order in *Mlejnecky v. Olympus Imaging America, Inc.*, which is fundamentally a Rule 26 analysis and the order contained no discussion of Rule 42.  No. 2:10-cv-02630 JAM KJN, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011).  *Quair v. Bega* is similar to *Mlejnecky* — at issue was a motion for a protective order to stay and/or limit the scope of discovery and the order contained no discussion of Rule 42.  No. CV F 02 5891 REC DLB, 2005 WL 552537 (E.D. Cal. Mar. 7, 2005).

1    of this proposition, Plaintiff uses the incorrect standard.  This language is from the courts'

2    articulation of the legal standard for a Rule 26 motion to stay discovery — not the legal standard

3    for a Rule 42(b) motion to bifurcate.  *Id.*

4         Thus, the Court finds the complexity of liability issues here warrants bifurcation of

5    discovery into separate liability and damages phases, "thereby deferring costly and possibly

6    unnecessary proceedings pending resolution of potentially dispositive preliminary issues."  *See*

7    *Zivkovic*, 302 F.3d at 1088.

8                             *ii.        Distinct and Separable Issues*

9         Defendant argues liability discovery is distinct and separable from damages discovery.

10   (ECF No. 137-1 at 19.)  Specifically, Defendant contends Plaintiff's claims are analogous to

11   patent infringement claims, where severing the issue of liability from damages "permits the court

12   to focus on the technical issues of validity and infringement without the inevitable distraction" of

13   the damages inquiry.  (*Id.* at 19.)  Defendant notes it will focus on evidence such as ownership of

14   intellectual property, what Plaintiff's "executives and employees knew or should have known

15   over the last two decades regarding [Defendant's] possession and use of OEM materials,"

16   Defendant's "reference to OEM material in FAA applications," and "likely expert testimony

17   regarding those issues to establish that [Defendant's] use of OEM materials is consistent with

18   industry practice and FAA expectations."  (*Id.* at 20.)  This discovery is not relevant to the

19   damages discovery Plaintiff seeks and bifurcation is thus "the most effective means to 'expedite

20   and economize' this case and to limit the burden and expense to the parties and the Court."  (*Id.*)

21   Plaintiff does not address this issue in its opposition.  (*See* ECF No. 144.)

22        Furthermore, the Court agrees with the arguments set forth by Defendant.  The liability

23   inquiry will turn on a discrete issue — whether the copyrights owned by Plaintiff have been

24   infringed by Defendant.  This will first involve an evaluation of the validity of the copyrights

25   owned by Plaintiff and then the specifics of Defendant's allegedly infringing activities.  By

26   contrast, as Defendant correctly notes, the damages inquiry is substantially different and will

27   require "produc[ing] sensitive and proprietary sales data going back two decades" and

28   "engag[ing] specialized accounting experts to comb through and analyze the voluminous amounts

                                             7

of sales data and financial information that has been generated over the years." (ECF No. 137-1 at 19.) The parties will then be required to ascertain the amount of damages to which Plaintiff is entitled, if any at all. It is also not uncommon "for courts to bifurcate issues of liability and damages before substantial discovery has occurred and there is time to stay discovery of damages." *See AVIA Group Int'l, Inc.*, 1991 WL 340569, at *3. The Court thus finds the liability inquiry and damages inquiry are sufficiently distinct so as to be adequately handled in different phases of litigation and are not "so intertwined that separating them would 'tend to create confusion and uncertainty.'" *See Clark*, 772 F. Supp. 2d at 1269.

Accordingly, the Court finds the convenience factor weighs in favor of bifurcation.

### B.    Prejudice

Defendant argues it "will face a significant burden if damages discovery proceeds at this early stage," as Plaintiff "has requested all of [Defendant's] sales, financial, and accounting data for more than 200 parts dating back to the initial approval of those parts beginning in 1998." (ECF No. 137-1 at 21.) Defendant maintains not only that compilation, review, and production of these records "will take a significant amount of time" and require expert analysis, but also that Plaintiff is seeking "some more recent material that is extremely confidential and proprietary." (*Id.*) Defendant notes Plaintiff is not harmed by bifurcation, as it will "address liability issues up front so that the scope of damages discovery may be narrowed and focused on the 'surviving claims,' if any." (*Id.*; ECF No. 145 at 10.)

