# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MD HELICOPTERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AEROMETALS, INC. and REX KAMPHEFNER, <br><br> Defendants. | Case No. 2:16-cv-02249-TLN-AC <br><br> **ORDER REGARDING TRANSITION PROTOCOL FOR PLAINTIFF MD HELICOPTERS, INC.'S NEW COUNSEL** |

The Court has reviewed Plaintiff MD Helicopters, Inc.'s ("MDHI") and Defendants Aerometals, Inc. ("Aerometals") and Rex Kamphefner's Joint Stipulation Regarding Transition Protocol for MD Helicopter, Inc.'s New Counsel. IT IS HEREBY ORDERED that the following protocols will be put in place to govern the transfer of case materials from Gibson, Dunn & Crutcher LLP to MDHI's new counsel at Simpson Thacher & Bartlett LLP, and that following these protocols will avoid imputing any potential conflict from Gibson Dunn to Simpson Thacher:

**Gibson Dunn will transfer to Simpson Thacher:**

1. The file of documents received from MD Helicopters, Inc.'s previous counsel, LeClairRyan, in the same form that Gibson Dunn received it;

2. Material from publicly available dockets, including the Boeing arbitration and the court filings related to the Aday subpoena in the District of Nevada; and

ORDER REGARDING TRANSITION PROTOCOL FOR PLAINTIFF MD HELICOPTERS, INC.'S NEW COUNSEL
CASE NO. 2:16-CV-02249-TLN-AC
1

3. Gibson Dunn's correspondence, work product, and discovery materials since Gibson Dunn joined the case, with the exception of the materials noted below.

**Gibson Dunn will withhold from Simpson Thacher:**

1. All material relating to the disqualification motion, including any material about the matters giving rise to the alleged conflict;

2. Any letters or correspondence that discuss or mention the matters giving rise to the alleged conflict;

3. Any portion of Gibson Dunn's work product that mentions the matters from which the alleged conflict arose (Gibson Dunn will review their work product file and remove any mention of those matters before sending to Simpson Thacher);

4. Gibson Dunn will take positive measures to assure that Gibson Dunn makes no transfer and provides no access whatsoever to Simpson Thacher of any materials archived by Gibson Dunn, including emails, work product, or other documentation, which arose during or relates to its prior representation of Aerometals from 2002–2005, or any information about such archived materials; and

5. Both Gibson Dunn and Simpson Thacher will take positive measures to assure that no present attorney of Gibson Dunn will discuss with any attorney of Simpson Thacher any details of Gibson Dunn's prior representation of Aerometals from 2002–2005.

IT IS SO ORDERED.

Dated: May 17, 2021

Troy L. Nunley
United States District Judge