In opposition, Plaintiff asserts Defendant "fails to isolate a true threshold issue or establish that it will prevail on any of its defenses" and bifurcation "would only complicate the proceedings and cause needless delay to [Plaintiff's] prejudice." (ECF No. 144 at 24.) Plaintiff contends bifurcation would prevent it "from fully assessing the case, pursuing settlement, and developing priorities for its litigation strategy," as it "would indefinitely hinder [Plaintiff's] ability to gather essential evidence and adequately prosecute its case." (*Id.*)

Here, Defendant has the better argument. The Court notes that "although a normal [lawsuit] seldom requires bifurcation, 'the issues of validity, title, infringement, and damages in patent and copyright cases may be separately tried, unless this course will inconvenience the court

1    or seriously prejudice the rights of some of the parties." *AVIA Group Int'l Inc.*, 1991 WL

2    340569, at *2 (quoting *Swofford v. B & W, Inc.*, 34 F.R.D. 15 (S.D. Tex. 1963), *aff'd*, 336 F.2d

3    406, 415 (5th Cir. 1964)).  Plaintiff assumes bifurcation will prevent discovery of the "essential

4    evidence" it seeks to "adequately prosecute its case," but courts have found that bifurcation may

5    or may not prevent discovery of this evidence. *See Giro Sport Design Inc.*, 1989 WL 418774, at

6    *3.  If this "essential evidence" is "relevant to establish [D]efendant's liability, then [P]laintiff

7    will be allowed discovery of it during the liability portion of the litigation." *Id.*  Further, the

8    Court is persuaded by Defendant's argument regarding the burden of complying with Plaintiff's

9    request for the "sales, financial, and accounting data for more than 200 parts" going back to 1998.

10   In short, production and review of this information would create a significant expense up front for

11   both parties, which can be completed later at the damages phase, if necessary.  Plaintiff further

12   argues Defendant must "isolate a true threshold issue or establish that it will prevail on any of its

13   defenses" for the Court to grant bifurcation.  However, Plaintiff fails to cite any supporting case

14   law for this contention.  Finally, Plaintiff fails to demonstrate damages discovery is necessary to

15   prove liability.

16           Accordingly, the Court finds the prejudice factor weighs in favor of bifurcation.

17                   C.      Expense and Delay

18           Within the prejudice section of its motion, Defendant contends "[b]ifurcation will

19   streamline the case and provide for a faster and less costly resolution of the many complex

20   liability issues at stake." (ECF No. 137-1 at 21.)  Plaintiff does not address the judicial efficiency

21   argument in its opposition, thereby conceding this point.  (*See* ECF No. 144.)  The Court finds

22   that "[b]ifurcation may allow for a more expeditious final resolution," as a determination in the

23   liability phase that Plaintiff's copyrights are invalid or that Defendant did not infringe upon

24   Plaintiff's copyrights may prevent both parties from "incur[ring] substantial additional expenses

25   for discovery on issues that may be moot" and eliminate "the need for further proceedings to

26   determine . . . damages, thereby additionally promoting the interests of judicial economy." *See*

27   *Advertise.com, Inc.*, 2011 WL 13186156, at *3; *see also Ocean Atl. Woodland Corp.*, 2004 WL

28   609326, at *2.  The Court also notes that a finding of liability may also encourage settlement,

                                                       9

thereby eliminating the need for a second trial on damages. *AVIA Group Int'l Inc.*, 1991 WL 340569, at *2. Accordingly, the Court finds the expense and delay factor weighs in favor of bifurcation.

Based on the foregoing, the Court finds it an appropriate exercise of its discretion to bifurcate the discovery into separate phases for liability and damages as it will be "conducive to expedition and economy." Fed. R. Civ. P. 42(b).

IV. **CONCLUSION**

Based on the foregoing, the Court GRANTS Defendant's Motion to Bifurcate Discovery. (ECF No. 137.) There is no Scheduling Order for the instant matter yet and the only schedule on the docket is the Joint Status Report filed December 2, 2016. (*See* ECF Nos. 22, 22-1.) It appears that all the dates contained therein have lapsed. (*See id.*) Accordingly, discovery that does not focus on the question of liability will be stayed. The parties are directed to file a Joint Status Report within thirty (30) days of this Order. The Court will issue a Scheduling Order shortly thereafter with new pretrial discovery deadlines.

After the new deadlines are set, should Defendant require an extension for the stay while it finalizes a dispositive motion, it may file such an application. If the deadline expires without extension, discovery will proceed with respect to damages.

IT IS SO ORDERED.

DATED: March 25, 2021

Troy L. Nunley
United States District Judge

10